# United States District Court
## For The Middle District of Florida
## Tampa Division

| | |
|---|---|
| Blake Warner, J.W.<br><br>v.<br><br>The School Board of<br>Hillsborough County Florida | Case Number |

# Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction

(i)

# Table of Contents

I   Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

II   Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

III   Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

IV   Standard For Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

V   Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

1.   PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS . . . . . . . .   2

2.   PLAINTIFF WILL SUFFER IRREPARABLE HARM IF A PRELIMINARY INJUNCTION IS NOT GRANTED . . . . . . . . . . . . . . . . . . . . .   2

3.   THE BALANCE OF EQUITIES TIPS STRONGLY IN FAVOR OF GRANTING PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION.   3

4.   THE PUBLIC INTEREST FAVORS GRANTING A PRELIMINARY INJUNCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

VI   Rule 65(C) Bond Requirement Should be Waived . . . . . . . . . . . . . . .   5

VII   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

# I  Table of Authorities

Cases                                                                                                     Page

*Amoco Prod. Co. v. Gambell, Alaska*, 480 U.S. 531 (1987) . . . . . . . . . . . . . .   4

*Capital Tool and Mfg. Co. v. Maschinenfabrik Herkules*,
  837 F.2d 171 (4th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . .   4

*Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*,
  320 F.3d 1205 (11 Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . .   1

*Gresham v. Windrush Partners, Ltd., 730 F.2d 1417*,
  1423 (11th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 3, 4

*Haitian Refugee Ctr., Inc. v. Baker, 949 F.2d 1109*,
  1110 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

*Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411*,
  421 n.3 (4th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

*Pashby v. Delia, 709 F.3d 307*,  332 (4th Cir.2013) . . . . . . . . . . . . . . . . .   5

*Rogers v. Windmill Pointe Village Club Ass'n, Inc.*,
  967 F.2d 525 (11th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . .   2

*Siegel v. LePore, 234 F.3d 1163*,  1176 (11th Cir. 2000) . . . . . . . . . . . . . . . .   1

*Sofarelli v. Pinellas County, 931 F.2d 718*,  724 (11th Cir. 1991) . . . . . . . . . . .   1

*Winter v. Nat. Res. Def. Council, Inc*, 555 U.S. 7 (2008) . . . . . . . . . . . . .   3

Constitutional Provisions, Statutes and Rules

  Federal Rules of Civil Procedure

    Rule 65  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1, 5

Other Authorities

## II  Introduction

Plaintiffs move for a Preliminary Injunction against Defendant The School Board of Hillsborough County Florida ("HCSB") pursuant to F.R.C.P. Rule 65 (a). Plaintiffs submit this memorandum of law in support of his motion for preliminary injunction.

Plaintiffs are requesting a preliminary injunction to prevent Defendant HCSB from promulgating a new school assignment boundary map, until a ruling on the merits.

## III  Facts

1. Defendant HCSB is not assigning students to their closest schools, resulting in racial segregation in violation of 20 U.S. Code § 1706 ("Equal Educational Opportunities Act"), The Fair Housing Act, and the equal protections clause.

2. In many cases, they are refusing to assign white students to a minority schools, who live across the street from those schools because they are refusing to desegregate.

## IV  Standard For Review

A party requesting preliminary injunctive relief must show:

1. A substantial likelihood of success on the merits;

2. A substantial threat of irreparable injury;

3. It's own injury outweighs the injury to the nonmovant;

4. The injunction would not disserve the public interest;

*Haitian Refugee Ctr., Inc. v. Baker, 949 F.2d 1109*, 1110 (11th Cir. 1991); *Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205 (11 Cir. 2003), *Siegel v. LePore, 234 F.3d 1163*, 1176 (11th Cir. 2000).

Plaintiff must clearly carry the burden of persuasion on all four elements to prevail on the Motion for Preliminary Injunction. *Sofarelli v. Pinellas County, 931 F.2d 718*, 724 (11th Cir. 1991)

1

# V  Argument

## 1.  PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

Plaintiff seeks a preliminary injunction based on all of the Counts in the Verified Complaint

Plaintiff is likely to succeed on the merits because the evidence is overwhelming. A picture is worth a thousand words, and the images attached and embedded in the Verified Complaint speak volumes. It is impossible for the HCSB to argue that assigning those students to farther schools did not result in more segregation in violation of the EEOA. The test is simple and the results are apparent.

## 2.  PLAINTIFF WILL SUFFER IRREPARABLE HARM IF A PRELIMINARY INJUNCTION IS NOT GRANTED

If a preliminary injunction is not granted, nearly all school children in Hillsborough County–including Plaintiff J.W.–stands to suffer grievous, irreparable harm through the loss of community relationships built at schools that they would then be reassigned away from, and by continuing to live with the constant threat of imminent displacement from their schools. The uncertainty has already instilled a tremendous amount of fear and uncertainty in the community. These students cannot remain in limbo while the court resolves this matter.

Monetary relief is neither sought in this action, nor could it correct the harm inflicted if this court does not grant the injunction.

Other courts have repeatedly held that discrimination in housing constitutes irreparable harm[1]

In *Rogers v. Windmill Pointe Village Club Ass'n, Inc.*, 967 F.2d 525 (11th Cir. 1992), the Eleventh Circuit held that, "irreparable injury may be presumed from the fact of discrimination and violations of fair housing statutes" (citing *Id*). "[W]hen

---

[1] *see Gresham v. Windrush Partners, Ltd., 730 F.2d 1417*, 1423 (11th Cir. 1984) "[P]roof of the existence of discriminatory housing practices is sufficient to permit a court to presume irreparable injury."

a plaintiff who has standing to bring suit shows a substantial likelihood that a defendant has violated specific fair housing statutes and regulations, that alone, if unrebutted, is sufficient to support an injunction remedying those violations." (*Gresham v. Windrush Partners, Ltd.*, at at 1423-1424).

