## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BLAKE WARNER and J.W.,

     Plaintiffs,

v.                               Case No. 8:23-cv-00181-SDM-JSS

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY
FLORIDA,

     Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION FOR AN EXTENSION

Defendant, The School Board of Hillsborough County, Florida (the "School Board") submits this request for a three-day extension to respond to Plaintiffs' motion for a preliminary injunction ("Injunction Motion") through and including Monday, February 6, 2023.

## I.    BACKGROUND

1.    The Florida Constitution vests within the School Board the exclusive authority to manage the free public schools within its district, subject to infringement only as expressly contemplated by the Florida Constitution itself and any governing federal laws. *See* FLA. CONST. art. IX,

1

68496362;2

§ 4; *Kunz v. Sch. Bd. of Palm Beach Cnty.*, 237 So. 3d 1026, 1028 (Fla. 4th DCA 2018).

2.      The proposal at issue in the Injunction Motion is a potential boundary change to the Hillsborough County School District. The process surrounding these proposals has been underway for some time now, and has involved numerous public meetings, along with reviews by consultants and input from many interested members of the public.

3.      The current deadline for the School Board's response is February 2, 2023. Dkt. 6.

4.      Given the potential complexity of the matters at issue and number of interested parties (though the School Board believes much of it can be simplified for these preliminary stages, given the relatively narrower scope of the Injunction Motion compared to the overall complaint), granting this motion would permit the issues to be more fully fleshed out.

5.      Additionally, lead counsel for the School Board has a prescheduled jury trial (with jury selection taking place on February 2, 2023, with the trial set to take place February 6–10, 2023) overlapping with the deadline in this matter. Permitting this extension will grant through this weekend to more fully address the matters in Plaintiffs' Injunction Motion.

68496362;2

6.      Counsel for the School Board and Plaintiffs conferred regarding the relief sought in this motion, and Plaintiffs are unopposed to the brief extension sought.

## II.     STANDARD FOR DETERMINATION

Courts have discretion to extend deadlines pursuant to Federal Rule of Civil Procedure 6(b). *See, e.g.*, *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568 (11th Cir. 1987).

## III.    MEMORANDUM OF LAW

When a party requests an extension of a deadline before the deadline passes, the Court may extend it "for good cause." Fed. R. Civ. P. 6(b)(1)(A). "To establish good cause, the party seeking the extension must establish that the [deadline cannot] be met despite the party's diligence." *E.g.*, *Ashmore v. Sec'y, Dept. of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013) (citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)).

In this case, the Injunction Motion requests that the Court prevent the School Board from acting on proposed school boundary changes while this lawsuit is pending. The School Board is planning a response to the Injunction Motion, and has been attempting as best possible to comply with the original deadline. Nevertheless, given the issues with lead counsel's jury trial, combined with the potential complexities of this matter, presentation of a complete response is unobtainable with the current deadline, and the

3

requested extension will permit a more thorough response to the Injunction Motion. Additionally, given that Plaintiffs are unopposed to the brief extension sought in this motion, there will be no prejudice to either party with the extension, and the Court will be better able to consider the merits. As a result, the School Board requests the three-day extension (through and including Monday, February 6, 2023).

## IV.   GOOD FAITH CONFERRAL CERTIFICATION

Pursuant to Local Rule 3.01(g), counsel for the School Board conferred with Plaintiffs regarding this motion, and Plaintiffs are not opposed to the relief sought.

Respectfully submitted,

/s/ *Jason L. Margolin*

**Jason L. Margolin, Esq.**
Florida Bar No. 69881
jason.margolin@akerman.com
judy.mcarthur@akerman.com
Lead Counsel
**Gregg M. Moran, Esq.**
Florida Bar No. 1011060
gregg.moran@akerman.com
ava.hill@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
(813) 223-7333 / Fax: (813) 223-2837
*Counsel for Defendant*

4

68496362;2

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of February 2023, I filed the foregoing using the Court's e-portal and served an additional copy on Blake Warner at blake@null3d.com.

/s/ *Jason L. Margolin*
Counsel for Defendant

68496362;2