## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BLAKE WARNER and J.W.,

     Plaintiffs,

v.                           Case No. 8:23-cv-00181-SDM-JSS

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY
FLORIDA,

     Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant, The School Board of Hillsborough County, Florida (the "School Board") moves to dismiss Plaintiffs' complaint for a lack of subject matter jurisdiction.

This matter involves a plan to change school boundaries that the School Board is undertaking in an effort to ensure the existing facilities are used to their proper capacity, and to allow for savings the schools can reinvest to further their goals of providing quality educations. Plaintiffs assert that the *current* boundaries (that the School Board is changing) are discriminatory, which the School Board denies. *See* Exhibit A (admitting the Plaintiffs do not have any challenge to the proposed boundaries). Thus, Plaintiffs' own filings

1

demonstrate that a ripe controversy does not exist, or alternatively, that this matter will become moot shortly regardless. Under either alternative, this matter should not proceed. If, however, this matter does proceed, the School Board requests a more definite statement from the complaint pursuant to Rule 12(e).

## I.      STANDARD FOR DETERMINATION

Although the normal rule for motions to dismiss under Rule 12 is to limit review to the complaint itself, issues involving subject matter jurisdiction are different. When assessing a motion to dismiss for lack of subject matter jurisdiction, courts can consider both the text of the complaint and extrinsic evidence "without presuming the truthfulness of the plaintiff's allegations." *Disability Rights Fla., Inc. v. Jacobs*, 476 F. Supp. 3d 1238, 1241–42 (M.D. Fla. 2019) (quoting *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008)). Federal courts must always examine whether they have subject matter jurisdiction to hear a case, regardless of whether the parties raise the issue. Fed. R. Civ. P. 12(h)(3); *Reahard v. Lee Cty.*, 978 F.2d 1212, 1213 (11th Cir. 1992) (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985)).

Trial courts have discretion to require a more definite statement from a complaint, whether in response to a motion or on their own initiative. *See, e.g.*, *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 907 n.13 (11th Cir.

68480965;5

1996) ("The court clearly had the discretion to strike, on its own initiative, the [plaintiff's] complaint, and to require the [plaintiff] to file a more definite statement."); *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959) ("The motion for a more definite statement . . . involves, within the applicable standards of that rule, the exercise of sound and considered discretion . . . .").[1]

## II.   MEMORANDUM OF LAW

### A.   The lack of ripeness in this matter, combined with the pending mootness of the complaint's subject matter, warrant dismissal.

Although the School Board disagrees with the substantive allegations of Plaintiffs' complaint, the primary focus of this motion is the lack of ripeness and an imminent mootness to this purported controversy. "[R]ipeness is a question of subject matter jurisdiction." *Reahard v. Lee Cty.*, 978 F.2d 1212, 1213 (11th Cir. 1992) (citing *Greenbriar Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.7 (11th Cir. 1989)). Courts strictly apply the ripeness doctrine, as it prevents them "from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes." *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1335, 1339

---

[1]   The Eleventh Circuit has adopted all pre-1981 decisions of the former Fifth Circuit as binding. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

(11th Cir. 2005) (citing *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997)).

To apply ripeness review, courts consider both constitutional and prudential concerns. *Id.* This analysis consists of determining the fitness of the issues for judicial review and the purported hardship to the parties of withholding court consideration. *Id.* The Supreme Court has offered guidance regarding the factors courts should consider: (1) whether delayed review would cause hardship to the plaintiffs, (2) whether judicial intervention would inappropriately interfere with further administrative action, and (3) whether the courts would benefit from further factual development of the issues. *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998).

Although this case does not directly implicate the Administrative Procedure Act, cases involving ripeness in that area are helpful, as the School Board itself is a Florida Constitutional agency (under Article IX, § 4 of the Florida Constitution) and the questions here are analogous to those matters implicating the Administrative Procedure Act. For example, the Eleventh Circuit in *Mississippi Chemical Corp. v. E.E.O.C.* dismissed a case on ripeness grounds after finding no final agency action had occurred. 786 F.2d 1013 (11th Cir. 1986). The plaintiff in that case was an employer that faced an Equal Employment Opportunity Commission investigation regarding a charge of discriminatory employment practices. *Id.* at 1014. The employer

4

sued for injunctive relief, attempting to block the investigation. *Id.* at 1015. The court, however, noted that if a "final agency action" has not yet occurred, then there is no ripeness and, accordingly, no subject matter jurisdiction. *Id.* at 1016. Given that the investigation in that matter had not yet resulted in any determination, the court held that the matter was not yet ripe for review, and affirmed the trial court's dismissal of the case. *Id.* at 1016, 1019.

This matter is analogous—the Plaintiffs' attack on the current boundaries disregards that the School Board is actively in the process of changing those same boundary lines, and Plaintiffs admit directly they do not challenge the proposed changes. Exhibit A. The School Board has *not* issued any final determinations, and is in fact actively inviting public comment to the school boundaries as part of the normal political process. Plaintiffs' filings admit their attempt to block proposed changes to school boundaries. *E.g.*, Dkt. 2–3. In fact, Plaintiffs' related motion for a preliminary injunction ("Injunction Motion"), Dkt. 2–3, seeks to lock the School Board into maintaining the very boundaries Plaintiffs suggest are discriminatory while simultaneously asking the Court to shut down the ongoing public debate regarding the proposals. *Compare* Dkt. 1 (asking the Court to change the school boundaries), *with* Dkt. 2–3 (asking the Court to not permit organic changes to the school boundaries).

The e-mail from Plaintiffs' own filings shows there are no fewer than seven scheduled opportunities for public comment at open meetings on February 20–23 (five meetings), February 28, and March 9. Dkt. 9. There is no justification for shutting down public comment or seeking Court intervention in this ongoing process. This litigation effectively presents a situation where a party does not like a current situation, understands the current situation is in the process of changing, but asks the Court to lock down the current situation (that the party does not like) to artificially create a controversy.

To that end, delayed review to allow this matter to ripen would not cause any hardship to Plaintiffs; it would simply require Plaintiffs to actually engage in the public comment process. Likewise, judicial action here would inappropriately interfere with the very administrative action that entities like the School Board perform by essentially handcuffing them through a potentially lengthy case. Lastly, the fact there are outstanding proposals means there is further fact development that must occur before the Court can even consider Plaintiffs' claims (not to mention any supposed evidence at this time ranges from inadmissible to nonexistent, as discussed further in the School Board's response to the Injunction Motion).[2] In short, none of the

---

[2] The fact that Plaintiffs tried filing a correction to the Injunction Motion based on new facts itself tends to show this matter is hardly settled and ready for review. *See* Dkt. 9.

68480965;5

factors identified in cases like *Ohio Forestry* support allowing this case to proceed at this early stage, and dismissal is appropriate.

And that brings this analysis to the mootness doctrine. If a case becomes moot because the issues are no longer "live," then the courts lack jurisdiction to hear the case. *E.g.*, *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). Plaintiffs' e-mail in this case is clear: They do *not* challenge the proposed changes to the boundary lines (though their Injunction Motion attempts to block them despite the lack of any actual or intended challenge in the complaint). Exhibit A. The lack of contest to the proposed boundaries is fatal to the Plaintiffs' claims—the actual boundaries about which they complain are likely to be changed soon short of a preliminary injunction that forces the School Board to maintain a status quo that the Plaintiffs actively state they do not like. In other words, this matter is not ripe given the pending changes, those pending changes will moot any dispute over the current boundaries, and an effort to force a party to continue a purportedly wrongful activity in order to create Article III jurisdiction is unpersuasive. The School Board requests dismissal.

**B.    If this matter proceeds, the School Board requests a more definite statement to which it can respond.**

If a complaint is "so vague or ambiguous that the [defendant] cannot reasonably prepare a response," the defendant may request a more definite

statement under Federal Rule of Civil Procedure 12(e). In general, a complaint must include "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Likewise, parties must state their claims in numbered paragraphs "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." *Id.* The Eleventh Circuit has noted that a motion for a more definite statement can be appropriate in circumstances where a complaint fails to "precisely parcel out and identify the facts relevant to each claim materially," resulting in an increase to "the burden of understanding the factual allegations underlying each count." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 n.10, 1324 (11th Cir. 2015).

The Eleventh Circuit has identified multiple types of complaints that are inherently deficient, including those that incorporate all factual statements into the individual counts such that they effectively turn into "a combination of the entire complaint." *Id.* at 1321.[3]  Similarly, complaints are deficient where they are "replate with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.

---

[3]  This problem usually happens in the context of later counts incorporating the factual allegations in earlier counts. But as discussed below, this particular lawsuit presents the same effect, as none of the counts contain individual factual allegations, but rather are all simply restatements of the entire complaint.

Here, the complaint purports to assert five counts, which are only discernable through the headings (rather than paragraphs) of those counts: (1) "deliberate segregation" under 20 U.S.C. § 1703, (2) "closest school" under 20 U.S.C. § 1703, (3) a § 1983 claim, (4) "intentional discrimination" under 42 U.S.C. § 3604, and (5) "disparate impact" under 42 U.S.C. § 3604. None of those counts include any separate *factual* allegations; at most, they include conclusory statements that the School Board supposedly violated the acts cited in the headings. Dkt. 1 ¶¶ 91–98. And each of them purports to incorporate the entirety of the complaint, short of those conclusory sentences in the counts themselves. *Id.* Additionally, the counts do not separately describe the relief sought under each potential claim, but rather lump the entirety of the requested relief together in a separate section at the end of the complaint.

Most—if not all—of these claims are subject to a Rule 12(b)(6) motion for failures to state claims. But by incorporating all factual allegations into all separate counts, it is impossible to determine how exactly Plaintiffs are focusing each count. For example, the complaint asserts a § 1983 claim as the third count, and a qualified immunity defense certainly would seem to be available as in most cases. But it is unclear if the § 1983 claim relates to purported housing issues as described in paragraphs 45–54 of the complaint, or more generalized allegations of discrimination. And the lack of any

9

application of facts to the *specific* requirements of each of the five cited laws prevents a full determination regarding how a Rule 12(b)(6) motion might apply to each.

Given the issues with the complaint, it would only add to the confusion for all parties and the Court if the School Board were required to parse through it in its current form for purposes of a motion to dismiss on the merits under Rule 12(b)(6). The jurisdictional barriers described in Section II.A above merit dismissal. But if this case proceeds, the School Board needs a fair opportunity to consider a complaint that follows the mandates of Rules 8(a) and 10(b) without the confusion of having every potential allegation lumped into every single count. The School Board believes that a motion to dismiss on the merits will be warranted if the Court finds jurisdiction, but the current pleading is too indefinite to require a response.

## III.   CONCLUSION

To be clear, the School Board denies Plaintiffs' allegations of a discriminatory conspiracy—they are wholly contradicted by the available evidence that the School Board will use if this case proceeds. The School Board acts in good faith to ensure a fair and excellent education for every one of its students, and Plaintiffs' allegations are without merit.

Nevertheless, the School Board's good-faith efforts to manage a large school district are not yet at issue. Allowing Plaintiffs' claims at this time

would invite lawsuits regarding every governmental proposal and encourage people to circumvent the normal political processes and go straight to the courts for disputes that might or might not actually arise. The ripeness doctrine prevents this outcome (especially when combined with the mootness doctrine in this particular case), and it does so in a manner that does not prejudice Plaintiffs, as they would always be free to file a claim at a later time once the facts are developed. Accordingly, the School Board requests dismissal of the lawsuit for a lack of subject matter jurisdiction.

Respectfully submitted,

/s/ *Jason L. Margolin*

**Jason L. Margolin, Esq.**
Florida Bar No. 69881
jason.margolin@akerman.com
judy.mcarthur@akerman.com
**Gregg M. Moran, Esq.**
Florida Bar No. 1011060
gregg.moran@akerman.com
ava.hill@akerman.com
AKERMAN LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
(813) 223-7333 / Fax: (813) 223-2837
*Counsel for Defendant*

68480965;5

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February 2023, I filed the foregoing using the Court's e-portal and served an additional copy on Blake Warner at blake@null3d.com.

/s/ *Jason L. Margolin*

Counsel for Defendant

12