# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner, on behalf of himself
and his minor child J.W.

v.

The School Board of
Hillsborough County Florida

Case Number 8:23-CV-181-SDM-JSS

## Plaintiff's Response to Defendant's Motion to Dismiss or, In The Alternative, For a More Definite Statement

Defendant moves to dismiss the Complaint by alleging that Plaintiff lacks Article III standing because a) the issue is not ripe and b) the issue will immanently become moot, and alternatively moves for a more definite statement alleging the Complaint is a shotgun pleading because it "incorporate[s] all factual statements into the individual counts" and is "replate [sic] with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.".

1

# I   ARTICLE III

## 1.   RIPENESS

Both the Complaint and Doc 14 ("MTD") Exhibit A make clear that Plaintiff is challenging the *current* school assignment map, which is *currently* in effect and ripe.

## 2.   MOOTNESS

Defendant's Doc 14 ("MTD") makes clear why the the proposed school assignment maps are not challenged: they are not final agency actions, they are simply proposals and are therefore not ripe. Not only are they mere proposals, there are four (4) different proposals and one of them is "no redistricting" which would leave the current challenged maps in effect[1]. To further complicate the matter, the Superintendent has repeatedly stated that the final proposal will likely not be any of the current proposals, but some sort of yet-to-be-announced amalgamation of the current proposals based in part on public feedback. Plaintiff does not have standing to challenge any of the proposals, only the current map.

That said, all of the current proposals violate the EEOA, FHA, and Equal protections clause in the substantially the same way as the current map, therefore even if *any* of them were promulgated, the Complaint would simply be amended to conform to the contours[2] of the new map.

In any event, it is premature to raise a mootness argument based on mere speculation about what the school board *might* do: Defendant's mootness argument is not ripe.

---

[1] *see* https://www.hcps-boundary.org/ and attached copy.
[2] Pun intended.

## II   Injunctive Relief Sought

Defendant misrepresents the injunctive relief sought as "asking the Court to shut down the ongoing public debate regarding the proposals". Plaintiff is asking the court to enjoin Defendant from promulgating any new maps that are not approved by the court. "Promulgate" is defined as "To declare or announce publically or to proclaim. *Especially with regard to laws or regulations, to put into force or effect.*". Emphasis mine.

In plain English, Plaintiff is asking the court to enjoin Defendant from putting any new maps into force or effect, not from proposing new maps or "shutting down public debate" about those proposals.

## III   More Definite Statement

### 1.   Incorporate[s] All Factual Statements

All of the facts are alleged in all of the counts, because they all, more or less, apply to all of the counts.

The discrimination for all counts is based on either a) students not being assigned to the closest school resulting in segregation or b) the school assignment map boundaries corresponding to race, and the Equal Protections claim includes that and expands with unequal funding between the schools (based on race). Many of the alleged facts, while not relevant to subject matter jurisdiction on some counts, are relevant and plead to establish Article III standing.

Ironically, the Defendant cited Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015) where the Eleventh Circuit held that re-alleging the same facts for each count was not a shotgun pleading:

> "Weiland's re-alleging of paragraphs 1 through 49 at the beginning of each count looks, at first glance, like the most common type of shotgun pleading.[16] But it is not ... What we have here is different. The allegations of each count are not rolled into every successive count on down the line"

As in Weiland, the Plaintiff does not roll the allegations in each specific count into the other counts. Weiland goes on to state:

> "More importantly, this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count."

The facts in the Complaint are broken up into clearly labeled sections. For example, the section labeled "Fair Housing Act" applies to the Fair Housing Act counts for subject matter jurisdiction, but also alleges facts that help establish Article III standing for the non-FHA counts. Just as in Weiland, the Defendant here should have no problem understanding the alleged facts, how they apply to which counts, and gives them adequate notice of what they are accused of.

## 2.   REPLATE [SIC] WITH CONCLUSORY, VAGUE, AND IMMATERIAL FACTS

Defendant does not identify any immaterial or vague facts, and mostly complains about all facts being re-alleged in each complaint (which was previously addressed). Defendant does, however, complain about the conclusory statements in the count's themselves. The frequency of those statements is scant, and exist merely to help give Defendant notice of the legal basis for which Plaintiff is entitled to relief. The meaty facts are re-alleged.

### A.   QUALIFIED IMMUNITY

Defendant asserts that "qualified immunity defense certainly would seem to be available as in most cases", however qualified immunity only applies to damages[3] and a careful reading of the Complaint would reveal that the Plaintiff is only seeking equitable relief.

---

[3]"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)."
Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009)

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been served to Defendant via CM/ECF.

2-6-2023

_____

Date

_____

Signature

Blake Warner, *pro se*

2211 S Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM

5