# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner, on behalf of himself and his minor child J.W.

v.

The School Board of Hillsborough County Florida

Case Number 8:23-CV-181-SDM-JSS

## Opposed Motion for Leave to File Amended Motion for Preliminary Injunction, or in the Alternative, Unopposed Motion for Leave to File Reply to Defendant's Response in Opposition to Plaintiffs' Motion for Preliminary Injunction

    Plaintiff moves, pursuant to Local Rule Rule 6.02(d), for leave to file an [opposed] amended motion for a preliminary injunction. Or in the alternative moves, pursuant to Local Rule 3.01(d), for Leave to File a Reply to Defendant's Response in Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc 15).

    Plaintiff seeks to address certain legal arguments raised by Defendant as well as cure certain deficiencies. Plaintiff respectfully requests that exhibits attached be excused from the page limit, as it would be nearly impossible to not "not exceed seven pages inclusive of all parts." while counting exhibits. Excluding exhibits and proposed or-

1

der, Plaintiff's proposed reply would be five pages. Defendant does not oppose the relief sought, and would not be prejudiced by a brief reply that serves only to perfect the record and comply with local rules.

In the alternative, Plaintiff requests leave to file an amended motion for a preliminary injunction to better comply with local rules and existing case law. Defendant will not be prejudiced because Plaintiff will not expand the scope of the motion beyond what was alleged in the Complaint, and will only result in a brief delay without expending any resources that would not have been expended defending the underlying merits anyway.

Defendant's oppose the filing of an amended motion for preliminary injunction, and state:

> "Our position is that the proposed amendment would be futile until the court rules on jurisdiction, and in any event it would not be appropriate given the substantial cost that already went into responding at this point (not to mention an additional filing will only push back the court's ability to rule). With Jason's trial, any work on our end realistically could not begin until next week at the earliest, not to mention the considerable backlog of work that has inevitably piled up in the meantime.
>
> As mentioned, we do not oppose your request to file a reply brief, and believe that is sufficient for you to address our position."

If leave is granted, Plaintiff will promptly file an amended motion within 3 business days, which together with the Defendant's seven (7) day deadline, should give the court time to hold a hearing (if it decides to) in late February or early March. Costs of litigation and opposing counsel's busy schedule are not valid reasons to deny the relief sought, especially in light of the public interest at stake here that both sides recognize. The subject matter jurisdiction I believe to be without merit, and was already addressed in Doc 16.

## Conclusion

The cleanest way to resolve this issue is to amend the motion within three (3) business days, however if the court is not inclined to grant leave to amend, then Plaintiff

respectfully requests leave to file a reply within three (3) business days.

## Local Rule 3.01(g) Certification

I certify that I have conferred with the opposing party, and they have indicated that they are unopposed to the motion for leave to file a reply, but oppose the motion for leave to amend the motion for preliminary injunction.

## Certificate of Service

I certify that a copy hereof has been furnished to all Defendants via CM/ECF.

2-7-2023

Date

Signature

Blake Warner, *pro se*

2211 S Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM