# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner, on behalf of himself and his minor child J.W.

v.

The School Board of Hillsborough County Florida

Case Number 8:23-CV-181-SDM-JSS

## Motion To Strike Affirmative Defenses

*Plaintiff* moves pursuant Rule 12(f) to enter an order striking striking all of *Defendant*'s affirmative defenses from their *Answer* D.E. 30 because they fail as a matter of law and no amount of discovery can fix their deficiencies because they either:

1. respond to counts that are not contained in the operative complaint;

2. do not provide fair notice of the grounds upon which the defense rests;

3. are merely general defenses;

4. or fail to state a legally cognizable defense.

1

# Argument

*Defendant* asserts a variety of (mostly *frivolous*) affirmative defenses, each of these purported defenses is, however, legally deficient and/or redundant and should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Otherwise, Defendant may use them to expand unnecessarily the scope of discovery and to shift improperly the focus of the case away from its central issues and frustrate the efficient administration of justice.

Anchor Hocking Corp. v. Jacksonville Electric Authority, 419 F. Supp. 992, 1000 (M.O. Fla, 1976); FDIC v. Eckert Seamans Cherin & Mellet, 754 F. Supp. 22, 23 (E.D.N.Y. 1990). Where a motion to strike has the "effect of making trial of the action less complicated, or has the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." California ex rel. State Lands Comm. v. United States, 512 F. Supp. 36, 38 (N.D. Cal. 1981); accord,S.E.C. v. Gulf & Western Indus., Inc., 502 F. Supp.343, 345 (motion should be granted "where it is clear that the affirmative defense is irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense").

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting Fla. East Coast Railway Co. v. Peters, 72 Fla. 311, 73 So. 151 (Fla. 1916)). Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints. See Home

Management Solutions, Inc. v. Prescient, Inc., 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007). Affirmative defenses must also follow the general pleading standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the asserted defense. See Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). A defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense. See id.

A "defendant must allege some additional facts supporting the affirmative defense." Cano v. South Florida Donuts, Inc., 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys., 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing Microsoft Corp. v. Jesse=s Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002)). "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" Katz, 2013 WL 2147156, at *1 (citing Blount v. Blue Cross and Blue Shield of Fla., Inc., 2011 WL 672450 (M.D. Fla. Feb.17, 2011)).

## Heightened Pleading Requirement

Under the general pleading requirements of Rule 8(a) and the heightened pleading requirements set forth in Twombly and Iqbal, the challenged affirmative defenses are insufficiently pled and should be stricken as a matter of law.

## First Defense

To the extent that this is construed as a res judicata or collateral affirmative defenses: the parties are different (Mr. Warner was neither a party nor in privity with any of the parties), the nucleus of operative facts are different, and the cause of action is different[1]. *Manning* focused on whether *Defendant* had reached unitary status–thirty-two years ago when *Plaintiff* was seventeen years old–wiht regards to *student placement* to get out of a consent decree. In contrast, this action is with regards to *housing discrimination*. Put simply, *Manning* is not a *get out of racial discrimination claims in perpetuity free card*.

To the extent that this is not claim or issue preclusion, it is not sufficiently plead under Fed. R. Civ. P. 8(a) and fails to state a legally cognizable defense.

## Second Defense

Fails to state a legally cognizable defense: this is not an affirmative defense, it is a Rule 12(b)(1) challenge.

## Third Defense

The release does not apply to this cause of action because it:

a) only applies to claims "specifically related J.W.'s education, services, and educational program". Whether *Defendant* discriminated in the sale or rental of housing in *south tampa* is not *specifically* related to J.W.'s education. J.W. is not even mentioned

---

[1] *see* Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013)

in the operative complaint. This is especially apparent when analyzed in the context of the settlement agreement: it's purpose was to settle I.D.E.A. and section 504 litigation and to extinguish unbrought claims that *Defendant* had denied J.W. a F.A.P.E. in other regards.

b) The release only covered claims that accrued up to the date of execution of the agreement: March 2022. *Plaintiff*'s claims did not accrue until October 2022 when he purchased a home causing him to relocate from *south tampa* to *north tampa*, outside of the temporal scope of the release.

No facts exist that *Defendant* could allege, let alone prove, to negate these fatal deficiencies.

## Fourth Defense

This is not an affirmative defense, but a general denial of the elements *Plaintiff* must prove.

## Fifth Defense

This affirmative defense seems to be in reference to since dropped counts regarding school placements in the superseded complaint, and does not apply to the operative complaint or the Fair Housing Act.

## S**ixth** D**efense**

"acting reasonably", "acting properly", and "good faith" are not valid Federal Fair Housing Act affirmative defenses in this context. To the extent they argue they acted lawfully, without more, is not an affirmative defense; more so just a general denial of the allegations.

CFR § 100.308 does provide a "good faith" defense for *familial status* discrimination claims seeking *money damages*, neither of which apply here.

Assuming this is qualified immunity, "Qualified or 'good faith' immunity is an affirmative defense that must be pleaded by the defendant [government] official." *Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727*, 73 L. Ed. 2d 396 (1982).. The Supreme Court has acknowledged that the "good faith" defense for a public official charged with a violation of 42 U.S.C. § 1983 has both an objective and subjective element. *Id.* Qualified immunity only applies to civil damages, not equitable relief, and it only applies to individuals sued in their individual capacity. *see id.* Local government defendants–such as *Defendant*–are not entitled to qualified immunity. *see Owen v. Independence, 445 U.S. 622, 100 S. Ct. 1398*, 63 L. Ed. 2d 673 (1980)..

## S**eventh** D**efense**

Undue hardship is only an affirmative defense to "reasonable accommodations" with regards to *disabilities* under the Fair Housing Act. Practically, a reasonable accommodation helps eliminate barriers to full use and enjoyment of housing for individuals with disabilities[2].

---

[2] *see* Philippeaux v. Apartment Inv. & Mgmt. Co., 598 F. App'x 640 (11th Cir. 2015). "We have held that '[t]he FHA's reasonable accommodation provision requires only those accommodations that may be necessary . . . to afford equal opportunity to use and enjoy a dwelling.' Schwarz v. City of Treasure Island, 544 F.3d 1201, 1226 (11th Cir. 2008) (quotation marks omitted) (emphasis in original). Equal opportunity means that a disabled person must be afforded the

# Eighth Defense

*Defendant* misreads the law: 42 U.S.C § 3603(c) applies definitions *only* to subsection (b) for *exceptions* to liability under section 3604. *Defendant* must raise an exception under 42 U.S.C § 3603(b) for section (c) to apply, which they did not and can not do because as they argue, they are "not in business of selling or renting dwelling units".

The Defendant in Drayton v. McIntosh County, Georgia (S.D. Georgia 2016) (2:16-cv-00053) raised this argument, the United States intervened and submitted a statement of interest[3] that rejected it.

"Additionally, the State is liable for violations of the FHA even if it did not engage in real estate-related transactions, because the prohibitions on discrimination in § 3604 are not limited in this way"

# Ninth Defense

The "arm of the state doctrine" precludes political subdivisions, which *Defendant* is, from asserting Eleventh Amendment immunity defense.

A political subdivision is a local governmental entity that is in some ways distinct from the state[4], but that nevertheless exercises a "slice of state power.". Although suits against a political subdivision implicate the state's sovereign power, a political subdivision has no eleventh amendment immunity[5]. "Local government units ... are

---

same opportunity to use and enjoy the dwelling as a non-disabled person. Id. Preferential treatment is not required. Id."

[3] *see* attached.

[4] *see* Harden v. Adams, 760 F.2d 1158, 1163 (11th Cir. 1985) (lack of financial autonomy indicates that the entity is a political subdivision)

[5] *see* Mount Healthy City School Dist. v. Doyle, 429 U.S. 274, 280-81 (1977)

not considered part of the State for Eleventh Amendment purposes"[6].

Even assuming the school board is an arm of the state, the Ex Parte Young exception would bar eleventh amendment immunity in federal court. In Verizon Md. Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635 (2002), the Court held that "[i]n determining whether the doctrine of Ex parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.' " Id., at 645 (quoting Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 296 (1997).

This case is distinguished from the *McCardell* case cited by *Defendant* in that the plaintiff in that case was seeking monetary damages, where as *Plaintiff* in this case is merely seeking prospective equitable relief.

*Defendant* waived the sovereign immunity defense by not raising it in their initial 12(b) motion. *see* Rule 12(h).

And finally, *Defendant* admits they receive federal funds in their answer, which abrogates sovereign immunity pursuant 42 U.S. Code § 2000d.

## Tenth Defense

This is not an affirmative defense, it is a 12(b)(1) challenge.

---

[6] *see* Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978)

## Eleventh Defense

This seeks to raise an affirmative defense to counts in a superseded complaint, that are not present in the operative complaint they are responding to.

## Local Rule 3.01(g) Certification

I certify that I have conferred with the opposing party, and they have indicated that they are opposed to the relief sought in this motion.

## Certificate of Service

I certify that a copy hereof has been served to Defendant via CM/ECF.

6-13-2023

Date

Signature

Blake Warner, *pro se*

2211 S Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM