UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER and J.W.,

    Plaintiffs,

v.                                              Case No. 8:23-cv-00181-SDM-JSS

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY
FLORIDA,

    Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO STRIKE**

    Defendant the School Board of Hillsborough County, Florida (the "School Board") responds in opposition to Plaintiff Blake Warner ("Plaintiff")'s Motion to Strike Affirmative Defenses, Doc. 32 (the "Motion to Strike").

**I.  INTRODUCTION**

    Plaintiff's Motion to Strike all of the School Board's affirmative defenses should be denied in its entirety because the Motion to Strike is legally insufficient and because the School Board's affirmative defenses provide notice of relevant barriers to Plaintiff's claims.

    This case is one of two lawsuits Plaintiff has filed arising from the school attendance boundaries set by the School Board. In this action, as amended,

1

Plaintiff alleges two counts for violation of 42 U.S.C. § 3601, *et seq* (the "Fair Housing Act"), claiming he has been the victim of "unlawful manipulation of housing values . . . [caused] by intentionally operating a segregated school system." *See* Doc. 29 (the Amended Verified Complaint), p.1.

The School Board maintains this action has no merit because (1) the Fair Housing Act does not apply here; and (2) it does not operate a segregated school system. The School Board timely filed its answer, providing notice of multiple defenses that negate outright or lessen the purported harm Plaintiff attempts to claim. The School Board maintains that Plaintiff's claims fail as a matter of law.

Plaintiff's case is novel—he claims that the School Board, which has no authority to control housing transactions, Fla. Const. art. IX, § 4, is liable for supposedly lessening the value of Plaintiff's house. *But see, e.g., Gourlay v. Forest Lake Estates Civic Ass'n of Port Richey, Inc.*, 276 F. Supp. 2d 1222, 1233 (M.D. Fla. 2003) (citing *Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n*, 388 F.3d 327, 329 (7th Cir. 2004) ("This Court need not reach the question of whether Plaintiffs needed to be evicted to violate Section 3604(b), because this Court concludes that Section 3604(b) only prohibits the

discriminatory provision of services and facilities *in connection with a sale of a dwelling*.") (emphasis added).[1]

The School Board responded properly, providing notice that Plaintiff's claims fail due to the novelty of Plaintiff's attempt to tie the Fair Housing Act to the School Board in this context; the prior case law on the integration of the school district; and, separately, Plaintiff's prior settlement agreement. *See* Fed. R. Civ. P. 8b)(1)(A) (noting that a defendant like the School Board must only state defenses "in short and plain terms").

Each of the defenses the School Board raises have relevance to the controversy, do not create needless confusion, and do not prejudice Plaintiff. In fact, striking them would risk prejudicing the School Board, if it were later deemed to have waived some defense to Plaintiff's novel theories. Accordingly, the School Board requests the Court deny Plaintiff's motion.

## II.  STANDARD FOR DETERMINATION

Courts enjoy "broad discretion in determining whether to grant or deny . . . motions to strike." *S.Y. v. Naples Hotel Co.*, 476 F. Supp. 3d 1251, 1259 (M.D. Fla. 2020) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*,

---

[1] "After the *Gourlay* decision was issued, the parties settled and the court withdrew the opinion. [*See* 2003 WL 22149660 (M.D. Fla. Sept. 16, 2003).] The order's reasoning and analysis, however, remain instructive and persuasive." *Schwarz v. Villages Charter Sch., Inc.*, No. 5:12-CV-177-OC-34PRL, 2014 WL 12623013, at *6 (M.D. Fla. May 23, 2014) (recommending dismissal of Fair Housing Act claim for handicap discrimination under (f)(2).

419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Motions to strike are "drastic remed[ies] and . . . disfavored by the courts." *Id.* (citing *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012); *see also Moreno v. Moore*, No. 3:18-cv-01472, 2020 WL 3051319, at *1 (M.D. Fla. June 8, 2020) (quoting *Gibson v. JetBlue Airways Corp.*, No. 6:18-cv-01742, 2019 WL 3206925, at *3 (M.D. Fla. July 16, 2019) ("Indeed, some judges call motions to strike 'time wasters.'"). Accordingly, courts will grant them "only if 'the matter sought to be omitted has *no* possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *S.Y.*, 476 F. Supp. 3d at 1259 (quoting *Schmidt*, 289 F.R.D. at 358) (emphasis added).

### III. MEMORANDUM OF LAW

#### A. Plaintiff's Motion to Strike improperly attacks the merits of the School Board's defenses rather than address the relevant standards under Rule 12(f).

Plaintiff's Motion to Strike does not address the standards this Court uses when analyzing motions to strike—determining whether the defenses have *no* relationship to the controversy, cause needless confusion, or risk undue prejudice. *S.Y.*, 476 F. Supp. 3d at 1259. To the contrary, Plaintiff seeks to use his Motion to Strike to attack the *merits* of the School Board's defenses, which is an approach the courts uniformly reject. *E.g.*, *Armstrong v. Snyder*, 103 F.R.D. 96, 100 (E.D. Wis. 1984) (citing *Green Mountain Power Corp. v. Gen. Elec. Corp.*, 496 F. Supp. 169, 171 (D. Vt. 1980)) ("[A motion to strike] is not a

4

proper device for placing the actual merits of a party's pleadings in issue."). Rather, this Court recognizes that affirmative defenses in an answer are sufficient if they "provide [the] Plaintiff with fair notice of what affirmative defenses [the] Defendant intends to raise . . . ." *Gonzalez v. Midland Credit Mgmt., Inc.,* No. 6:13-CV-01576, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013).

In this case, Plaintiff's Motion to Strike revolves around his disagreement *on the merits* with the School Board's theories, rather than any appropriate reason to strike a part of a pleading under Rule 12(f). On the one hand, Plaintiff seeks to advance an unprecedented extension of the Fair Housing Act, and on the other, Plaintiff seeks to strike any and all defenses. Plaintiff's Motion to Strike is improper. And the School Board needs to be able to preserve defenses against Plaintiff's theories, particularly given how Plaintiff has split his claims into multiple actions and the evidence that his actions continue to bleed into each other. Doc. 29 ¶ 7 (purporting to describe the Equal Educational Opportunity Act in this litigation, despite its lack of readily apparent relevance to the Fair Housing Act claims). *See generally* Doc. 25, *Warner v. School Board,* No. 8:23-cv-01029 (filed June 20, 2023) (noting this litigation's winding path to reach this point). As a result, Plaintiff's Motion to Strike is inappropriate, and the School Board requests denial.

5

### B. Plaintiff's suggestion that a "heightened" standard of pleading applies to answers and defenses is mistaken.

Plaintiff argues the defenses should be stricken under "the general pleading requirements of Rule 8(a) and the heightened pleading requirements set forth in *Twombly* and *Iqbal*." *See* Motion to Strike, p.3. But Rule 8(a) applies to complaints; Rules 8(b) and (c) apply to defenses. And courts that have examined the issue have found that Rules 8(b) and (c) in fact create a *lessened* standard of pleading. *Malibu Media, LLC v. Long*, No. 8:14-CV-1582-T-35MAP, 2015 WL 12839266, at *3 (M.D. Fla. Apr. 8, 2015) ("Thus, '[h]aving concluded that *Twombly/Iqbal* do not apply to the pleading of affirmative defenses, the Court reverts to the extant Eleventh Circuit test: whether the defendant's pleading of its affirmative defenses provides the plaintiff with fair notice.") (internal citation omitted). All the School Board must do is give Plaintiff fair notice of what issues might come up at trial, and its defenses satisfy that standard. *Id.*

### C. Plaintiff's specific arguments fail.

#### 1. First Defense

The School Board's first defense provides notice this Court previously declared it a unitary school system. *See* Doc. 30, p.16 (citing *Manning ex rel. Manning v. School Board of Hillsborough County, Florida*, 244 F.3d 927, 947 (11th Cir. 2001)). Contrary to Plaintiff's suggestions, the School Board maintains that *Manning* is relevant to this case, as it provides context and

tends to demonstrate that the School Board does not unlawfully discriminate, which is in direct conflict with Plaintiff's allegations.

### 2. Second Defense

The School Board's second defense provides notice that Plaintiff's claims fail because Plaintiff did not suffer any harm, as he in fact received his requested school assignment. *See* Doc. 30, p.17. Plaintiff's receipt of his requested school assignment is directly relevant to his claim challenging the school boundary assignment for his home. Accordingly, the School Board pled the fact that Plaintiff received his desired placement, which defeats Plaintiff's claims.

Plaintiff ignores the substance of this defense and offers only a conclusory sentence with no analysis, suggesting this defense is a Rule 12(b)(1) challenge for lack of subject matter jurisdiction. But Plaintiff's suggestion this defense does not apply is nothing more than an improper effort to use a motion to strike to argue the merits, rather than its actual use of striking items that have *no* bearing on the lawsuit, or that otherwise cause undue confusion or prejudice. *See S.Y.*, 476 F. Supp. 3d at 1259.

### 3. Third Defense

The School Board's third defense provides notice that Plaintiff entered into a binding settlement agreement (which Plaintiff does not dispute), which guaranteed Plaintiff specific school assignments, and accordingly his claims

fail to the extent they are inconsistent with that agreement. *See* Doc. 30, p.17 and Ex. 1 thereto. The settlement agreement also included a broad release, and "release" is one of the defenses explicitly listed in Federal Rule of Civil Procedure 8(c)(1) and one identified in the third defense. Plaintiff attempts to argue the settlement agreement does not apply. Doc. 32, at 4–5. But again, this is nothing more than a challenge on the merits, and not a proper argument for a motion to strike. *Armstrong v. Snyder*, 103 F.R.D. 96, 100 (E.D. Wis. 1984) (citing *Green Mountain Power Corp. v. Gen. Elec. Corp.*, 496 F. Supp. 169, 171 (D. Vt. 1980)).

### 4. Fourth Defense

In this defense, the School Board provides notice that any alleged harm is attributable to intervening actions outside the School Board's control. *See* Doc. 30, p.19 (asserting any purported imbalances may result from the "natural flow of people within a community"). While Plaintiff does not offer any real analysis or support of his stated position with respect to this defense, it is apparent that a superseding cause such as an action of a third party can be an affirmative defense. *See, e.g.*, *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 697 (S.D. Fla. 2020) (refusing to strike a defense based on comparative fault or superseding causes, and holding it was better reserved for summary judgment).

8

### 5. Fifth Defense

The School Board's fifth defense asserts waiver, *see* Doc. 30, p.19, which is explicitly listed as an affirmative defense it is obligated to raise under Rule 8(c)(1). *See supra* Section III.C.2 and 3 (both related to Plaintiff's waiver).

### 6. Sixth Defense

This defense states that the School Board has always acted in a lawful manner. *See* Doc. 30, p.19. As a starting point, Plaintiff's own Motion to Strike notes that good faith can be a defense under certain contexts in the Fair Housing Act. And even if Plaintiff is correct that it would not operate as a defense in *this* particular context, that relates to the merits and is not a basis for a motion to strike. Rather, the proper outcome would be to treat the defense as a specific denial. *Cf. Landon v. City of North Port*, No. 8:15-cv-02272, 2016 WL 164633, at *2 (M.D. Fla. Jan. 14, 2016) (quoting *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-00705, 2014 WL 1268574, at *3 (M.D. Fla. Mar. 27, 2014)) ("The proper remedy when a party mistakenly labels a denial as an affirmative defense is not to strike the claim but instead to treat it as a specific denial."); *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-cv-61716, 2013 WL 1788503, at *4 (S.D. Fla. Apr. 26, 2013) (same).

### 7. Seventh Defense

The School Board's seventh defense states that Plaintiff's requested relief is unreasonable and would create an undue hardship. *See* Doc. 30, p.19.

Plaintiff's lawsuit explicitly seeks injunctive relief. Doc. 29, at 16. Courts have long held that one of the aspects of awarding or not awarding an injunction is "the balance of hardships between the plaintiff and defendant," given that injunctions flow from historical equity practices. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Accordingly, this defense provides notice that what Plaintiff is seeking would in fact create needless hardships, and is unreasonable in its scope even Plaintiff is successful in obtaining some type of injunction. In any event, Plaintiff's argument against this defense is just that he disagrees with it on the merits and believes it does not apply. Doc. 32, at 6.

### 8. Eighth Defense

This defense provides notice that the School Board cannot be liable under the Fair Housing Act, given the School Board's lack of involvement in the types of conduct the Act regulates. *See* Doc. 30, p.20. Plaintiff in turn attacks this defense on the merits, arguing that the Fair Housing Act can apply to governmental defendants. To that argument, the School Board agrees—the Fair Housing Act certainly can apply in certain circumstances to governmental defendants. But those circumstances are not present here.

Regardless, even if Plaintiff were correct about this technically not being a defense, the proper remedy is still to treat it as a specific denial rather than needlessly spending time and resources striking it. *Landon v. City of North Port*, No. 8:15-cv-02272, 2016 WL 164633, at *2 (M.D. Fla. Jan. 14, 2016)

(quoting *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-00705, 2014 WL 1268574, at *3 (M.D. Fla. Mar. 27, 2014)).

### 9. Ninth Defense

The School Board's ninth defense is based on Eleventh Amendment immunity. *See* Doc. 30, p.20. As is the case with each of the School Board's other defenses, Plaintiff disagrees on the merits. But what he does not attempt to dispute (as he cannot) is that courts do not strike defenses based on Eleventh Amendment immunity. There is at least some confusion regarding whether the Eleventh Amendment needs to be pled as an affirmative defense. *See generally Shedrick v. Dist. Bd. of Tr. Of Miami-Dade Coll.*, 941 F. Supp. 2d 1348, 1359–60 (S.D. Fla. 2013) (noting the risk that other courts have attempted to put on defendants that fail to plead Eleventh Amendment immunity). But regardless, it is not scandalous in any way that would warrant a motion to strike, and this Court has allowed it to survive motions to strike in the past. *See Sarac v. Univ. of S. Fla. Bd. of Tr.*, No. 8:18-cv-02485, 2019 WL 12529103, at *1 (M.D. Fla. May 13, 2019).

### 10. Tenth Defense

The School Board's tenth defense provides notice that Plaintiff lacks standing to sue in this case. *See* Doc. 30, p.20. Plaintiff's entire "argument" is simply a statement that it "is not an affirmative defense, it is a 12(b)(1) challenge." But courts have permitted lack of standing to be pled as a defense.

11

*Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-cv-61716, 2013 WL 1788503, at *4 (S.D. Fla. Apr. 26, 2013) ("But even assuming that standing does not technically meet the definition of an affirmative defense, it may still be viewed as a type of denial. The proper remedy when a party mistakenly labels a denial as an affirmative defense is not to strike the claim but instead to treat it as a specific denial."). As is the case with all his purported arguments, Plaintiff fails to show that the *actual* analysis of a Rule 12(f) motion to strike warrants striking this defense. *See S.Y.*, 476 F. Supp. 3d at 1259 (noting the relevant standard for striking a part of a pleading is a *complete* lack of relevance, or the risk of undue confusion or prejudice).

### 11. Eleventh Defense

Lastly, the School Board's eleventh defense states that Plaintiff abandoned multiple of his claims and allegations in this matter, and provides notice that abandonment precludes Plaintiff from now attempting to assert those theories. *See* Doc. 30, pp.20-21. Plaintiff's Motion to Strike argues that this defense relates "to counts in a superseded complaint." Doc. 32, 9. Plaintiff's argument does not justify striking this defense.

First, Plaintiff does not argue his points or demonstrate the proper standards under Rule 12(f). Second, the mere fact that Plaintiff abandoned those claims and allegations does not prevent the School Board from raising that abandonment as a defense in its support, especially where Plaintiff's

71026762;3

numerous complaints have been constantly shifting. Third, the School Board's obligation is simply to provide fair notice of its defenses, and its abandonment defense is clearly stated and available for Plaintiff to review. *See Gonzalez v. Midland Credit Mgmt., Inc.,* No. 6:13-CV-01576, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013).

## IV. CONCLUSION

The School Board requests the Court deny Plaintiff's Motion to Strike. Plaintiff's Motion to Strike does not properly raise any arguments that would support a Motion to Strike, but instead represents nothing more than Plaintiff's general disagreement with the School Board on the merits of this litigation. As this court has repeatedly noted, "Rule 8 does not obligate a defendant to set forth detailed factual allegations, [but] a defendant must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests." *Landon v. City of North Port*, No. 8:15-cv-02272, 2016 WL 164633, at *2 (M.D. Fla. Jan. 14, 2016) (quoting *Muschong v. Millennium Physician Grp., LLC*, No. 2:13-cv-00705, 2014 WL 1268574, at *3 (M.D. Fla. Mar. 27, 2014)). The School Board did so here; there should be no question by Plaintiff of the types of defenses it intends to assert depending on how this case proceeds. Accordingly, notice pleading under Rule 8 is satisfied, and Plaintiff's efforts to needlessly strike the School Board's defenses should be denied.

Respectfully submitted,

/s/ *Jason L. Margolin*

**Jason L. Margolin, Esq.**
Florida Bar No. 69881
jason.margolin@akerman.com
judy.mcarthur@akerman.com
**Gregg M. Moran, Esq.**
Florida Bar No. 1011060
gregg.moran@akerman.com
ava.hill@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
(813) 223-7333 / Fax: (813) 223-2837
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June 2023, I filed the foregoing using the Court's e-portal and served an additional copy on Blake Warner at blake@null3d.com.

/s/ *Jason L. Margolin*
Counsel for Defendant