UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER, on behalf of himself
and his minor child, J.W.,

     Plaintiff,

v.                           CASE NO. 8:23-cv-1029-SDM-SPF

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY,
FLORIDA,

     Defendant.

_____/

**ORDER**

     Alleging that the Hillsborough County School Board unlawfully both segregates the schools and refuses to assign his child to the school closest to his place of residence, Blake Warner, appearing *pro se* on behalf of himself and his minor child, sues (Doc. 19) the School Board and asserts claims under 20 U.S.C. § 1703; under 42 U.S.C. § 1983; and under Florida law.

     In a pending, earlier-filed action, *Warner v. School Board of Hillsborough County, Florida*, No. 8:23-cv-181-SDM-JSS (M.D. Fla.), Warner on behalf of himself and his minor child alleged racial segregation and asserted claims under 20 U.S.C. § 1703, 42 U.S.C. § 1983, and 42 U.S.C. § 3604.  Under *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021), a plaintiff may not "improperly split [] claims" between or among two or more actions.  The claims in this action and the claims in the

earlier-filed action appear premised on a common aggregate of facts, that is, appear premised on the "same transaction or series of transactions" — the alleged segregation of the schools in Hillsborough County.  For that reason, an order directs Warner to "explain why an order should not dismiss this action for improperly splitting his claims between two actions."

In the earlier-filed action, Warner moves to consolidate the actions and amends the complaint to include only claims under 42 U.S.C. § 3604 and asserted only on behalf of himself.  *Warner*, Docs. 27 and 29, No. 8:23-cv-181-SDM-JSS.  In this action, Warner reports (Doc. 15) the amendment in the earlier-filed action and contends (1) that the actions are "temporally distant" and (2) that the earlier-filed action "focuses on harm" to Warner but this action "focuses on harm" to Warner's child.  Arguing, among other things, that despite the amendment in the earlier-filed action Warner continues to impermissibly split his claims between the two actions, the School Board moves (Doc. 18) to dismiss.

In response to the motion to dismiss, Warner in this action amends the complaint (the amendment moots the motion to dismiss), adds himself as a plaintiff asserting a claim under 20 U.S.C. § 1703, adds a claim under 42 U.S.C. § 1983 on behalf of himself and his child, and replaces the claim under Florida law with a request for a writ of mandamus.  But by adding himself as a plaintiff in the amended complaint in this action, Warner undercuts his attempt to avoid claim splitting by removing his child as a plaintiff in the earlier-filed action.  As previously stated, Warner cannot "improperly split [his] claims" between or among actions that "arise from the

same transaction or series of transactions." *Kennedy*, 998 F.3d at 1236.  According to *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 842–43 (11th Cir. 2017), actions originate in the same transaction or series of transactions if the actions "are related in time, origin, and motivation, and they form a convenient trial unit[.]"  Further, *Vanover* affirms the decision that "splitting the time frame into two different periods does not create a separate transaction."  Indeed, *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *Zerilli v. Evening News Association*, 628 F.2d 217, 222 (D.C. Cir. 1980); and *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977); persuasively hold that a plaintiff may not "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."

In both this action and the earlier-filed action, Warner appears as a plaintiff; sues the same defendant, the School Board; and asserts claims based on the School Board's allegedly ongoing segregation of the schools in the county.  These actions "form a convenient trial unit."  Discovery in each action will overlap.  Although the injury alleged in one action reportedly occurred at a time different from the injury alleged in the other action, the allegedly ongoing segregation caused each alleged injury.  Thus, Warner must assert his claims about the School Board's alleged segregation in a single action.

Further, neither party discusses Warner's ability to prosecute *pro se* his child's claims.  Although a parent may appear as plaintiff on behalf of a minor child, who lacks the capacity to sue, "parents who are not attorneys may not bring a *pro se* action on their child's behalf."  *FuQua v. Massey*, 615 Fed. App'x 611, 612 (11th Cir. 2015)

- 3 -

(quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) *over-ruled in part on other grounds, Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)).  Thus, if Warner intends to appear as plaintiff on behalf of his minor child and assert his child's claims, Warner must appear through a lawyer. (Again, Warner may assert *pro se* claims on behalf of himself only.)

For these reasons and because (as the parties agree) Warner cannot assert a claim for a writ of mandamus against a state official, *Butt v. Zimmerman*, 2022 WL 5237916 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1059 (2023), the complaint is **DISMISSED WITHOUT PREJUDICE**.  Warner must assert his claims against the School Board in a single action.  No later than **JULY 28, 2023**, Warner may amend the complaint in the earlier-filed action, *Warner*, 8:23-cv-00181-SDM-JSS, and assert his claims against the School Board.  The clerk is **DIRECTED** to file a copy of this order in the earlier-filed action.

If Warner intends to appear as a plaintiff to assert his son's claims, Warner must appear through a lawyer.  No later than **JULY 28, 2023**, a lawyer must appear, or an order will dismiss this action without further notice.  The motion (Doc. 18) to dismiss the original complaint in this action is **DENIED AS MOOT**.  The motion (Doc. 11) for a preliminary injunction and the motion (Doc. 20) to amend the motion for a preliminary injunction are **DENIED AS MOOT**.  Warner may amend the motion for a preliminary injunction after a lawyer appears and amends the complaint.  The motion (Doc. 27) to rule on the pending show-cause order is **DENIED AS MOOT**.

Also, after Warner amended the complaint in this action, the School Board again moved (Doc. 21) to dismiss but failed to include a certificate in accord with Local Rule 3.01(g).  In response, Warner (1) filed (Doc. 22) a "notice of lack of Local Rule 3.01(g) compliance," which reports that the School Board failed to confer before filing the motion to dismiss, and (2) separately responded (Doc. 24) to the motion to dismiss.  The response conceded that "federal mandamus is inappropriate[]" but otherwise opposed the motion to dismiss.  To remedy the Local Rule violation, the School Board unilaterally amended (Doc. 23) the motion to dismiss to add a Local Rule 3.01(g) certificate, which states that the parties conferred by e-mail and telephone and that the parties disagree about the motion.  Warner responded to the amended motion and asserted that the 3.01(g) certificate falsely represented the conference.  The first motion (Doc. 21) to dismiss the amended complaint is **STRICKEN** for failure to comply with Local Rule 3.01(g).  And counsel is **WARNED** to comply carefully with all applicable rules, including the Local Rules.  The amended motion (Doc. 23) to dismiss the amended complaint is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on July 5, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE