**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Sam M. Gibbons U.S. Courthouse
Office of the Clerk
801 North Florida Avenue
Tampa, FL 33602
(813) 301-5400
www.flmd.uscourts.gov

| | |
|---|---:|
| Elizabeth M. Warren | Kristin Esposito |
| Clerk of Court | Tampa Division Manager |

**DATE:** July 21, 2023

**TO:**   Clerk, U.S. Court of Appeals for the Eleventh Circuit

BLAKE ANDREW WARNER,

    Plaintiff,

v.                                         Case No: 8:23-cv-181-SDM-JSS

SCHOOL BOARD OF HILLSBOROUGH COUNTY,
FLORIDA,

    Defendant.

---

**U.S.C.A. Case No.:**      **TBD**

Enclosed are documents and information relating to an appeal in the above-referenced action. Please acknowledge receipt on the enclosed copy of this letter.

- Honorable Steven D. Merryday, Chief United States District Judge appealed from.

- Appeal filing fee was not paid. Upon filing a notice of appeal, the appellant must pay the district clerk all required fees. The district clerk receives the appellate docket fee on behalf of the court of appeals. If you are filing informa pauperis, a request for leave to appeal in forma pauperis needs to be filed with the district court.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from. Opinion was not entered orally.

- Court Reporter: David Collier

                                          ELIZABETH M. WARREN, CLERK

                                          By:      s/LDR, Deputy Clerk

INTAPP

# U.S. District Court
# Middle District of Florida (Tampa)
# CIVIL DOCKET FOR CASE #: **8:23−cv−00181−SDM−JSS**

Warner v. School Board of Hillsborough County, Florida  
Assigned to: Judge Steven D. Merryday  
Referred to: Magistrate Judge Julie S. Sneed  
Cause: 42:1983 Civil Rights Act  

Date Filed: 01/26/2023  
Jury Demand: None  
Nature of Suit: 448 Civil Rights: Education  
Jurisdiction: Federal Question  

**Plaintiff**

**Blake Andrew Warner**     represented by     **Blake Andrew Warner**  
2211 S Village Ave  
33612  
Tampa, FL 33612  
212−542−0055  
Email: blake@null3d.com  
PRO SE

V.

**Defendant**

**School Board of Hillsborough County, Florida**     represented by     **Jason L. Margolin**  
Akerman LLP – Tampa  
401 E Jackson St Ste 1700  
Tampa, FL 33602−5250  
813.209.5009  
Fax: 813.223.2837  
Email: jason.margolin@akerman.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/26/2023 | 1 | COMPLAINT against School Board of Hillsborough County, Florida Filing fee $402.00, receipt number TPA 67976 filed by Blake A. Warner. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(AM) (Entered: 01/26/2023) |
| 01/26/2023 | 2 | ***STRICKEN PURSUANT TO ORDER 22*** MOTION for Preliminary Injunction by Blake A. Warner. (AM) Modified on 2/14/2023 (CTR). (Entered: 01/26/2023) |
| 01/26/2023 | 3 | MEMORANDUM of Law in support re 2 Motion for Preliminary Injunction filed by Blake A. Warner. (AM) (Entered: 01/26/2023) |
| 01/26/2023 | 4 | SUMMONS issued as to School Board of Hillsborough County, Florida. (AM) (Entered: 01/26/2023) |
| 01/27/2023 | 5 | |

| | | |
|---|---|---|
| | | NOTICE of Local Rule 1.07(c) and Local Rule 3.02(a)(2)<br><br>–**Local Rule 1.07(c)** requires lead counsel to *promptly* file a **Notice of a Related Action** that identifies and describes any related action pending in the Middle District or elsewhere.<br><br>–**Local Rule 3.02(a)(2)** requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge.<br><br>**(DAY) (Entered: 01/27/2023)** |
| 01/27/2023 | 6 | **ORDER re 2––motion for a preliminary injunction; directing Warner to file a proof of service no later than 2/10/2023; directing the school board to respond within seven days after receiving service of process and notice of the motion. Signed by Judge Steven D. Merryday on 1/27/2023. (WBW)** (Entered: 01/27/2023) |
| 01/27/2023 | 7 | RETURN of service executed on 01/26/23 by Blake A. Warner as to School Board of Hillsborough County, Florida. (AG) Modified text on 1/30/2023 (AG). (Entered: 01/30/2023) |
| 01/27/2023 | 8 | RETURN of service executed on 01/26/23 by Blake A. Warner as to School Board of Hillsborough County, Florida. (AG) (Entered: 01/30/2023) |
| 01/30/2023 | 9 | NOTICE of Corrected Filing and RESPONSE to Court's 6 Order, by Blake A. Warner. (Attachments: # 1 Revised Timeline Email)(AG) (Entered: 01/30/2023) |
| 01/30/2023 | 10 | NOTICE of a related action per Local Rule 1.07(c) by Blake A. Warner. Related case(s): No. (AG) (Entered: 01/30/2023) |
| 02/02/2023 | 11 | NOTICE of Appearance by Jason L. Margolin on behalf of School Board of Hillsborough County, Florida (Margolin, Jason) (Entered: 02/02/2023) |
| 02/02/2023 | 12 | MOTION for Extension of Time to File Response/Reply as to 2 MOTION for Preliminary Injunction by School Board of Hillsborough County, Florida. (Margolin, Jason) (Entered: 02/02/2023) |
| 02/02/2023 | 13 | **ENDORSED ORDER: The defendant's unopposed motion (Doc. 12) to extend the time within which to respond to the motion for a preliminary injunction is GRANTED. No later than FEBRUARY 6, 2023, the defendant must respond. Signed by Judge Steven D. Merryday on 2/2/2023. (WBW)** (Entered: 02/02/2023) |
| 02/06/2023 | 14 | MOTION to Dismiss Complaint or, in the Alternative, MOTION for a More Definite Statement by School Board of Hillsborough County, Florida. (Attachments: # 1 Exhibit A–Email Regarding Lawsuit Scope)(Margolin, Jason) . Added MOTION for More Definite Statement on 2/6/2023 (MCB). (Entered: 02/06/2023) |
| 02/06/2023 | 15 | RESPONSE in Opposition re 2 MOTION for Preliminary Injunction filed by School Board of Hillsborough County, Florida. (Attachments: # 1 Exhibit A–Email Regarding |

| | | |
|---|---|---|
| | | Lawsuit Scope)(Margolin, Jason) (Entered: 02/06/2023) |
| 02/06/2023 | 16 | RESPONSE to Motion re 14 MOTION to Dismiss Complaint *or, in the Alternative, for a More Definite Statement* MOTION for More Definite Statement filed by Blake A. Warner. (Attachments: # 1 Exhibit)(AG) (Entered: 02/07/2023) |
| 02/06/2023 | 17 | MOTION for Miscellaneous Relief, specifically for leave to file documents in the Middle District of Florida using the docketing system by Blake A. Warner. (AG) (Entered: 02/07/2023) |
| 02/07/2023 | 18 | MOTION to Amend 2 MOTION for Preliminary Injunction, or in the alternative, MOTION for Leave to File Reply to Defendant's Response in Opposition to Plaintiff's Motion for Prelimianry Injunction by Blake A. Warner. (AG) Modified text on 2/8/2023 (AG). (Entered: 02/08/2023) |
| 02/09/2023 | 19 | **ORDER granting 17--motion to file documents using electronic filing system; permitting Warner to register for CM/ECF not later than 2/17/2023; directing Warner to read and comply with all applicable rules. Signed by Judge Steven D. Merryday on 2/9/2023. (WBW)** (Entered: 02/09/2023) |
| 02/09/2023 | 20 | MOTION to Withdraw 2 MOTION for Preliminary Injunction by Blake A. Warner. (Attachments: # 1 Exhibit)(AG) (Entered: 02/10/2023) |
| 02/11/2023 | 21 | NOTICE by Blake Andrew Warner re 20 MOTION to Withdraw 2 MOTION for Preliminary Injunction *Defendant is UNOPPOSED* (Attachments: # 1 Exhibit Boundary Plan, Davis recommends (phases))(Warner, Blake) (Entered: 02/11/2023) |
| 02/13/2023 | 22 | **ORDER granting 20--motion to withdraw motion for preliminary injunction; striking and directing the clerk to terminate 2--motion for a preliminary injunction; denying as moot 18--motion to amend. Signed by Judge Steven D. Merryday on 2/13/2023. (WBW)** (Entered: 02/13/2023) |
| 04/07/2023 | 23 | **ENDORSED ORDER: A hearing on the motion (Doc. 14) to dismiss is SCHEDULED for APRIL 28, 2023, at 10:00 A.M. in Courtroom 15A, United States Courthouse, 801 North Florida Avenue, Tampa, Florida. Blake Warner, who proceeds pro se, and lead counsel for the defendant must appear in person. Signed by Judge Steven D. Merryday on 4/7/2023. (WBW)** (Entered: 04/07/2023) |
| 04/28/2023 | 24 | Minute Entry. In Person Proceedings held before Judge Steven D. Merryday: MOTION HEARING held on 4/28/2023 re 14 MOTION to Dismiss Complaint *or, in the Alternative, for a More Definite Statement* MOTION for More Definite Statement filed by School Board of Hillsborough County, Florida. Court Reporter: David Collier (DAY) (Entered: 04/28/2023) |
| 04/28/2023 | 25 | **ORDER denying 14--motion to dismiss; denying 14--motion for more definite statement; directing the School Board to answer the complaint no later than MAY 19, 2023. Signed by Judge Steven D. Merryday on 4/28/2023. (WBW)** (Entered: 04/28/2023) |
| 05/10/2023 | 26 | NOTICE of a related action per Local Rule 1.07(c) by Blake Andrew Warner. Related case(s): Yes (Attachments: # 1 Exhibit Related Complaint)(Warner, Blake) (Entered: 05/10/2023) |
| 05/17/2023 | 27 | MOTION to Consolidate Cases by Blake Andrew Warner. (Attachments: # 1 Exhibit email requesting conference)(Warner, Blake) (Entered: 05/17/2023) |

| | | |
|---|---|---|
| 05/18/2023 | 28 | NOTICE by Blake Andrew Warner re 1 Complaint, *of Abandonment of Claims I and II* (Warner, Blake) (Entered: 05/18/2023) |
| 05/18/2023 | 29 | AMENDED COMPLAINT against School Board of Hillsborough County, Florida filed by Blake Andrew Warner. (Attachments: # 1 Exhibit south tampa race map, # 2 Exhibit white map, # 3 Exhibit hispanic map, # 4 Exhibit black map, # 5 Exhibit south tampa elementary map, # 6 Exhibit email consent amend)(Warner, Blake) (Entered: 05/18/2023) |
| 05/30/2023 | 30 | ANSWER and affirmative defenses to 29 Amended Complaint, by School Board of Hillsborough County, Florida. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Margolin, Jason) (Entered: 05/30/2023) |
| 05/31/2023 | 31 | NOTICE informing the parties that they may consent to the jurisdiction of a United States magistrate judge by filing Form AO 85 Notice, Consent, and Reference of a Civil Action to a Magistrate Judge using the event **Consent to Jurisdiction of US Magistrate Judge**. (Signed by Deputy Clerk). (DAY) (Entered: 05/31/2023) |
| 06/13/2023 | 32 | MOTION to Strike 30 Answer to amended complaint by Blake Andrew Warner. (Attachments: # 1 Exhibit United States Statement of Interest)(Warner, Blake) (Entered: 06/13/2023) |
| 06/23/2023 | 33 | RESPONSE to Motion re 32 MOTION to Strike 30 Answer to amended complaint filed by School Board of Hillsborough County, Florida. (Margolin, Jason) (Entered: 06/23/2023) |
| 06/23/2023 | 34 | MOTION for Judgment on the Pleadings by School Board of Hillsborough County, Florida. (Margolin, Jason) (Entered: 06/23/2023) |
| 06/27/2023 | 35 | RESPONSE in Opposition re 34 MOTION for Judgment on the Pleadings filed by Blake Andrew Warner. (Warner, Blake) (Entered: 06/27/2023) |
| 06/29/2023 | 36 | CASE MANAGEMENT REPORT. (Margolin, Jason) (Entered: 06/29/2023) |
| 07/06/2023 | 37 | **COPY OF ORDER dismissing complaint in case 8:23–cv–01029–SDM–SPF, allowing plaintiff to amend. Signed by Judge Steven D. Merryday on 7/6/2023. (LAB)** (Entered: 07/06/2023) |
| 07/10/2023 | 38 | SECOND AMENDED COMPLAINT against School Board of Hillsborough County, Florida filed by Blake Andrew Warner. (Attachments: # 1 Exhibit A south tampa race map, # 2 Exhibit B white map, # 3 Exhibit C hispanic map, # 4 Exhibit D black map, # 5 Exhibit E south tampa elementary map, # 6 Exhibit F wfla addison davis property values, # 7 Exhibit G HOLC ads, # 8 Exhibit H HOLC map, # 9 Exhibit J carrollwood proposal, # 10 Exhibit K wtsp property value concerns, # 11 Exhibit R district map, # 12 Exhibit X gerrymander graphs elementary, # 13 Exhibit Y gerrymander graphs middle, # 14 Exhibit Z gerrymander graphs high)(Warner, Blake) Modified text on 7/11/2023 (LNR). (Entered: 07/10/2023) |
| 07/11/2023 | 39 | **ORDER denying as moot 32––motion to strike; denying as moot 34––motion for judgment on the pleadings; denying as moot 27––motion to consolidate actions; directing the clerk to remove from the case caption "On behalf of himself and his minor child J.W." Signed by Judge Steven D. Merryday on 7/11/2023. (WBW)** (Entered: 07/11/2023) |
| 07/13/2023 | 40 | MOTION for Preliminary Injunction by Blake Andrew Warner. (Attachments: # 1 Text of Proposed Order proposed order, # 2 Exhibit A – Distance Carrollwood K–8, # |

4

|  |  |  |
|---|---|---|
|  |  | 3 Exhibit B – Distance Adams MS, # 4 Exhibit E – Carrollwood proposal, # 5 Exhibit F – School Race demographics, # 6 Exhibit G – State school grades, # 7 Exhibit M – WFLA addison davis property values, # 8 Exhibit N – Distant assigned students, # 9 Exhibit K – Assignment, # 10 Exhibit Q – Race Map)(Warner, Blake) (Entered: 07/13/2023) |
| 07/20/2023 | 41 | RESPONSE in Opposition re 40 MOTION for Preliminary Injunction filed by School Board of Hillsborough County, Florida. (Margolin, Jason) (Entered: 07/20/2023) |
| 07/21/2023 | 42 | NOTICE OF INTERLOCUTORY APPEAL as to 37 Order by Blake Andrew Warner. (Warner, Blake) (Entered: 07/21/2023) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER, on behalf of himself
and his minor child, J.W.,

    Plaintiff,

v.                                          CASE NO. 8:23-cv-1029-SDM-SPF

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY,
FLORIDA,

    Defendant.
_____/

**ORDER**

    Alleging that the Hillsborough County School Board unlawfully both segregates the schools and refuses to assign his child to the school closest to his place of residence, Blake Warner, appearing *pro se* on behalf of himself and his minor child, sues (Doc. 19) the School Board and asserts claims under 20 U.S.C. § 1703; under 42 U.S.C. § 1983; and under Florida law.

    In a pending, earlier-filed action, *Warner v. School Board of Hillsborough County, Florida*, No. 8:23-cv-181-SDM-JSS (M.D. Fla.), Warner on behalf of himself and his minor child alleged racial segregation and asserted claims under 20 U.S.C. § 1703, 42 U.S.C. § 1983, and 42 U.S.C. § 3604. Under *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1236 (11th Cir. 2021), a plaintiff may not "improperly split [] claims" between or among two or more actions. The claims in this action and the claims in the

earlier-filed action appear premised on a common aggregate of facts, that is, appear premised on the "same transaction or series of transactions" — the alleged segregation of the schools in Hillsborough County. For that reason, an order directs Warner to "explain why an order should not dismiss this action for improperly splitting his claims between two actions."

In the earlier-filed action, Warner moves to consolidate the actions and amends the complaint to include only claims under 42 U.S.C. § 3604 and asserted only on behalf of himself. *Warner*, Docs. 27 and 29, No. 8:23-cv-181-SDM-JSS. In this action, Warner reports (Doc. 15) the amendment in the earlier-filed action and contends (1) that the actions are "temporally distant" and (2) that the earlier-filed action "focuses on harm" to Warner but this action "focuses on harm" to Warner's child. Arguing, among other things, that despite the amendment in the earlier-filed action Warner continues to impermissibly split his claims between the two actions, the School Board moves (Doc. 18) to dismiss.

In response to the motion to dismiss, Warner in this action amends the complaint (the amendment moots the motion to dismiss), adds himself as a plaintiff asserting a claim under 20 U.S.C. § 1703, adds a claim under 42 U.S.C. § 1983 on behalf of himself and his child, and replaces the claim under Florida law with a request for a writ of mandamus. But by adding himself as a plaintiff in the amended complaint in this action, Warner undercuts his attempt to avoid claim splitting by removing his child as a plaintiff in the earlier-filed action. As previously stated, Warner cannot "improperly split [his] claims" between or among actions that "arise from the

- 2 -

same transaction or series of transactions." *Kennedy*, 998 F.3d at 1236. According to *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 842–43 (11th Cir. 2017), actions originate in the same transaction or series of transactions if the actions "are related in time, origin, and motivation, and they form a convenient trial unit[.]" Further, *Vanover* affirms the decision that "splitting the time frame into two different periods does not create a separate transaction." Indeed, *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *Zerilli v. Evening News Association*, 628 F.2d 217, 222 (D.C. Cir. 1980); and *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977); persuasively hold that a plaintiff may not "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."

In both this action and the earlier-filed action, Warner appears as a plaintiff; sues the same defendant, the School Board; and asserts claims based on the School Board's allegedly ongoing segregation of the schools in the county. These actions "form a convenient trial unit." Discovery in each action will overlap. Although the injury alleged in one action reportedly occurred at a time different from the injury alleged in the other action, the allegedly ongoing segregation caused each alleged injury. Thus, Warner must assert his claims about the School Board's alleged segregation in a single action.

Further, neither party discusses Warner's ability to prosecute *pro se* his child's claims. Although a parent may appear as plaintiff on behalf of a minor child, who lacks the capacity to sue, "parents who are not attorneys may not bring a *pro se* action on their child's behalf." *FuQua v. Massey*, 615 Fed. App'x 611, 612 (11th Cir. 2015)

- 3 -

(quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997) *overruled in part on other grounds, Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)). Thus, if Warner intends to appear as plaintiff on behalf of his minor child and assert his child's claims, Warner must appear through a lawyer. (Again, Warner may assert *pro se* claims on behalf of himself only.)

For these reasons and because (as the parties agree) Warner cannot assert a claim for a writ of mandamus against a state official, *Butt v. Zimmerman*, 2022 WL 5237916 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1059 (2023), the complaint is **DISMISSED WITHOUT PREJUDICE**. Warner must assert his claims against the School Board in a single action. No later than **JULY 28, 2023**, Warner may amend the complaint in the earlier-filed action, *Warner*, 8:23-cv-00181-SDM-JSS, and assert his claims against the School Board. The clerk is **DIRECTED** to file a copy of this order in the earlier-filed action.

If Warner intends to appear as a plaintiff to assert his son's claims, Warner must appear through a lawyer. No later than **JULY 28, 2023**, a lawyer must appear, or an order will dismiss this action without further notice. The motion (Doc. 18) to dismiss the original complaint in this action is **DENIED AS MOOT**. The motion (Doc. 11) for a preliminary injunction and the motion (Doc. 20) to amend the motion for a preliminary injunction are **DENIED AS MOOT**. Warner may amend the motion for a preliminary injunction after a lawyer appears and amends the complaint. The motion (Doc. 27) to rule on the pending show-cause order is **DENIED AS MOOT**.

- 4 -

Also, after Warner amended the complaint in this action, the School Board again moved (Doc. 21) to dismiss but failed to include a certificate in accord with Local Rule 3.01(g). In response, Warner (1) filed (Doc. 22) a "notice of lack of Local Rule 3.01(g) compliance," which reports that the School Board failed to confer before filing the motion to dismiss, and (2) separately responded (Doc. 24) to the motion to dismiss. The response conceded that "federal mandamus is inappropriate[]" but otherwise opposed the motion to dismiss. To remedy the Local Rule violation, the School Board unilaterally amended (Doc. 23) the motion to dismiss to add a Local Rule 3.01(g) certificate, which states that the parties conferred by e-mail and telephone and that the parties disagree about the motion. Warner responded to the amended motion and asserted that the 3.01(g) certificate falsely represented the conference. The first motion (Doc. 21) to dismiss the amended complaint is **STRICKEN** for failure to comply with Local Rule 3.01(g). And counsel is **WARNED** to comply carefully with all applicable rules, including the Local Rules. The amended motion (Doc. 23) to dismiss the amended complaint is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on July 5, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

# United States District Court
## For The Middle District of Florida
## Tampa Division

| | |
|---|---|
| Blake Warner, on behalf of himself and his minor child J.W.<br><br>v.<br><br>The School Board of Hillsborough County Florida | Case Number 8:23-CV-181-SDM-JSS |

## Notice of Appeal to the Eleventh Circuit Court of Appeals

Plaintiff, Blake Warner, hereby gives notice that he is appealing Order (Doc. 37) entered on July 6, 2023, denying *pro se* status to Mr. Warner to represent his minor child J.W., to the United States Court of Appeal for the Eleventh Circuit[1].

---

[1] *see* Devine v. Indian River County School Board, 121 F.3d 576, 579 (11th Cir. 1997) ("We conclude that we have jurisdiction over non-final orders denying pro se status.").

1

## Certificate of Service

I certify that a copy hereof has been served to Defendant via CM/ECF.

|  |  |
|---|---|
| 7-21-2023 | [signature] |
| Date | Signature |
|  | Blake Warner, *pro se* |
|  | 2211 S Village Ave |
|  | Tampa, FL 33612 |
|  | E-Service: BLAKE@NULL3D.COM |

2