UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER,

    Plaintiffs,

v.                                          Case No. 8:23-cv-00181-SDM-JSS

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY
FLORIDA,

    Defendant.
_____/

### JOINT MOTION TO SEAL UNDER 20 U.S.C. § 1417(c) OR, IN THE ALTERNATIVE, TO FILE UNDER SEAL FOR GOOD CAUSE

Plaintiff Blake Warner and Defendant, The School Board of Hillsborough County, Florida (the "School Board"), file this joint motion to file the unredacted version of the parties' prior settlement agreement under seal.

After a prior conferral with Plaintiff, the School Board filed a redacted version of the parties' prior settlement agreement. *See* Doc. 30-1, Ex. 1. Plaintiff did not object to this Court's consideration of the settlement agreement, and agreed to the redactions applied prior to filing.

More recently, during the parties' conferral regarding the School Board's motion to dismiss Plaintiff's second amended complaint, Plaintiff requested the School Board to file the full, unredacted version of the settlement agreement

1

71883922;4

under seal for the Court's consideration. Accordingly, the parties submit this motion.

I. **MEMORANDUM OF THE REASONS FOR THE REQUESTED SEAL**

Under Local Rule 1.11(b), where a party seeks to have information filed under seal pursuant to a statute, the party must include (1) the statute in the title of the motion, (2) a citation to the statute, (3) a description of the item proposed to be sealed, (4) an explanation of how the proposed item fits within the statute, (5) the proposed duration of the seal, and (6) the contact information of any person authorized to retrieve the item.[1] This Court's approach is guided by the general balancing requirements of the common law right to access court documents versus the compelling reasons that warrant sealing certain records. *See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

Under Local Rule 1.11(c), if a statute does not apply, the motion must include (1) specific language in the title,[2] (2) a description of the item, (3) the reasons the filing and sealing of the item is necessary and alternatives to sealing are unavailable or unsatisfactory, (4) the proposed duration of the seal,

---

[1] The motion must also not include the proposed item for sealing, regardless of whether it is under either Local Rule 1.11(b) or (c).

[2] Given that the motion here presents good cause under Local Rule 1.11(c) in the alternative, it specified that distinction in the title to avoid confusion.

(5) the contact information of any person authorized to retrieve the item, and (6) a legal memorandum supporting the seal.

Under Local Rule 1.11(e), "[s]ealing of a settlement agreement is unavailable absent an extraordinary justification, such as . . . protection of a non-party . . . or protection of a minor or another especially vulnerable person."

### A. Regardless of whether under Local Rule 1.11(b) or (c), this motion complies with the common requirements of those two rules.

Local Rule 1.11(b) and (c) share three common showings: They must include (1) a description of the item to be sealed, (2) a proposed duration of the item to be sealed, and (3) the contact information of people able to request the sealed item.[3]

As a starting point, the item to be sealed is the entire, unredacted version of the settlement agreement between Plaintiff and the School Board in Plaintiff's earlier action on behalf of his child under the Individuals with Disabilities Education Act (IDEA). *See generally* 20 U.S.C. § 1400(a) ("This chapter may be cited as the 'Individuals with Disabilities Education Act.'").

With respect to the third element listed above—the contact information of people able to request the item—it would be the two parties to this action:

---

[3] As noted above, both also prohibit including the proposed item to be sealed. Additionally, they require different language in the title of the motion—this motion includes both, given that the request to seal under Local Rule 1.11(c) is in the alternative.

3

71883922;4

Blake Warner
2211 S. Village Ave.
Tampa, Florida 33612
blake@null3d.com
(212) 542-0155

Jason L. Margolin
Counsel for the School Board
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
jason.margolin@akerman.com
(813) 223-7333

Turning then to the proposed duration of the seal, Plaintiff requested during the parties' conferral that the seal be permanent. In filing this motion, the parties are mindful of current Local Rule 1.11(f), noting that "[n]o seal under this rule extends beyond ninety days after a case is closed and all appeals exhausted." But a few considerations weigh in favor of granting a permanent injunction in this particular instance:

  1. The information to be sealed directly involves a minor that is also a particularly vulnerable person and a non-party to this litigation. *See* Local Rule 1.11(e) (noting these are the types of compelling circumstances that can even justify sealing a settlement agreement); *see also Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 607 (1982) ("[S]afeguarding the physical and psychological well-being of a minor" is a "compelling" state interest); *Webster Groves Sch. Dist. V. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1375 (8th Cir. 1990) (recognizing the First Amendment right of access to court

4

documents is not absolute, and it is particularly compelling to protect records relating to disabled minors under IDEA).

2.  Permanent seals themselves are not forbidden by any *per se* rule (aside from the current version Local Rule 1.11(f)). *See, e.g., U.S. v. Velazquez-Armas*, No. 07-cv-20081-BLOOM, 2023 WL 2475310, at *4 (S.D. Fla. Mar. 13, 2023) (permanently sealing records relating to a criminal sentence); *Augusta Nat'l, Inc. v. Green Jacket Auctions, Inc.*, 2018 WL 797434, at *8, 10 (S.D. Ga. Feb. 8, 2018) (permanently sealing a list of inventory kept on a plaintiff's property).

3.  As the Court had the authority to adopt Local Rule 1.11(f), it may exercise discretion to depart from the letter of that rule where the departure does not affect the substantive rights of the other party. *In re Health Support Network, Inc.*, No. 8:16-cv-03296-T-36, 2017 WL 2495213, at *4 (M.D. Fla. Apr. 6, 2017) (quoting *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 924 (11th Cir. 1986)) ("[E]ven though local rules are valid and binding on the parties, their enforcement must be tempered with due consideration of the circumstances."). In this case, neither party would face negative effects from the proposed departure.

4.  Perhaps indicating a general openness to the possibility of permanent seals, the Court's proposed revisions to the Local Rules (pending,

5

noticed July 25, 2023)[4] would amend Local Rule 1.11(f) to potentially allow for them: "**Unless an order states another time**, a seal under this rule expires ninety days after a case is closed and all appeals are exhausted." (emphasis added).

> B. **The unredacted settlement agreement fits within 20 U.S.C. § 1417(c).**

As noted above in the introductory portion of this legal memorandum, attempting to seal a record under a statute pursuant to Local Rule 1.11(b) requires (in addition to the common elements described above in Section I.A) a citation to the statute and an explanation of how the proposed item fits within the statute.

20 U.S.C. § 1417(c) states:

> The Secretary shall take appropriate action, in accordance with section 1232g of this title, to ensure the protection of the confidentiality of any personally identifiable data, information, and records collected or maintained by the Secretary and by State educational agencies and local educational agencies pursuant to [IDEA].

Courts have recognized that this language emphasizes the importance of protecting minors whose records are subject to IDEA. As the Eighth Circuit emphasized in *Webster Groves School District v. Pulitzer Publishing Co.*:

---

[4] https://www.flmd.uscourts.gov/announcements/public-notice-and-opportunity-comment-proposed-amendments-local-rules

6

71883922;4

> Congress, through [IDEA],[5] has further restricted the release of information when a handicapped student is involved. 20 U.S.C. § 1417(c) (1988).[] Identifying information about such students is not to be released absent parental consent and its confidentiality is to be protected. 34 C.F.R. §§ 300.571, .572 (1988).[6] Much of the information is to be destroyed at the parent's request when no longer needed by the school. *Id.* § 300.573. **In judicial proceedings brought pursuant to [IDEA], a great deal of this statutorily protected information inevitably will be placed before the court.** "In addition to reviewing the administrative record, courts are empowered to take additional evidence at the request of either party . . . ." *Honig*, 484 U.S. at 312, 108 S.Ct. at 598. **In order to safeguard the confidentiality of such information in judicial proceedings, it therefore is appropriate to restrict access to the courtroom and the court file.**

898 F.2d 1371, 1375 (8th Cir. 1990) (emphasis added).

In this case, the settlement agreement flowed directly from an IDEA action that Plaintiff brought on behalf of his child. As a result, it is exactly the type of information IDEA seeks to protect as a record relating to Plaintiff's child. If the Court wishes to review the settlement agreement *in camera* to determine its relevant to the education of Plaintiff's child, that might be a possibility, though Plaintiff has noted he does not consider *in camera* review to be an acceptable result for admitting the record for the substance of this

---

[5] The Eighth Circuit referred to IDEA as the "Education of the Handicapped Act," or "EHA." *Webster Groves*, 898 F.2d at 1373.

[6] It appears to the School Board that these particular regulations have since been repealed, though the underlying statute remains.

case. *See infra* Section I.C (explaining Plaintiff's concerns that the unredacted record be part of any appellate review).

### C. Good cause exists to seal the settlement agreement even in the absence of 20 U.S.C. § 1417(c).

If the Court is disinclined to grant the seal under 20 U.S.C. § 1417(c), the parties request in the alternative that it grant it under Local Rule 1.11(c) for good cause. Local Rule 1.11(c) has two requirements that are distinct from Local Rule 1.11(b) (as the common elements are discussed above in Section I.A). First, the motion must be accompanied by a legal memorandum supporting the seal. This memorandum fulfills that requirement.

Second, the motion must describe the reasons the filing and the sealing of the item is necessary and explain why the alternatives to sealing are unavailable or unsatisfactory. As a starting point, the reason proffered for filing the item is that Plaintiff wishes to rely upon the entire, unredacted version of the settlement agreement in his response to the School Board's motion to dismiss.

As for why the seal is necessary, the strongest justification is found in the Local Rules themselves. Specifically, although Local Rule 1.11(e) notes that the filing of settlement agreements under seal "is unavailable absent an extraordinary justification," it goes on to state that those justifications include "protection of a non-party" and "protection of a minor or another especially

8

vulnerable position."[7] As explained above in Section I.A, the settlement agreement at issue deals with a person who fits into each of those three categories—Plaintiff's child is a non-party, a minor, and is a disabled individual (an "especially vulnerable person"). *See* Local Rule 1.11(e).

Lastly, the alternatives to a seal are unavailable or unsatisfactory in this case. During the parties' conferral, the parties considered the possibility of using *in camera* review to accomplish the effect of a permanent seal, as the Court noted in *Hernandez v. Wahoo Fitness, LLC*, No. 6:15-cv-01989-Orl-41TBS, 2017 WL 3720874, at *1 (M.D. Fla. May 23, 2017). Plaintiff, however, expressed concerns that *in camera* review would not allow the unredacted agreement to be part of the record for appellate review.[8] Additionally, the alternative of filing the full settlement agreement unredacted is unsatisfactory, given that it contains information regarding a disabled minor that is a non-party to this litigation (but was involved in an IDEA proceeding). Filing it unredacted would reveal that minor's information.

---

[7] Local Rule 1.11(e) is arguably a "rule" authorizing a filing under seal, which would put the analysis back under Rule 1.11(b). Given that the required discussion under Rule 1.11(c) is more extensive than the requirement under Rule 1.11(b), and it is not expressly clear Rule 1.11(e) "authorizes a filing under seal" so much as notes the general preference towards protecting non-parties, minors, and vulnerable individuals, this motion notes the requirements under Rule 1.11(c) in an abundance of caution.

[8] The School Board notes that Plaintiff has already filed a notice of appeal in this case, though it is on a different issue than anything involving the settlement agreement, and Plaintiff's position is that it might be necessary for any *future* appeal.

71883922;4

## II. GOOD FAITH CONFERRAL CERTIFICATION

Pursuant to Local Rule 3.01(g), the parties discussed the relief sought in this motion, and are submitting it jointly.

Respectfully submitted,

/s/ *Blake Warner*
**Blake Warner,** *Plaintiff Pro Se*
2211 S. Village Ave.
Tampa, Florida 33612
E-Service: blake@null3d.com

/s/ *Jason L. Margolin*
**Jason L. Margolin, Esq.**
Florida Bar No. 69881
jason.margolin@akerman.com
judy.mcarthur@akerman.com
**Gregg M. Moran, Esq.**
Florida Bar No. 1011060
gregg.moran@akerman.com
ava.hill@akerman.com
AKERMAN LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
(813) 223-7333 / Fax: (813) 223-2837
*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July 2023, I filed the foregoing using the Court's CM/ECF and served an additional copy on Blake Warner at blake@null3d.com.

/s/ *Jason L. Margolin*
Counsel for Defendant

10