# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner

v.

The School Board of
Hillsborough County Florida

Case Number 8:23-CV-181-SDM-JSS

## Plaintiff's Notice of Supplemental Authority

Plaintiff files this notice pursuant Local Rule 3.01(i):

"First, basic utility services have an undeniably closer connection to the sale or rental of a dwelling than the generally provided municipal services at issue in Cox and *Jersey Heights*. Specifically, it is common knowledge that in connection with buying or leasing a dwelling, a resident must obtain basic utility services, such as water, gas, and electricity for the home. Moreover, in the context of housing, a person cannot obtain such services without first obtaining a dwelling. In other words, these basic utility services are inextricably intertwined with the dwelling itself. Indeed, it is practically impossible when considering housing to separate the "sale or rental of a dwelling" from the concept of obtaining basic utility services. Thus, the provision of these attendant services is clearly, directly connected to the sale or rental of a dwelling.

Finally, the City argues that because it is not a housing provider, but instead is a third-party provider of services and 'a stranger to each individual Plaintiff's sale or rental transaction,' it cannot be subject to liability under § 3604(b). While it is true that the majority of cases under § 3604(b) involve

1

providers of housing who are also responsible for the services associated with the dwelling, the text of § 3604(b) does not limit its applicability in such a manner and our case law has never held that only housing providers are subject to liability thereunder."

*Ga. State Conference of NAACP v. City of Lagrange*, 940 F.3d 627, 634-635 (11th Cir. 2019)

| | |
|---|---|
| 10-16-2023 | *signature* |
| Date | Signature |
| | Blake Warner, *pro se* |
| | 2211 S Village Ave |
| | Tampa, FL 33612 |
| | E-Service: BLAKE@NULL3D.COM |

2