UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER

    Plaintiff,

v.                                                     Case No. 8.23-CV-181-SDM JSS

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY FLORIDA,

    Defendant,
_____/

## DEFENDANT THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA'S UNOPPOSED MOTION TO STAY DISCOVERY

Defendant, The School Board of Hillsborough County, Florida (the "School Board"), moves the Court for entry of an order staying discovery until the Court has made a final ruling on the School Board's pending Motion to Dismiss (Dkt. 45) with prejudice, because the motion will significantly narrow, if not eliminate, this case. Plaintiff simultaneously (i) served discovery seeking information on non-party students and documents dating back to 1848 and (ii) proposed the stay. The School Board agrees a stay is warranted and moves the Court to stay discovery until the Court has made a decision on the motion to dismiss.

73909698;2

## INTRODUCTION

The School Board should not be required to endure the burden of discovery in this case, where Plaintiff's claims against the School Board are fatally flawed. The motion to dismiss will significantly narrow, if not eliminate, Plaintiff's entire case. The School Board has filed a Motion to Dismiss Plaintiff's complaint, with prejudice (Doc. 45) asserting (1) it is barred by the parties' prior settlement agreement; (2) fails to state a claim for relief; and (3) violates the Court's prior Order. *See* Doc. 37 (the "Order") (explaining Plaintiff Mr. Warner could not appear *pro se* for claims brough on behalf of his minor child) (citing *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 215)). No discovery is necessary to resolve the Motion to Dismiss, which is currently under advisement. And if granted, no discovery will be necessary in this case.

In this motion, the School Board asks that the Court stay discovery until the Court has an opportunity to rule on the pending dispositive motion.

## RELEVANT PROCEDURAL BACKGROUND AND DISCOVERY

1. Plaintiff filed his Second Amended Complaint on July 10, 2023.

2. The School Board filled its motion to dismiss July 24, 2023.

3. The Court heard argument on the motion to dismiss on October 26, 2023, taking the matter under advisement.

4. One month later, on November 29, 2023, Plaintiff served his initial disclosures and informed the School Board:

> While I do not oppose staying discovery, my concern is that the court will toll this time absent a stay order. If you wish to file a motion to stay discovery, then I would be unopposed. Absent that motion being filed, I will start serving discovery requests.

*See* **Exhibit 1**, Email from Plaintiff dated November 29, 2023.

5. At that same time, Plaintiff also served his first set of document requests. *See* **Exhibit 2**, Plaintiff's Request for Production. In multiple requests, Plaintiff seeks documents from "the year 1848 to present." *See id.*, Request Nos. 5-6, and 8.

6. The next day, on November 30, 2023, Plaintiff's served his first set of Interrogatories. *See* **Exhibit 3**, Plaintiff's Interrogatories. In multiple interrogatories, Plaintiff seeks information about non-party students. *See id.*, Interrogatory Nos. 1-3.

7. Plaintiff also indicated an intent to serve non-party subpoenas and again proposed a stay. *See* **Exhibit 4**, Email from Plaintiff dated November 30, 2023 ("Just to reiterate, I am unopposed to a motion to stay discovery until the MTD is ruled upon.").

## MEMORANDUM OF LAW

The Court is empowered to stay discovery pending a facial challenge to the legal sufficiency of a complaint, which presents a purely legal question

that does not involve any issues of fact. *See, e.g.*, *Horsely v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). If possible, the district court should eliminate any legally unsupported claim, which would unduly enlarge the scope of discovery, before the discovery stage begins. *See Chudasma*, 123 F.3d at 1368. Here, the claims against the School Board are legally unsupported because Plaintiff failed to state a claim upon which relief could be granted and the Second Amended Complaint violates the Court's order of dismissal. Thus, the Court should rule on the motion to dismiss before allowing discovery to continue. *See Schreiber v. Kite King's Lake, LLC,* Case No. 2:10-cv-391-FtM-29DNF, 2010 WL 3909717, at *1 (M.D. Fla. Oct. 1, 2010) ("courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount").

Moreover, when a plaintiff fails to comply with a court's order, the court is entitled to dismiss the complaint. *See Meador v. CCI Techachapi*, 336 F. App'x. 734, 735 (9th Cir. 2009) ("The district court did not abuse its discretion by dismissing the complaint in light of Meadors failure to comply with the court's order to submit an amended complaint within thirty days, and its warning that failure to comply would result in dismissal of the case."). Here, the School Board's motion to dismiss details multiple reasons why the

Court should dismiss Plaintiff's Second Amended Complaint, including Plaintiff's failure to comply with the Court's prior order. *See* Doc. 45.

In determining whether to grant a stay, courts generally examine three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *See Scoma Chiropractic v. Dental Equities, LLC*, No. 2:16-CV-41-FTM-99MRM, 2016 WL 7448718, at *3 (M.D. Fla. Dec. 28, 2016) (citing *Freedom Scientific, Inc. v. GW Micro, Inc.*, No. 8:05–cv–1365–T–33TBM, 2009 WL 2423095, *1 (M.D. Fla. July 29, 2009)). All three factors weigh in favor of staying discovery with respect to the School Board in this case.

First, the brief stay of discovery will not unduly prejudice or tactically disadvantage the Plaintiff. Plaintiff does not oppose the stay requested. In fact, Plaintiff proposed the stay when he served his initial discovery. *See* Ex. 1 and 4.

As to the second and third factors, the stay will simplify the issues and reduce the burden of litigation on the parties. A brief stay will permit the Court time to resolve the pending Motion to Dismiss, which should completely eliminate this case, or at the very least limit the scope of discovery. Limiting the scope of discovery will obviously reduce the burden of

litigation on the School Board, as well as on Mr. Warner, and streamline the adjudication of any remaining claims.

Any discovery directed towards the School Board will be completely unnecessary if the Court grants the School Board's Motion to Dismiss. Accordingly, good cause exists for the Court to exercise its discretion to stay discovery until after the Court has had an opportunity to review and adjudicate the School Board's Motion to Dismiss.

### Certification of Compliance with Local Rule 3.01(g)

Pursuant to Local Rule 3.01(g), undersigned counsel for the School Board hereby certifies that he conferred with Plaintiff on November 30, 2023, and Plaintiff does not oppose the School Board's request for a stay.

Date:  December 11, 2023.     Respectfully submitted,

                             */s/ Jason L. Margolin*
                             **JASON L. MARGOLIN**
                             Florida Bar No. 69881
                             **TRIAL COUNSEL**
                             Primary E-mail: jason.margolin@akerman.com
                             Secondary E-mail: judy.mcarthur@akerman.com
                             **BENJAMIN ROBINSON**
                             Florida Bar No. 1045169
                             Primary: benjamin.robinson@akerman.com
                             Secondary: Judy.mcarthur@akerman.com
                             **AKERMAN LLP**
                             401 E. Jackson Street, Suite 1700
                             Tampa, Florida 33602
                             Telephone:  (813) 209-5009
                             ***Attorneys for Defendant, Hillsborough County School Board***

73909698;2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of December, 2023, I filed the foregoing with the Court via CM/ECF, which will serve a true and correct copy of the foregoing via email service on all counsel of record.

                                             */s/ Jason L. Margolin*
                                             Attorney

73909698;2