UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER

    Plaintiff,

v.                                                    Case No. 8.23-CV-181-SDM JSS

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY FLORIDA,

    Defendant,
_____/

## DEFENDANT THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DISCOVERY

Defendant, The School Board of Hillsborough County, Florida (the "School Board"), moves the Court for entry of an order enlarging the time for it to respond to discovery until the Court has made a ruling on the School Board's pending Motion to Stay (Dkt. 68) and a final ruling on the School Board's pending Motion to Dismiss (Dkt. 45) with prejudice.

Plaintiff simultaneously (i) served discovery seeking information on non-party students and documents dating back to 1848, and (ii) proposed the stay. The School Board agrees a stay is warranted and previously moved the Court to stay discovery until the Court has made a decision on the motion to dismiss. Now, the School Board seeks an extension of time to respond to discovery until the Court rules on the pending motions.

74230456;1

**INTRODUCTION**

The Court should extend the deadline for the School Board to respond to the discovery in this case because: (i) the School Board's unopposed motion to stay discovery (Dkt. 68) (the "Motion to Stay") is pending, and (ii) the School Board's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 45) (the "Motion to Dismiss") is under advisement. The School Board should not be required to endure the burden of discovery in this case, where Plaintiff's claims against the School Board are fatally flawed and where Plaintiff previously agreed a stay of discovery is warranted until the Motion to Dismiss is resolved.

In this motion, the School Board asks that the Court extend the School Board's deadline to respond to the discovery until the Court has an opportunity to rule on the pending Motion to Stay and pending dispositive Motion to Dismiss, or at least through March 4, 2024.

**RELEVANT PROCEDURAL BACKGROUND AND DISCOVERY**

1. Plaintiff filed his Second Amended Complaint on July 10, 2023.

2. The School Board filled its Motion to Dismiss on July 24, 2023.

3. The Court heard argument on the Motion to Dismiss on October 26, 2023, taking the matter under advisement.

4. One month later, on November 29, 2023, Plaintiff served his initial disclosures and informed the School Board:

2

74230456;1

> While I do not oppose staying discovery, my concern is that the court will toll this time absent a stay order. If you wish to file a motion to stay discovery, then I would be unopposed. Absent that motion being filed, I will start serving discovery requests.

*See* Doc. 68-1, Email from Plaintiff dated November 29, 2023.

5. At that same time, Plaintiff also served his first set of document requests. *See* Doc. 68-2, Plaintiff's Request for Production. In multiple requests, Plaintiff seeks documents from "the year 1848 to present." *See id.*, Request Nos. 5-6, and 8.

6. The next day, on November 30, 2023, Plaintiff's served his first set of Interrogatories. *See* Doc. 68-3, Plaintiff's Interrogatories. In multiple interrogatories, Plaintiff seeks information about non-party students. *See id.*, Interrogatory Nos. 1-3.

7. Plaintiff also indicated an intent to serve non-party subpoenas and again proposed a stay. *See* Doc. 68-4, Email from Plaintiff dated November 30, 2023 ("Just to reiterate, I am unopposed to a motion to stay discovery until the MTD is ruled upon.").

8. On December 11, 2023, the School Board filed its unopposed Motion to Stay, which remains pending. *See* Doc. 68.

## MEMORANDUM OF LAW

The Court is empowered to extend the time to respond to discovery for good cause, with or without a motion before the original time to respond. *See*

Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires").

The School Board's pending Motion to Stay and pending Motion to Dismiss each provide an independent good cause for this Court to extend the discovery deadline.

First, this motion to enlarge the School Board's deadline to respond to discovery is being filed in an abundance of caution because the Court has not yet entered an order granting the unopposed Motion to Stay. If the Motion to Stay is granted, this motion will be moot. At the very least, the deadline for the School Board to respond to the discovery should be extended until the Court can resolve the Motion to Stay.

Second, the Motion to Dismiss will significantly narrow, if not eliminate, Plaintiff's entire case. The School Board has filed a Motion to Dismiss Plaintiff's complaint, with prejudice asserting (1) it is barred by the parties' prior settlement agreement; (2) fails to state a claim for relief; and (3) violates the Court's prior Order. *See* Doc. 37 (the "Order") (explaining Plaintiff Mr. Warner could not appear *pro se* for claims brough on behalf of his minor child) (citing *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 215)). No discovery is necessary to resolve the Motion to Dismiss, which is

4

74230456;1

currently under advisement. And if granted, no discovery will be necessary in this case.

As explained in the School Board's Motion to Stay, the district court should eliminate any legally unsupported claim, which would unduly enlarge the scope of discovery, before the discovery stage begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Thus, at the very least, the Court should extend the discovery deadline to permit the Court time to rule on the pending Motion to Stay.

Because the Plaintiff did <u>not</u> oppose the Motion to Stay, and because there are no pending deadlines, a brief extension of the deadline will not unduly prejudice or tactically disadvantage the Plaintiff. Any discovery directed towards the School Board will be completely unnecessary if the Court grants the School Board's Motion to Dismiss, and this motion will be moot if the Court grants the School Board's Motion to Stay.

Accordingly, good cause exists for the Court to exercise its discretion to extend the deadline for the School Board to respond to Plaintiff's discovery until after the Court has had an opportunity to review and adjudicate the School Board's Motion to Dismiss and Motion to Stay.

## Certification of Compliance with Local Rule 3.01(g)

Pursuant to Local Rule 3.01(g), undersigned counsel for the School Board hereby certifies that he conferred with Plaintiff on January 2, 2024,

74230456;1

requesting an extension to respond to the discovery through March 4, 2024, because the Court still had the Motion to Stay and Motion to Dismiss under advisement. Plaintiff agreed to extend the time for production of documents and interrogatory answers for thirty-days but opposed any extension of time for objections and assertions of privilege.

Date:  January 2, 2024.          Respectfully submitted,

                     */s/ Jason L. Margolin*
**JASON L. MARGOLIN**
Florida Bar No. 69881
**TRIAL COUNSEL**
Primary E-mail: jason.margolin@akerman.com
Secondary E-mail: judy.mcarthur@akerman.com
**BENJAMIN ROBINSON**
Florida Bar No. 1045169
Primary: benjamin.robinson@akerman.com
Secondary: Judy.mcarthur@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone:  (813) 209-5009
***Attorneys for Defendant, Hillsborough County School Board***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of January 2024, I filed the foregoing with the Court via CM/ECF, which will serve a true and correct copy of the foregoing via email service on all counsel of record and Plaintiff, Mr. Blake Warner.

                                             */s/ Jason L. Margolin*
                                             Attorney