# United States District Court
## For The Middle District of Florida
### Tampa Division

Blake Warner

v.

The School Board of Hillsborough County Florida

Case Number 8:23-CV-181-SDM-JSS

# Plaintiff's Response to Defendant's Motion for Enlargement of Time to Respond to Discovery And Cross Motion to Compel

Plaintiff responds to Defendant's motion for an extension of time to respond to discovery requests, and further moves the Court for an order to Compel pursuant Fed.R.Civ.P. 37(a).

Defendant moved for an extension of time to respond to discovery requests based on the mere filing of a motion to dismiss and a motion to stay discovery[1], after failing to obtain an unfettered extension[2] from the Plaintiff on the day discovery responses

---

[1] Doc. 69 pp.2 "The Court should extend the deadline for the School Board to respond to the discovery in this case because: (i) the School Board's unopposed motion to stay discovery (Dkt. 68) (the 'Motion to Stay') is pending, and (ii) the School Board's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 45) (the 'Motion to Dismiss') is under advisement."

[2] Plaintiff agreed to a thirty day extension to produce answers and documents if Defendant served objections and claims of privilege on the original due date.

1

were due, after performing zero diligent efforts to comply with the deadline. As a result, their responses are now untimely and all objections and claims of privilege are waived.

## Legal Standard

"Courts enjoy broad discretion in deciding how to regulate discovery and manage the cases before them. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); see *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In exercising this discretion, a court may extend the time concerning when an act…"

*Life Ins. Co. of the Sw. v. Greenbaum*, 8:20-cv-888-MSS-JSS, at *1 (M.D. Fla. Nov. 16, 2021)

"Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, a court may grant an extension of time for good cause shown if a motion is made before the original time expires. The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline.See *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ('The good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.') (internal quotations omitted)."

*Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985-Orl-19GJK, at *4 (M.D. Fla. Feb. 26, 2010)

"The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."

Fed.R.Civ.P. 33(b)(2)

"The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."

Fed.R.Civ.P. 34(b)(2)

"A party has thirty days to respond to interrogatories by serving answers or

objections, although a longer or shorter time may be imposed by stipulation of the parties or court order. Fed. R. Civ. P. 33(b)(2). Pursuant to Federal Rule of Civil Procedure 33(b)(4), "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); see Middle District Discovery (2015) at 16 ("Absent compelling circumstances, failure to assert objections to an interrogatory within the time for answers constitutes a waiver and will preclude a party from asserting the objection in response to a motion to compel.") Therefore, "when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Pitts v. Francis*, 5:07CV169/RS/EMT, 2008 WL 2229524, at *2 (N.D. Fla. May 28, 2008) (citing In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989)). The waiver operates even in situations where a party had a proper objection to a discovery request. Third Party Verification, *Inc. v. SignatureLink, Inc.*, No. 6:06-cv-415-Orl-22DAB, 2007 WL 1288361 *3 (M.D. Fla. May 2, 2007) (holding "[a] party who fails to file timely objections waives all objections, including those based on privilege or work product.")"

*United States v. Wilkins*, Case No: 8:14-cv-993-T-17JSS, at *3 (M.D. Fla. Sep. 21, 2017)

"Motions for extension of time within which to respond to discovery should be filed sparingly and only when counsel are unable to informally resolve their disputes. Counsel should be aware that the mere filing of a motion for an extension of time in which to respond does not, absent an order of the Court, extend the deadline for responding to discovery requests."

Middle District of Florida Civil Discovery Practice Handbook (I)(E)

## No Good Cause

Defendant made no serious attempt to demonstrate good cause. The entire basis for their good cause is the mere filing of previous motions which is explicitly not good cause under existing rules[3].

Defendant does not request additional time to properly respond to the discovery request, they engaging in bad faith by duplicating these proceedings by re-litigating their previous motion to stay discovery by repackaging the exact same argument into

---

[3] *see* Middle District of Florida Civil Discovery Practice Handbook (I)(E)

3

the instant motion. The fact that they originally sought approximately 60-day extension from Plaintiff, and seek the exact same relief–a discovery stay until the motion to dismiss is decided–from this Court belies the fact that their intent is to delay–not to comply–through duplicative filings.

> "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting FED. R. CIV. P. 16 advisory committee note). "'If [a] party was not diligent, the [good cause] inquiry should end.'" Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992))."
>
> *Mid-Continent Cas. Co. v. Stanley Homes, Inc.*, Case No: 6:17-cv-1512-Orl-41TBS, at *6 (M.D. Fla. May 9, 2018)

Defendant did not even try to negotiate the time to serve objections and privilege.

## Procrastination and Untimely

Defendant did not demonstrate any diligent efforts on their part to meet the deadline because there were no diligent efforts: they reached out to Plaintiff, for the first time, on January 2, 2023, the day the discovery requests were due.

Defendant lazily waited eleven (11) days after being served discovery requests to seek an unopposed discovery stay.

Furthermore, a diligent litigant would realize that if a court has not acted on their unopposed motion to stay discovery within a week, that they should promptly act to respond to pending discovery requests or promptly seek an extension.

Despite the eleventh hour request for an extension, Plaintiff engaged in good faith by immediately agreeing to a 30 day extension to produce actual documents and answers if they serve their objections and claims of privilege on the original due date.

After all, serving objections and claims of privilege that are apparent from the face of the discovery requests should not take much time at all, and would allow the case to move forward. Rather than make any attempt to negotiate the date objections and claims of privilege were due, Defendant ran afoul of Local Rule 3.01(g) by running to the Court to file the instant motion. The entire communications between the parties regarding this case on January 2, 2023 are attached as Exhibit A.

As a result of their procrastination and eleventh hour request combined with the fact that filing for an extension does not toll the time to respond, Defendant's responses are now untimely. Therefore all objections and claims of privileges are now waived.

## Relief Requested

Plaintiff respectfully requests that this court:

1. deny Defendant's motion for extension of time to respond to discovery.

2. deem the objections and claims of privilege waived.

3. order Defendant to respond to the discovery within 30 days.

4. direct the clerk to mail Defendant a physical copy of the Middle District of Florida Civil Discovery Practice Handbook[4].

---

[4] *see* https://www.flmd.uscourts.gov/civil-discovery-handbook

| | |
|---|---|
| 1-3-2024 | [signature] |
| Date | Signature |

Blake Warner, *pro se*

2211 S Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM