- 📄 PA 450.pdf
  83K
- 📄 Warner-preapp-1662602023307.pdf
  113K
- 📄 closing_disclosure_2022-10-12T17-20-51-171Z.pdf
  289K
- 📄 Pre_Approval_Letter_-__400_000_-_Sep_12_2022.pdf
  40K
- 📄 2211_village_contract.pdf
  1441K

---

**jason.margolin@akerman.com** <jason.margolin@akerman.com>    Tue, Jan 2, 2024 at 8:06 AM
To: blake@null3d.com, benjamin.robinson@akerman.com
Cc: judy.mcarthur@akerman.com

Mr. Warner:

As the Court still has our motion to dismiss and our motion to stay under advisement, please let us know if you will agree to extend our deadline to respond to your discovery requests through Monday, March 4, 2024.

Thank you,

**Jason L. Margolin**

Partner

Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602

D: 813 209 5009 | F: 813 218 5488

Admitted to Practice in Florida and District of Columbia

jason.margolin@akerman.com

[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>    Tue, Jan 2, 2024 at 8:09 AM
To: jason.margolin@akerman.com
Cc: benjamin.robinson@akerman.com, judy.mcarthur@akerman.com

Good Morning Jason,

Objections due by original due date(s), actual document production I agree to a 30 day extension.

Best regards,
-Blake
[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>    Tue, Jan 2, 2024 at 8:24 AM
To: jason.margolin@akerman.com
Cc: benjamin.robinson@akerman.com, judy.mcarthur@akerman.com

To clarify, the same thing applies to the interrogatories:

objections due today on the original due date, actual answers, I agree to a 30-day extension.

best regards,
-Blake

[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>     Tue, Jan 2, 2024 at 8:30 AM
To: jason.margolin@akerman.com
Cc: benjamin.robinson@akerman.com, judy.mcarthur@akerman.com

Also to be clear, I consider claims of privilege to be objections. Claims of privilege due on their original due dates as well (I lump these in with objections), for documents or information that you can reasonably infer from the face of the discovery requests.

best regards,
-Blake

[Quoted text hidden]

---

**jason.margolin@akerman.com** <jason.margolin@akerman.com>     Tue, Jan 2, 2024 at 8:38 AM
To: blake@null3d.com
Cc: benjamin.robinson@akerman.com, judy.mcarthur@akerman.com

Mr. Warner:

Typically, the answers to interrogatories are served at the same time as objections, and responses identifying what documents will be produced are served at the same time as objections. We were simply asking that you confirm the deadline for all of it would be extended, in light of the pending motion to stay (which you did not oppose). Nevertheless, if you will not agree, just let me know, and we'll file a motion to extend the deadline.

Thanks,

[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>     Tue, Jan 2, 2024 at 8:48 AM
To: jason.margolin@akerman.com
Cc: benjamin.robinson@akerman.com, judy.mcarthur@akerman.com

Mr. Margolin,

My position on the matter has not changed: objections and claims of privilege that can be reasonably inferred from the face of the complaint due by the original due dates, actual document production and actual answers extended 30 days.

I do not believe my position is unreasonable, you should be able to quickly figure out your ojections and claims of privilege from the face of the discovery requests. I am not going to hold you feet to the fire in the event that some document or answer raises some question that you reasonably could not have foreseen before the discovery was produced.

I do believe it is a bit of a time crunch for you, but that is a self-inflicted wound caused by procrastination. It is not that much work to serve your objections and claims of privilege.

best regards,
-Blake

[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>     Tue, Jan 2, 2024 at 9:03 AM
To: jason.margolin@akerman.com

Cc: benjamin.robinson@akerman.com, judy.mcarthur@akerman.com

To supplement my initial disclosure, here is a picture of my father and I together taken on Dec 31, 2023.

