[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12408

Non-Argument Calendar

_____

BLAKE ANDREW WARNER,

                      Plaintiff-Appellant,

*versus*

SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA,

                      Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-00181-SDM-JSS

_____

Case 8:23-cv-00181-SDM-UAM   Document 77   Filed 05/16/24   Page 2 of 12 PageID 780
USCA11 Case: 23-12408   Document: 41-1   Date Filed: 05/08/2024   Page: 2 of 10

2　　　　　　　　　Opinion of the Court　　　　　　　　　23-12408

_____

No. 23-12411

Non-Argument Calendar

_____

BLAKE ANDREW WARNER,

　　　　　　　　　　　　　　　　　　　　　Plaintiff-Appellant,

*versus*

SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA,

　　　　　　　　　　　　　　　　　　　　　Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-01029-SDM-SPF

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

　　Blake Warner, acting on behalf of himself and his minor child, J.W., sued the School Board of Hillsborough County in two

Case 8:23-cv-00181-SDM-UAM   Document 77   Filed 05/16/24   Page 3 of 12 PageID 781
USCA11 Case: 23-12408   Document: 41-1   Date Filed: 05/08/2024   Page: 3 of 10

23-12408               Opinion of the Court                    3

separate actions both alleging that the School Board engages in racially discriminatory districting practices.[1] The district court dismissed the action brought by Warner's minor child because Warner, as a nonlawyer, could not represent his minor child *pro se*. Warner appeals the order dismissing his minor child's claims. For the reasons that follow, we affirm.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Warner's child, J.W., is a Black student in the Hillsborough County school system. On January 26, 2023, Warner, acting *pro se* and asserting claims for both himself and J.W., filed the 181 Case alleging that the School Board intentionally segregated students by race. The School Board achieved this, Warner says, by strategically drawing district boundaries along demographic lines resulting in a discriminatory effect on minority students, including J.W. According to Warner, these districting decisions caused minority students to be assigned to lower-performing schools while white students were assigned to higher-performing schools. The School Board moved to dismiss the complaint for lack of subject-matter jurisdiction, which the district court denied.

---

[1] Warner filed two separate cases, both alleging similar facts and harms. *See Warner v. School Board of Hillsborough County, Florida*, No. 23-cv-181 (M.D. Fla.) and *Warner v. School Board of Hillsborough County, Florida*, No. 23-cv-1029 (M.D. Fla.). Where the distinction does not matter, we refer to these together as "Warner's cases" and, where the distinction does matter, we refer to them separately as "the 181 Case" and "the 1029 Case."

Case 8:23-cv-00181-SDM-UAM   Document 77   Filed 05/16/24   Page 4 of 12 PageID 782
USCA11 Case: 23-12408   Document: 41-1   Date Filed: 05/08/2024   Page: 4 of 10

4                      Opinion of the Court                    23-12408

A few days after the district court denied the motion to dismiss in the 181 Case, Warner filed a separate complaint, initiating the 1029 Case. There, Warner alleged that the School Board made additional changes to district boundaries since the commencement of the 181 Case, causing J.W. to have to choose between "a failing racially segregated school in his community" or "driving approximately two hours per day to distant schools" for the 2023–24 school year. In sum, Warner alleged, the School Board's new redistricting created a greater degree of segregation by assigning J.W. to a further-away, minority-majority school despite there being a closer and higher-performing, majority-white school that he was not permitted to attend.

Warner then filed a notice of related action and a motion to consolidate in the 181 Case, informing the district court of his 1029 Case. Without ruling on the motion to consolidate in the 181 Case, the district court entered an order to show cause in the 1029 Case, directing Warner to demonstrate why that case should not be dismissed for improper claim-splitting. Warner responded, explaining that the 181 Case alleged past harms, while the 1029 Case alleged future harms for the then-upcoming school year based on J.W.'s new school placement. At the same time, Warner amended his complaint in the 181 Case and the School Board filed its answer.

Two weeks later, before the district court took any action on the show-cause order, the School Board moved to dismiss the complaint in the 1029 Case. There, the School Board argued that Warner engaged in improper claim splitting, his claims were

Case 8:23-cv-00181-SDM-UAM   Document 77   Filed 05/16/24   Page 5 of 12 PageID 783
USCA11 Case: 23-12408   Document: 41-1   Date Filed: 05/08/2024   Page: 5 of 10

23-12408               Opinion of the Court                5

barred by a previous settlement agreement, and he failed to state a claim. After full briefing from the parties, the district court granted the motion and dismissed the complaint in the 1029 Case. In that order, the district court explained two bases for its ruling: first, it found that Warner improperly split his claims between the two cases, both of which involved the same plaintiffs, the same defendant, and closely interrelated claims of school segregation. Further, the district court reasoned, discovery in both cases would overlap and would form "a convenient trial unit." Finally, while the injuries alleged in each case reportedly occurred at different times, they arose from the same allegedly ongoing segregation scheme. As a second independent basis for dismissal, the district court sua sponte raised the issue of Warner's *pro se* representation of his son, J.W. Citing our decisions in *FuQua v. Massey*, 615 F. App'x 611 (11th Cir. 2015) and *Devine v. Indian River County School Board*, 121 F.3d 576 (11th Cir. 1997), the district court determined that Warner was not permitted to assert his minor child's claims *pro se* and would need to appear through a lawyer to pursue an action on J.W.'s behalf. For these reasons, the district court dismissed both of Warner's complaints[2] without prejudice and afforded him the opportunity to file an amended complaint in the 181 Case asserting all of his own claims there.[3] As for J.W.'s claims, the district court cautioned

---

[2] The district court entered its dismissal order in the 1029 Case and then filed a copy on the docket in the 181 Case.

[3] Warner timely amended his complaint in the 181 Case, asserting only his own claims. That case has proceeded during the pendency of this interlocutory appeal.

Case 8:23-cv-00181-SDM-UAM  Document 77  Filed 05/16/24  Page 6 of 12 PageID 784
USCA11 Case: 23-12408  Document: 41-1  Date Filed: 05/08/2024  Page: 6 of 10

6                  Opinion of the Court                 23-12408

Warner that, if he intended to assert J.W.'s claims, he was required to appear through counsel.

This appeal timely followed.[4]

## II. STANDARD OF REVIEW

The interpretation of a statute or Federal Rule of Civil Procedure is a question of law subject to de novo review. *Burlison v. McDonald's Corp.*, 455 F.3d 1242, 1245 (11th Cir. 2006); *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1279 (11th Cir. 2000).

## III. ANALYSIS

On appeal, Warner contends that the district court erred in finding that a parent is not permitted to advance a child's causes *pro se*.[5] Our binding precedent forecloses that argument, as we explain below.

In *Devine*, we held that "parents who are not attorneys may not bring a *pro se* action on their child's behalf." 121 F.3d at 582. We reasoned as much because neither 28 U.S.C. § 1654 nor Federal Rule of Civil Procedure 17(c)—authorizing *pro se* litigation and representative litigation on behalf of minors, respectively—permits a parent to represent his or her child *pro se* in federal court. *Id.* at 581. Section 1654 authorizes parties in federal court to plead and

---

[4] Warner appealed the dismissal of both cases, and those appeals have been consolidated here.

[5] Warner has not argued on appeal that the district court erred in dismissing his complaints for improper claim-splitting, and we express no opinion on that portion of the district court's order.

Case 8:23-cv-00181-SDM-UAM   Document 77   Filed 05/16/24   Page 7 of 12 PageID 785
USCA11 Case: 23-12408   Document: 41-1   Date Filed: 05/08/2024   Page: 7 of 10

23-12408               Opinion of the Court                    7

conduct their own cases personally or by counsel, but, as we said in *Devine*, "it is inapposite because it does not speak to the issue before us—whether [a parent] may plead or conduct his son's case." *Id.* Rule 17(c), on the other hand, provides for certain representatives, including parents, to sue on behalf of minors—but it does not confer on those representatives a right to act as legal counsel for such minors. *Id.*

Under our prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). We are, therefore, bound by our holding in *Devine*: a parent cannot represent a child *pro se*.[6]

---

[6] We do not stand alone in reaching this conclusion. *See, e.g.*, *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) ("Patrick was free to represent himself, but as a non-lawyer he has no authority to appear as J.P.'s legal representative."); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("The issue of whether a parent can bring a pro se lawsuit on behalf of a minor falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court. Accordingly, we hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." (internal quotation omitted)); *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876, 883 (3d Cir. 1991) ("The right to counsel belongs to the children, and . . . the parent cannot waive this right. In accord with the decisions discussed above, we hold that Osei–Afriyie was not entitled, as a non-lawyer, to represent his children in place of an attorney in federal court."); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61

8                    Opinion of the Court                    23-12408

Warner's arguments to the contrary are unavailing. First, Warner argues that *Devine*'s holding was narrow and applies only to cases under the Individuals with Disabilities Education Act ("IDEA"). But that reading ignores *Devine*'s discussion of § 1654 and Rule 17(c), both of which are broadly applicable to all manner of federal litigation. Second, Warner contends that, even if *Devine* were binding outside of the IDEA context, it was overruled in *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535

---

(2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear *pro se* is not a true choice for minors who under state law, *see* Fed. R. Civ. P. 17(b), cannot determine their own legal actions. There is thus no individual choice to proceed *pro se* for courts to respect, and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others."), *overruled on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.") This is consistent, too, with our caselaw addressing *pro se* litigation in other representative contexts. *See, e.g.*, *Iriele v. Griffin*, 65 F.4th 1280, 1284–85 (11th Cir. 2023) ("[W]e hold that, under the terms of § 1654, an executor may not represent an estate *pro se* where there are additional beneficiaries, other than the executor, and/or where the estate has outstanding creditors. In such a situation as exists here, an executor of such an estate does not bring his 'own case' and thus the estate must be represented by counsel.").

Case 8:23-cv-00181-SDM-UAM   Document 77   Filed 05/16/24   Page 9 of 12 PageID 787
USCA11 Case: 23-12408    Document: 41-1    Date Filed: 05/08/2024    Page: 9 of 10

23-12408               Opinion of the Court                        9

(2007). But in *Winkelman*, the Supreme Court resolved only the narrow question of whether parents have their own rights to vindicate under IDEA, and the Court explicitly did "not reach petitioners' alternative argument, which concerns whether IDEA entitles parents to litigate their child's claims *pro se*." 550 U.S. at 535. Third, Warner urges us to read *Devine* as not "establish[ing] an ironclad bar to parental representation, admitting of no exceptions," and to instead consider exceptions in the best interests of the child. But there is simply nothing in *Devine*'s text that would allow us to read in such flexibility.

Finally, Warner asks us to overturn *Devine* en banc. This we cannot do. Under our prior panel precedent rule, we as a panel are bound by *Devine* "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc." *Archer*, 531 F.3d at 1352.

One final consideration: Warner advances an appealing policy argument, explaining that our extant rules have created a "counsel mandate." As a starting point, under both federal and Florida law, children cannot sue on their own because they lack legal capacity. *See* Fed. R. Civ. P. 17(c); Fla. R. Civ. P. 1.210(b). If parents cannot represent their children *pro se*, Warner says, "parents must pay the piper or forfeit the fight." All of this, Warner contends, is inconsistent with three bedrock rights: the statutory and constitutional right to self-representation; the parental right to make critical decisions for the child; and the child's own constitutional right to access the courts without a lawyer. At least one of

Case 8:23-cv-00181-SDM-UAM   Document 77   Filed 05/16/24   Page 10 of 12 PageID 788
USCA11 Case: 23-12408   Document: 41-1   Date Filed: 05/08/2024   Page: 10 of 10

10                       Opinion of the Court                    23-12408

our colleagues in a sister court agrees that this "counsel mandate" model is in conflict with our deep-rooted right to self-representation, a right that has been firmly enshrined since our foundation. *See Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 290–99 (5th Cir. 2023) (Oldham, J., dissenting in part and concurring in judgment); *see also id.* at 294 ("But under [the Appellee's] understanding, § 1654 offers minors a Hobson's choice: litigate with counsel, or don't litigate at all. Dallas ISD's heads-I-win-tails-you-lose approach to § 1654 plainly defies the text of the statute and centuries of Anglo-American law dating as far back as the Magna Carta. Dallas's position also would have baffled the Founders. As the Supreme Court explained in *Faretta* [*v. California*, 422 U.S. 806, 827–28 (1975)], 'the basic right to self-representation was never questioned' at the Founding, and 'the notion of compulsory counsel was utterly foreign to the Founders.'" (alteration adopted)). This Court, however, is bound by our precedent, which holds that a parent may not advance his child's cause of action *pro se*. *See Devine*, 121 F.3d at 581–82; *Archer*, 531 F.3d at 1352. For this reason, we affirm the district court's dismissal of Warner's claims on behalf of J.W.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 08, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-12408-JJ ; 23-12411 -JJ
Case Style: Blake Warner v. School Board of Hillsborough County, Florida
District Court Docket No: 8:23-cv-00181-SDM-JSS

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion