UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE ANDREW WARNER,

    Plaintiff,

v.                                                                         CASE NO. 8:23-cv-181-SDM-UAM

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY,
FLORIDA,

    Defendant.
_____/

**ORDER**

    In his second amended complaint (Doc. 38), Blake Warner, appearing *pro se*, asserts nine claims against the Hillsborough County School Board, and Warner moves (Doc. 40) for a preliminary injunction that either "force[s]" the School Board to enroll Warner's child at Carrollwood K-8 or enjoins the School Board from "implementing the recently promulgated Carrollwood K-8 format change . . . ." In a thorough report, the magistrate judge recommends (Doc. 72) dismissing each claim other than Warner's equal protection claim (Count VII) and denying the motion for a preliminary injunction. Warner objects (Doc. 76) to the dismissal of Warner's Fair Housing Act claims (Counts I and II), of Warner's Equal Educational Opportunities Act claim (Count III), and of Warner's due process claim (Count VI). Also, Warner objects to the denial of his motion for a preliminary injunction.

A careful, *de novo* review of the report reveals no error. As the report explains, the conduct that Warner challenges is "too remote" to support any of Warner's Fair Housing Act claims. Warner contends that the report omitted a "foreseeability" analysis, but *Bank of America Corp. v. City of Miami, Florida*, 581 U.S. 189, 202 (2017), holds that "foreseeability alone" is not sufficient to support a Fair Housing Act claim. Instead, "the [Fair Housing Act] requires 'some direct relation between the injury asserted and the injurious conduct alleged.'" *Bank of America*, 581 U.S. at 202–03. The report correctly determines (1) that the School Board lacks direct control over the availability of housing and (2) that Warner offers no "causal link evidencing racial discrimination in connection with the provision of any services related to housing or the denial of housing rights[.]"

Also, a *de novo* review confirms the other challenged portions of the report. Warner contends that, as the parent of a child in the public-school system, he may assert an Equal Educational Opportunities Act claim on his own behalf. The analysis on pages twenty-one through twenty-three of the report explains (in accord with several persuasive decisions) that "the plain language of [the Equal Educational Opportunities Act] does not encompass a cause of action for parents to sue for the loss of an equal educational opportunity of a child."

Similarly, Warner contends that the School Board's not permitting him to submit a "school choice application" to enroll his child in Carrollwood K-8 violates Warner's right to due process. The report on pages twenty-nine through thirty-one determines that Warner presents no basis establishing that "school choice and

- 2 -

hardship policies provide rights protected by the United States Constitution." Citing *Stevenson v. Blytheville Sch. Dist. #5*, 800 F.3d 955 (8th Cir. 2015), Warner responds that he enjoys a property interest in enrolling his child in a preferred school through a "school choice" application. But *Stevenson* holds that parents, who asserted a due process claim based on a "broad school choice transfer option," established neither a liberty nor property interest in "public school choice." *See Adkisson v. Blytheville Sch. Dist. No. 5*, 2014 WL 6819729, at *15 (E.D. Ark. 2014) (Baker, J.) (finding no authority establishing that a parent has a "fundamental right or liberty" to "choose where his or her child is educated within the public school system").

A review of the remaining portions of the report reveals no error. For these reasons and others stated by the magistrate judge, the report and recommendation (Doc. 72) is **ADOPTED**. The motion (Doc. 45) to dismiss is **GRANTED-IN-PART**. Counts I, II, V, VI, VIII, and IX are **DISMISSED WITH PREJUDICE**. Counts III and IV are **DISMISSED WITHOUT PREJUDICE** as to Warner's asserting through counsel these claims on behalf of his child. The motion (Doc. 40) for a preliminary injunction is **DENIED WITHOUT PREJUDICE**. This action proceeds as to Warner's equal protection claim (Count VII). No later than **JULY 1, 2024**, Warner may amend the complaint in accord with the report and this order. The School Board must respond in accord with Rule 15(a)(3), Federal Rules of Civil Procedure.

In the objection, Warner requests a final judgment as to Warner's due process claim if an order adopts the report and recommendation. Warner wants to appeal

the dismissal of the claim "while his child is still in middle school."  Rule 54(b), Federal Rules of Civil Procedure, permits the entry of judgment as to fewer than all claims "only if the court expressly determines that there is no just reason for delay."  *Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 778 (11th Cir. 2007), explains that "[t]he district court must act as a 'dispatcher' and exercise its discretion in certifying partial judgments in consideration of 'judicial administrative interests' — including 'the historic federal policy against piecemeal appeals' — and 'the equities involved.'"  Despite the potential for some delay, several reasons, such as "the relationship between the adjudicated and unadjudicated claims" and the increased cost for both parties, counsel against certifying a partial judgment for immediate appeal.  *See In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 275 (6th Cir. 2019) (commending for review a "non-exhaustive list of factors" that a district court might use to determine whether to certify a partial judgment).  Warner's request, construed as a request for a partial judgment under Rule 54(b), is **DENIED**.

ORDERED in Tampa, Florida, on June 7, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE