# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner

v.

The School Board of
Hillsborough County Florida

Case Number 8:23-CV-181-SDM-JSS

## Motion To Strike
## Third Affirmative Defense

Plaintiff moves pursuant Rule 12(f) to enter an order striking striking the Defendant's third affirmative defense from their *Answer* (Doc 82). This affirmative defense relies upon the settlement agreement Defendant attached (Doc 82-1) to their answer.

While 12(f) motions are "decidedly disfavored and are generally time wasters"[1], the School Board has represented that they imminently intend to file a Rule 12(c) motion on this same issue.  And unlike a 12(c) motion, the time to file a 12(f) motion is

---

[1] *The Descartes Sys. Grp. v. Descartes Labs.*, 6:23-cv-1327-WWB-LHP, at *2 (M.D. Fla. Jan. 18, 2024)

1

limited to 21 days after service of the answer. Rule 12(f)(2). Therefore Mr. Warner files this cross motion out of an abundance of caution, before the deadline expires.

Assuming everything attached and alleged to the third affirmative defense is true, it fails to state a legally cognizable defense because:

1. it not a general release and applies only to claims "specifically related J.W.'s education"[2]; and

2. no consideration was given to Mr. Warner to form a valid contract with him, all consideration was given to J.W. who is not a party to this litigation; and

3. The events that gave rise to the causes of action in the operative complaint occurred *after* the date of release; and

4. The release is ambiguous and/or lacks clarity of the scope.

# I   STANDARD

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.".

"For a court to find a defense insufficient as a matter of law, the defense must be (1) patently frivolous on the face of the pleadings, or (2) clearly invalid as a matter of law." *Wlodynski v. Ryland Homes of Fla. Realty Corp.*, No. 8:08-cv-361-T-JDW-MAP, 2008 WL 2783148, at *1 (M.D. Fla. July 17, 2008) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002)). *The Descartes Sys. Grp. v. Descartes Labs.*, 6:23-cv-1327-WWB-LHP, at *3 (M.D. Fla. Jan. 18, 2024).

---

[2]J.W. is Mr. Warner's child

> "Courts have stricken affirmative defenses asserted against the Commission where it is clear that the defense is 'irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense.' *SEC v. Gulf & W. Indus.*, Inc., 502 F. Supp. 343, 345 (D.D.C. 1980)." *quoting Sec. & Exch. Comm'n v. Hoffman*, Case No: 5:13-cv-455-Oc-10PRL, at *2 (M.D. Fla. Apr. 15, 2014)

> "in such cases, the determination should be made, and the defenses stricken, in order to avoid unnecessary time and money in litigating invalid, spurious issues." *quoting Anchor Hocking Corp. v. Jacksonville Elec. Authority*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)

## II  The release was not a general release

The plain language of the release only precludes claims:

> "The Parties further agree that this release shall not cover any claim that is not regarding J.W.'s education or any new claim that may arise by reason of an act or omission occurring after the Effective Date of this Agreement."

Mr. Warner's voter challenge to the school board's district voting map is not "specifically related J.W.'s education", and neither is his racial gerrymandering challenge to the student school assignment boundaries of schools all across the *entire* school district. Any argument to the contrary is patently frivolous: the fact that J.W. happens to attend a school operated by the board, standing alone, does not make every claim against the board "specifically related J.W.'s education".

Especially in light of the fact that the majority of the boundary challenges are to middle and high school boundaries, and J.W. was in elementary school at the date of the release, making it impossible under any circumstance for the release to apply to middle and high school boundary challenges.

Particularly egregious is the argument that somehow Mr. Warner's right to vote for school board representatives is somehow "specifically related J.W.'s education", when Mr. Warner would get to vote for school board representatives regardless of whether he had any children at all.

## III   No consideration was given to Mr. Warner in exchange for the release

"'The basic elements of an enforceable contract are offer, acceptance, consideration, and specification of essential terms.' *Triton Stone Holdings, L.L.C. v. Magna Bus., L.L.C.*, 308 So. 3d 1002, 1006 (Fla. 4th DCA 2020) (quoting *Jericho*, 207 So. 3d at 941).". see *Moore v. Wagner, 377 So. 3d 163, 167 (Fla. Dist. Ct. App. 2023)*.

The only consideration offered by the school board in their attached agreement is:

> "Consideration: As consideration of the promises made by the Parent under this Agreement, The School Board agrees:
>
> (a) REDACTED
>
> (b) to guarantee J.W. a school assignment through the District Choice Options program (hereinafter "CHOICE") for middle school to Coleman Middle School (hereinafter "Coleman") and for high school to Plant High School (hereinafter "Plant") provided that the Parent completes the CHOICE application as set forth below." Doc 82-1 pp. 1-2

However guaranteed school placement is consideration for J.W., not Mr. Warner. The agreement does not allow Mr. Warner to enroll at Coleman Middle School. The release was not even mutual, the school board did not release Mr. Warner of any claims (not that there were any to release).

Therefore the release is only potentially enforceable on J.W., *not* Mr. Warner as there is no valid contract with Mr. Warner[3].

## IV  Count I accrued after the date of release

The school board admits that it promulgated the new student assignment boundaries on May 9, 2023 (Doc. 82 ¶ 52) and June 20, 2023 (Doc. 82 ¶ 72). However the release only covers claims that accrued when the agreement was executed on or before March 15, 2022 (Doc. 82-1), more than a year prior:

> "Release of the School Board and District: For and in consideration of the required acts and promises set forth in this Agreement, the Parent hereby knowingly and voluntarily **releases and discharges the School Board** and District from any and all claims, demands, causes of action, complaints or charges, known or unknown specifically related J.W.'s education, services, and educational program in the District **through the date of the execution of this Agreement**." *see* Doc. 82

## V  The release lacks clarity of the scope

Release clauses are disfavored and will be strictly construed against the party claiming to be relieved of liability[4]

> "However, Florida law also provides that " '[i]f a written contract is ambiguous or obscure in its terms, so that the contractual intention of the parties cannot be understood from a mere inspection of the instrument, extrinsic evidence of the subject matter of the contract, of the relations of the parties to each other, and of the facts and circumstances surrounding them when

---

[3] *see Maytronics, Ltd. v. Aqua Vac Systems*, Inc., 277 F.3d 1317, 1320-21 (11th Cir. 2002) ("In *Pick Kwik Food Stores, Inc. v. Tenser*, 407 So.2d 216 (Fla.Dist.Ct.App. 1981), the court found that an agreement between the operator of a convenience store and a gasoline retailer giving the latter the right to sell gasoline on premises leased by the convenience store was "void from the beginning for lack of consideration or . . . lack of mutuality [of obligation]." *Id.* at 218")

[4] *see Murphy v. Young Men's Christian Ass'n of Lake Wales*, Inc., 974 So. 2d 565, 567-68 (Fla. Dist. Ct. App. 2008) ("Exculpatory clauses are disfavored and will be strictly construed against the party claiming to be relieved of liability.")

they entered into the contract may be received to enable the court to make a proper interpretation of the instrument.'" Larsen v. AirTran Airways, Inc., 8:07-CV-00442-T-17TBM, 2009 WL 1076035, *10 (M.D. Fla. Apr. 21, 2009) (quoting Gilman v. John Hancock Variable Life Ins. Co., 2003 WL 23191098 at *8 (Fla. Cir. Ct. Oct. 20, 2003) (in turn quoting L'Engle v. Scottish Union & Nat'l Fire Ins. Co., 37 So. 462 (Fla.1904))." Moore v. Lender Processing Servs. Inc., Case No: 3:12-cv-205-J-UATCMCR, at *5 (M.D. Fla. June 5, 2013)

To the extent that the Court finds that the claims are covered by the release, the release is unenforceable because the scope of the release was not clear and unambiguous to Mr. Warner. The words "specifically related to J.W.'s education..." would be superfluous and meaningless if the court extends that to practically any claim against the School Board by virtue that they always have some tenuous connection to J.W.'s education.

The release itself gives examples of the types of claims that the parties expected to be released: "all claims for services, supports, therapies, evaluations, tutoring, training, compensatory education or services". These are all claims or relief associated with I.D.E.A. and Section 504 litigation which is what the underlying litigation was about. Nothing in the agreement either expresses or implies that the release went beyond I.D.E.A. and Section 504 claims, much less to voting map challenges, and racial discrimination challenges to student school assignment maps at large. The intent to release these claims must be clear[5] and unambiguous to an ordinary and knowledgeable person, to be enforceable[6].

The nonsensical interpretation of the release that Defendant is asking this court to adopt would also preclude Mr. Warner from bringing a premise liability claim against

---

[5] *see Murphy v. Young Men's Christian Ass'n of Lake Wales, Inc.*, 974 So. 2d 565, 568 (Fla. Dist. Ct. App. 2008) ("Such clauses are enforceable only where and to the extent that the intention to be relieved was made clear and unequivocal in the contract, and the wording must be so clear and understandable that an ordinary and knowledgeable party will know what he is contracting away.")

[6] Sanislo v. Give Kids the World, Inc., 157 So. 3d 256, 260-61 (Fla. 2015) ("Exculpatory clauses are unambiguous and enforceable where the intention to be relieved from liability was made clear and unequivocal and the wording was so clear and understandable that an ordinary and knowledgeable person will know what he or she is contracting away.")

the school board if he had a slip-and-fall at J.W.'s school. It would render the words "specifically related to J.W.'s education" meaningless.

Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. *see Strickland. Brady v. United States*, 397 U.S. 742, 748 (1970) (" "); *United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009). To the extent that the release was ambiguous, the consequences of releasing civil rights claims unrelated to the underlying IDEA litigation were not clear and are therefore unenforceable.

# VI  Conclusion

The school board has already raised this argument twice previously, intends to raise it a third time in a 12(c) motion here, and likely again at summary judgment. The argument is frivolous on it's face, and it is in everyone's interest to take old yellar out back post haste.

Mr. Warner respectfully asks this court to put an end to this argument, by entering an order striking the Defendant's third affirmative defense with prejudice as there is nothing they can do to amend to cure these facial deficiencies.

7

## Local Rule 3.01(g) Certification

I certify that I have conferred with the opposing party via phone and email, and they have indicated that they are opposed to the relief sought in this motion.

## Certificate of Service

I certify that a copy hereof has been served to Defendant via CM/ECF.

| 8-9-1983 | /s/blake warner |
|---|---|
| Date | Signature |
| | Blake Warner, *pro se* |
| | 2211 S Village Ave |
| | Tampa, FL 33612 |
| | E-Service: BLAKE@NULL3D.COM |