# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BLAKE WARNER,

      Plaintiff,

v.                                Case No. 8:23-cv-00181-SDM-JSS

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY
FLORIDA,

      Defendant.

_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

      Defendant, the School Board of Hillsborough County, Florida (the "School Board") submits this response to Plaintiff Blake Warner ("Warner")'s Motion to Strike Third Affirmative Defense (the "Motion to Strike"), Doc. 85, and states:

## I.    INTRODUCTION

      As separately briefed, this Court should enter judgment against Warner's Third Amended Complaint because Warner previously released his claims through prior settlement agreements (the "Release Defense"). *See* Doc. 86 (the School Board's Motion for Judgment on the Pleadings) (the "MJP"). Warner has opposed the MJP, arguing the MJP should be denied, or the

decision should be made at summary judgment. *See* Doc. 87, p.3 (arguing "the proper vehicle to address this is a motion for summary judgment").

Regardless of whether this Court ultimately enters judgment against Warner's claims based on the release through a motion for judgment on the pleadings, a motion for summary judgment, or through a bench trial, the School Board's Release Defense is <u>not</u> frivolous. In his Motion to Strike, Warner fails to satisfy his heavy burden for the disfavored remedy he seeks. Accordingly, as detailed below, the Court should deny Warner's Motion to Strike because the Release Defense is <u>not</u> insufficient under Rule 12(f).

## II.   BACKGROUND

### A.   Warner's Third Amended Complaint

This litigation, as framed by Warner's Third Amended Complaint, involves allegations by Warner that the School Board is "operating a segregated school system by drawing their school assignment maps and district voting maps in a discriminatory manner." Doc. 79, at 1. Warner alleges claims under 42 U.S.C. § 1983, with the first claim attacking the school assignment maps and the second claim attacking the voting maps. *Id.* at ¶¶ 152–68. Warner includes allegations regarding his minor child's school assignments in North Tampa. *Id.* at ¶¶ 52-54, 62-63.

**B.     The School Board's Answer and the Release Defense**

On July 24, 2024, the School Board filed its answer to the Third Amended Complaint. As part of its response, the School Board raised as its third affirmative defense release, discharge, and waiver (the "Release Defense"). Doc. 82, at 33. This Release Defense explains Warner's execution of one settlement agreement with the School Board in prior lawsuit by Warner arising from the education of his minor child. *Id.* In the settlement agreement attached to the School Board's Answer, Warner agreed to the following release:

> **5. <u>Release of the School Board and District</u>:** For and in consideration of the required acts and promises set forth in this Agreement, the **Parent hereby knowingly and voluntarily releases and discharges the School Board and District from any and all claims, demands, causes of action, complaints or charges, known or unknown** specifically related J.W.'s education, services, and educational program in the District **through the date of the execution of this Agreement**.
>
> This shall include, but not be limited to, all claims for services, supports, therapies, evaluations, tutoring, training, compensatory education or services, reimbursements, or claims for expenses, costs, fees, attorneys' fees, **and all losses of any kind whatsoever related specifically to J.W.'s education**, **which the Parent has or might have by virtue of any fact(s), act(s) or event(s) occurring prior to the Effective Date of this Agreement**.
>
> The Parent understands that this **release shall also cover any claims, if any, that may belong independently to J.W. related to his educational services and program**. The claims described in this

3

paragraph shall be collectively referred to as "Released Claims" herein. The Parties jointly agree that the release in this paragraph shall not act to impair the enforceability of this Agreement or a waiver of the Parties' respective rights to take action to enforce this Agreement. The Parties further agree that this release shall not cover any claim that is not regarding J.W.'s education or any new claim that may arise by reason of an act or omission occurring after the Effective Date of this Agreement. To that end, the School Board and District acknowledge that no provision in this Agreement may be construed as relieving them of any obligation they may have under federal or state law to provide J.W. a FAPE for any time after the execution of this Agreement.

See Doc. 82-1, ¶ 5 (emphasis added).

Warner also agreed not to sue the School Board for any released claims. See id., ¶ 6 ("Parent agrees not to maintain, argue, institute, or file any of the Released Claims in any court, administrative or agency process or other legal forum whatsoever …").

The School Board has always acknowledged the Release Defense from the attached settlement agreement was limited to the explicit language of the settlement agreement. See Doc. 82-1, ¶ 5 (including the limitation: "The Parties further agree that this release shall not cover any claim that is not regarding J.W.'s education or any new claim that may arise by reason of an act or omission occurring after the Effective Date of this Agreement.") Nevertheless, the release language is otherwise extremely broad. Id. (releasing "any and all claims, demands, causes of action, complaints or charges, known

4

or unknown specifically related J.W.'s education, services, **and educational program in the District** through the date of the execution of this Agreement.") (emphasis added).

### C. The School Board's Attempts to Adjudicate the Release Defense and the Pending Motion for Judgment on the Pleadings

The School Board previously raised the Release Defense through its first motion for judgment on the pleadings, targeting the initial Amended Verified Complaint. *See* Doc. 34, pp. 4-5. Warner opposed, arguing the release did not apply. *See* Doc. 35, pp. 3-4. Before the Court could adjudicate the prior motion, the Court dismissed a related case and directed Warner to amend and consolidate his claims in this case. *See* Doc. 37.

After consolidation of Warner's cases and Warner's filing of his Second Amended Complaint, the School Board raised the Release Defense again, but through a motion to dismiss. *See* Doc. 45. In light of the different standard (a motion to dismiss instead of a motion for judgment on the pleadings), the Court did not consider the Release Defense. *See* Doc. 72, pp. 6-8. Still, most of Warner's claims were dismissed, *see* Doc. 78, and Warner then filed the operative Third Amended Complaint. *See* Doc. 79.

Recognizing this prior history and the lack of resolution of this issue, the School Board answered the operative pleading, incorporating the settlement

agreement into the pleadings, and has moved for judgment on the pleadings seeking to resolve this defense on the merits. *See* Doc. 86.

As explained in its MJP, the School Board maintains Warner's current claims relate to the "educational program in the District." *See id.*, pp. 3-5 and 7-8. And the School Board has explained, in his Third Amended Complaint, Warner does <u>not</u> allege any actions by the School Board affecting him after the date of the release. *See id.*, pp. 6-7 (explaining Warner voluntarily moved in October 2022 and is attacking a voting map promulgated on December 16, 2021, before the date Warner executed the release on March 15, 2022).

The School Board's MJP explains the merits of the Release Defense, particularly addressing the release Warner previously executed, Warner's subsequent change of address and voluntary new school choice, and lack of allegations of any change by the School Board affecting Warner after the execution of the release in the settlement agreement. *Id.*, 3-8. In other words, Warner's Third Amended Complaint lacks any allegations of new actions by the School Board affecting Warner following the release, and therefore, any potential differences were the result of Warner's own affirmative actions over which the School District had no control. *Id.*[1]

---

[1] This brief summary of the MJP is a highly paraphrased and condensed. The MJP speaks for itself and should be adjudicated as separately briefed. As noted in this response, motions to strike are not the proper mechanism for addressing the merits of a party's claim

Warner filed a Response to the School Board's MJP the day after the MJP was filed. *See* Doc. 87. Among other arguments, in his Response, Warner attacks the Release Defense and argues: (1) the release is not a general release, (2) the release lacks consideration, (3) Count I accrued after the date of the release; (4) the release was ambiguous; (5) a civil rights waiver was not properly made; (6) the release violates public policy; and (7) the burden of proof has been improperly shifted. *See* Doc. 87, pp. 3-10. The MJP remains pending.

### D.   Warner's Instant Motion to Strike

Separate from his opposition to the MJP, through his instant Motion to Strike, Warner seeks to strike the Release Defense from the answer via through Rule 12(f). Regardless of whether the Court ultimately dismisses this action based on the Release Defense, there is no basis to strike the defense under Rule 12(f) because it is <u>not</u> "redundant, immaterial, impertinent, or scandalous," as Rule 12(f) requires. Unable to satisfy this high standard for striking a defense, Warner's Motion to Strike is a disguised request for the Court to rule on the merits of the Release Defense, which Rule 12(f) does not allow. *E.g.*, *Oakwood Ins. Co. v. N.A. Risk Servs., Inc.*, No. 6:18-cv-00437-Orl-31KRS, 2018 WL 11343352, at *1 (M.D. Fla. Nov. 26, 2018) ("Among other things, the Court will not resolve the merits of a defense in ruling on a motion

or defense, and Warner's Motion to Strike should not be the vehicle for resolving the Release Defense in this case.

to strike.") (citing *Cohen v. Storch*, No. 15-cv-62726, 2016 WL 8737817, at *2 (S.D. Fla. Mar. 11, 2016)). Because the Release Defense properly alleges the existence of release and waiver defenses under Federal Rule of Civil Procedure 8(c)(1), and as Warner fails to address the proper standards for a motion to strike, the School Board requests the Court deny the motion to strike.

## III.   STANDARD FOR DETERMINATION

"A motion to strike is a drastic remedy and is disfavored by the courts. Therefore, a motion to strike may be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Jack's Magic Products, Inc. v. Star Brands Ltd.*, No. 8:22-CV-848-WFJ-SPF, 2022 WL 4110287, at *2 (M.D. Fla. Sept. 8, 2022) (internal quotes omitted) (quoting *S.Y. v. Naples Hotel Co.*, 476 F. Supp. 3d 1251, 1259 (M.D. Fla. 2020)).

## IV.   MEMORANDUM OF LAW

### A.   The School Board properly pled the Release Defense.

Rule 8(b)(1)(A) requires a party answering a complaint to "state in short and plain terms its defenses to each claim asserted against it." And Rule 8(c)(1) gives *examples* (though not an exhaustive list) of potential affirmative defenses, which includes both "release" and "waiver." For defendants' purposes, the importance of raising affirmative defenses in answers is that they risk waiver if they do not. *Fla. Health Servs. Center, Inc. v. Humana Med.*

8

*Plan, Inc.*, 190 F. Supp. 2d 1297, 1304 (M.D. Fla. 2001) ("Failure to plead an affirmative defense generally results in the waiver of the defense. An affirmative defense must be pleaded in the answer in order to give the opposing party sufficient notice of the defense and the ability to gather proper evidence and develop arguments to refute the defense.").

In this case, the School Board maintains it has a valid defense in the form of release and waiver. *See* Doc. 82, p.33-35. The School Board contends the release is broad, *see id.*, and attaches one Settlement Agreement. *See id.*, Doc. 82-1. Warner has already responded in opposition to the MJP on the merits of the Release Defense. *See* Doc. 87. And so, in the Release Defense, the School Board raised these theories in sufficient detail to allow Warner to assess them and, as case law contemplates, "gather proper evidence and develop arguments to refute the defense." *Fla. Health Servs. Center, Inc.*, 190 F. Supp. 2d at 1304.

For example, in attacking the merits of the Release Defense, Warner argues the release language is ambiguous or limited in scope. *See* Doc. 87, pp. 7-8, *see also* Motion to Strike, pp. 2-7. The School Board maintains the Court can and should grant the MJP based on the plain language of the release. While the School Board maintains no discovery is necessary to address the Release Defense, Warner's arguments suggesting the Release Defense be considered through summary judgment demonstrate the Release Defense is

not "redundant, immaterial, impertinent, or scandalous." Again, it appears Warner is seeking to oppose the Release Defense – not under the standard of Rule 12(f) – but instead through attacks on the merits or requests for discovery. Here, this simply shows the Release Defense is sufficiently pled because it provided Warner with sufficient notice to "gather proper evidence and [attempt to] develop arguments to refute the defense." *Fla. Health Servs. Center, Inc.*, 190 F. Supp. 2d at 1304.

## B. Warner's Motion to Strike Fails to Satisfy his Burden under Rule 12(f).

This Court has repeatedly held a party requesting a motion to strike has the burden of demonstrating that allowing the defense to remain in the answer will cause him or her to suffer prejudice. *See, e.g.*, *See Parsons v. Nationwide Mut. Ins. Co.*, 889 F. Supp. 465, 470 (M.D. Fla. 1995) (denying motion to strike because the portions at issue were "not prejudicial" and "are material to these claims"); *Oakwood Ins. Co. v. N.A. Risk Servs., Inc.*, No. 6:18-cv-00437-Orl-31KRS, 2018 WL 11343352, at *1 (M.D. Fla. Nov. 26, 2018) ("Accordingly, a motion to strike should be filed only if Plaintiff can establish that a particular affirmative defense has no possible relation to the controversy and may cause her prejudice.").

Warner, as the party seeking the motion to strike has the burden of demonstrating the purportedly offending allegations meet these standards.

77681745;1

*Schmidt v. Life Ins. Co. of N.A.*, 289 F.R.D. 357, 360 (M.D. Fla. 2012) (denying motion to strike because movant failed to meet its burden under Rule 12(f)); *see also Hockenbury v. Hanover Ins. Co.*, 2016 WL 552967, at *2 (W.D. Okla. Feb. 10, 2016) (emphasis added) ("Motions to strike are strictly construed, however, and **any doubt as to the striking of a matter in a pleading should be resolved in favor of the pleading**.").

Rule 12(f), which governs motions to strike, only applies if an allegation in a pleading is "redundant, immaterial, impertinent, or scandalous." The School Board's Release Defense does <u>not</u> fit into any of these narrow categories. Fed. R. Civ. P. 12(f).

The Release Defense is not duplicative of any other defense, so it is not redundant. Although Warner disputes the scope of the release he previously provided, the dispute over the scope is an issue as to the merits and is not sufficient to render the defense "immaterial" or "impertinent" in any way. *See Blake v. Batmasian*, 318 F.R.D. 698, 700 n.2–3 (S.D. Fla. 2017) (describing "immaterial" and "impertinent" for purposes of a motion to strike as essentially describing matters that are wholly irrelevant). And nothing about the Release Defense is "grossly disgraceful"; it is a straightforward allegation that a prior contract between the parties might have the effect of resolving this dispute. *See id.* at 700 n.4 (describing "scandalous" for purposes of a motion to strike).

Notably, Warner's Motion to Strike does not attempt to fit the Release Defense into any of those Rule 12(f) categories. *See* Motion to Strike, §§ II-V (attacking the scope and validity of the release, but not addressing any of the Rule 12(f) factors).

Warner does not argue the Release Defense is redundant with any other defense (it is not). Warner does not claim the Release Defense is "immaterial," and in fact his own efforts to address it on the merits suggest it is quite material. Warner never purports to describe the Release Defense as "impertinent" in any way. Nothing suggests the basic fact of a party executing a release is "scandalous" in any meaningful way. Instead, every argument in the Motion to Strike goes to the merits of the Release Defense. The School Board addresses Warner's merits-based arguments below, but even if left unrebutted, they are not sufficient for a motion to strike because they are not related to the operative standard under Rule 12(f).

Moreover, Warner has not satisfied his burden of demonstrating any prejudice from the Release Defense's inclusion in the answer to the Third Amended Complaint, aside from the ordinary litigant's duty to address the defense on the merits in an appropriate setting. *See Parsons v. Nationwide Mut. Ins. Co.*, 889 F. Supp. 465, 470 (M.D. Fla. 1995) (emphasis added) (recognizing courts deny motions to strike "unless the allegations have no possible relation to the controversy **and may cause prejudice to one of the**

**parties**"). *Cf. Go Mobile Flooring, LLC v. Blue Banyan Sols., Inc.*, No. 8:20-cv-03098-CEH-JSS, 2023 WL 3976081, at *1 (M.D. Fla. June 13, 2023) (quoting *Cedant v. U.S.*, No. 19-24877-Civ, 2021 WL 1062586, at *2 (S.D. Fla. Mar. 17, 2021)) ("[I]n the Eleventh Circuit, there is a strong preference to resolve legal actions on their merits, rather than on procedural technicalities."). And in fact, Warner has already filed his response to the MJP. *See* Doc. 87 (Warner's Response filed the day after the MJP was filed).

Accordingly, the Court should deny Warner's Motion to Strike because Warner has not demonstrated – and cannot demonstrate – that the Release Defense is "redundant, immaterial, impertinent, or scandalous" and that he is unduly prejudiced by the Release Defense.

### C. Warner's Motion to Strike is a concealed, but deficient summary judgment motion against the Release Defense.

As noted above, Warner's Motion to Strike does not address the relevant standards under Rule 12(f). Rather, at best, Warner's Motion to Strike is truly a request for a summary judgment type ruling on the merits of the School Board's Release Defense. For example, after citing the relevant language from Rule 12(f) on page two of his Motion to Strike, Warner immediately proceeds to merits-based arguments, all of which are legally insufficient and outside the scope of a Rule 12(f) motion to strike.

First, Warner claims "the release was not a general release." Doc. 85, at 3–4. Unlike Warner's Motion to Strike, the School Board quotes the release in full and asks the Court to apply it as written. *See* Doc. 82, pp. 33-35 ¶ 5. A complete reading of the release demonstrates it is very broad and covers "any and all claims, demands, causes of action, complaints or charges, known or unknown specifically related J.W.'s education, services, and educational program in the District …." *Id.* It includes but is "not [] limited to" all claims "of any kind whatsoever related specifically to J.W.'s education, which [Warner] has or might have by virtue **of any fact(s), act(s) or event(s)** occurring prior to the Effective Date" of the settlement agreement. *Id.* Contrary to Warner's argument, the plain language of the release bars his claims as pled.[2] Regardless, adjudicating the scope of the release is a merits issue and not grounds for a motion to strike.

Second, Warner claims he did not receive consideration directly for the release. *Id.* at 4–5. Warner ignores the concessions and agreements made by the School Board, which Warner requested. *See LSQ Funding Group, L.C. v.*

---

[2] Warner's focus on the term "general release" may be an attempt to compare this release to another settlement agreement Warner executed with the School Board in a separate matter, arising from a public records dispute, which included the language: "This is a general release of all possible claims and causes of action of every kind and character, including all claims and transactions at issue in the Lawsuit or related to any public records request." *See* **Exhibit 1**, ¶ 3 ("Release by Warner" executed June 16, 2022). As is evident from the plain language, the release in Exhibit 1 carves out and does not affect the Release Defense which is the focus of the MJP. *See id.*

*EDS Field Services*, 879 F. Supp. 2d 1320, 1329 (M.D. Fla. 2012) ("'A promise, no matter how slight, qualifies as consideration if the promisor agrees to do something that he or she is not already obligated to do.'") (quoting *Cintas Corp. No. 2 v. Schwalier,* 901 So. 2d 307, 309 (Fla. 1st DCA 2005)). Even if Warner could establish the benefits flowed to his minor child and not Warner himself, it would not change the analysis. *See id.* ("Consideration need not pass directly to the promisor, but may move to either the promisor or a third person.") (citing *Real Estate World Florida Commercial, Inc. v. Piemat, Inc.*, 920 So. 2d 704, 706 (Fla. 4th DCA 2006)). Again, regardless of his attacks on the consideration exchanged, adjudicating the consideration exchanged for the release is a merits issue and not grounds for a motion to strike.

Third, Warner claims his first claim (42 U.S.C. § 1983 for purposes of the school assignment maps) "accrued after the date of release." *Id.* at 5. Warner executed the release on March 15, 2022. *See* Doc. 82-1, p.4. Warner does not allege any change to the assignment for his minor child after this date. *See* Third Amended Verified Complaint, *generally*. Thus, Warner's temporal argument fails. Regardless, this is another merits-based attack and not grounds for a motion to strike.

Fourth, Warner claims the release "lacks clarity of the scope." *Id.* at 5–7. Warner's attack on the "clarity" of the release appears to be an attempt to open the door to unnecessary discovery and delay adjudication of the Release

15

Defense until summary judgment, instead of through the MJP. The language of the release speaks for itself. The Court can resolve this through the MJP. Even if Warner were correct – he is not – then this would simply be an issue for summary judgment, or even trial, but it would not be grounds to strike the defense under Rule 12(f).

Warner's merits-based attacks do <u>not</u> overcome the Release Defense. Regardless, Warner's merits-based attacks have no bearing on the operative Motion to Strike, which is governed by a completely different standard, which Warner cannot satisfy.

## V.    CONCLUSION

As Warner's own Motion to Strike notes, Rule 12(f) motions to strike "are 'decided disfavored and are generally time wasters' . . . ." Doc. 85, at 1 (quoting *Descartes Sys. Grp., Inc. v. Descartes Labs, Inc.*, No. 6:23-cv-01327-WWB-LHP, 2024 WL 196809, at *1 (M.D. Fla. Jan. 18, 2024)); *accord Parsons v. Nationwide Mut. Ins. Co.*, 889 F. Supp. 465, 470 (M.D. Fla. 1995). The current Motion to Strike is no exception. Accordingly, the Court should deny Warner's Motion to Strike.

77681745;1

Respectfully submitted,

*/s/ Jason L. Margolin*

**JASON L. MARGOLIN**
Florida Bar No. 69881
jason.margolin@akerman.com
judy.mcarthur@akerman.com
**BENJAMIN G. ROBINSON, III**
Florida Bar No. 1045169
benjamin.robinson@akerman.com
caren.deruiter@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
(813) 223-7333 / Fax: (813) 223-2837
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August 2024, I filed the foregoing using the Court's CM/ECF System, which will send a true and correct copy to all counsel of record.

*/s/ Jason L. Margolin*

Counsel for Defendant

17