Harm from loss of community is particularly acute where the victims of the discrimination include children. The negative effects of instability on children are compelling and well-studied. *see* Heather Sandstrom, Sandra Huerta, The Negative Effects Of Instability On Child Development: A Research Synthesis, The Urban Institute, Low Income Working Families Discussion Paper 3 (Sept. 2013)[2]

Plaintiff cannot be made whole with monetary damages alone if no injunctive relief is granted and they are left to suffer from constant anxiety that disproportionally affects minority families.

## 3. THE BALANCE OF EQUITIES TIPS STRONGLY IN FAVOR OF GRANTING PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION.

In deciding whether to enjoin the Defendants, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief". *see Winter v. Nat. Res. Def. Council, Inc*, 555 U.S. 7, at 376 (2008). J.W.(and most public school students in Hillsborough County) stand to lose equal educational opportunities and displacement if the HCSB is not enjoined.

Under existing Fourth Circuit precedent, "the purpose of a preliminary, as opposed to a final, injunction 'is merely to preserve the relative positions of the parties until a trial on the merits can be held," and because the court does not have sufficient information at the preliminary injunction stage to conduct a trial

---

[2]https://www.urban.org/sites/default/files/publication/32706/412899-The-Negative-Effects-of-Instability-on-Child-Development-A-Research-Synthesis.PDF

3

on the merits, it "must balance the hardship the parties will suffer pending trial.". *see Capital Tool and Mfg. Co. v. Maschinenfabrik Herkules*, 837 F.2d 171 (4th Cir. 1988).

While examining the balance of equities, the court should consider whether the "injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration.". *see Amoco Prod. Co. v. Gambell, Alaska*, 480 U.S. 531, at 545 (1987).

If Defendant HCSB is allowed to redraw their maps in an unlawful way, it will be impossible to undo all of the harm that a second major redistricting would inflict upon most of the school children in Hillsborough County.

Conversely, Defendant HCSB is not likely to suffer harm if they are enjoined from immediately promulgating new maps. These current maps have existed how they are currently, more-or-less, for decades.

By enjoining the Defendant HCSB, the Court will maintain the status quo while it determines Plaintiffs' rights on the merits. Taken as a whole, the equities clearly weigh in Plaintiffs' favor.

## 4. THE PUBLIC INTEREST FAVORS GRANTING A PRELIMINARY INJUNCTION

In the Eleventh Circuit Court of Appeals, when there is a likelihood of success on a Fair Housing claim, irreparable injury, damage and vindication of the public interest must be presumed.

"[W]hen a plaintiff who has standing to bring suit shows a substantial likelihood that a defendant has violated specific fair housing statutes and regulations, that alone, if unrebutted, is sufficient to support an injunction remedying those violations." (*Gresham v. Windrush Partners, Ltd.*, at at 1423-1424).

Preventing housing discrimination based on protected classes is always in the public's interest. Especially, when it affects multiple families with children in

the same community as it does in the present case. Allowing Defendants to successfully evict Plaintiff for exercising his rights under federal, state, and local law would have a chilling affect on other families reporting discrimination.

The issues at hand also affect nearly every child attending public school in Hillsborough County. It is in the public interest to avoiding harming these most vulnerable members of society.

## VI   Rule 65(c) Bond Requirement Should be Waived

Having established that Plaintiff is entitled to a preliminary injunction, the only question that remains is whether Plaintiff must provide security under Federal Rule of Civil Procedure 65(c). A "court may issue a preliminary injunction … only if the movant gives security." F.R.C.P. Rule 65 (c). However, the purpose of the security requirement "is to provide a mechanism for reimbursing an enjoined party for harm it suffers as a result of an improvidently issued injunction," *Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411*, 421 n.3 (4th Cir. 1999), and a court has discretion to set the bond amount or, alternatively, to waive the bond requirement. *Pashby v. Delia, 709 F.3d 307*, 332 (4th Cir.2013). A waiver of the bond requirement is justified when the court finds that the likelihood of harm to the enjoined party is remote. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 421 at at 421 n.3.

Not only is Plaintiff likely to prevail on the merits, but when balancing the equities, it is clear that the risk of harm to Defendant, by enjoining them temporarily promulgating new school boundary maps, is remote. The purpose of the lawsuit is to preserve Plaintiffs' civil rights and right to an equal education. To this end, Plaintiffs' motion for a preliminary injunction seeks to stop Defendants from discriminating against them based on race.

## VII   Conclusion

Plaintiffs demonstrate a substantial likelihood of success on the merits of their claims, and they will suffer irreparable harm if the school board immediately promulagtes new school boundary maps. The balance of equities weighs heavily in favor of issuing a preliminary injunction. Furthermore the public interest will be served by issuing the preliminary injunction.

Plaintiff is, therefore, entitled to, and the ends of justice will be served by, a preliminary injunction in this case. Plaintiff therefore request that the Court enter a preliminary injunction enjoining Defendant HCSB from promulgating any new school assignment boundary maps pending further order of the Court.

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been served to Defendants via process server with the Verified Complaint.

## UNSWORN DECLARATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on:

1-26-2023

Date

Signature

Blake Warner, *pro se*

2211 S Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM