# SETTLEMENT AGREEMENT AND RELEASE

This FULL AND FINAL SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made between School Board of Hillsborough County, Florida and Blake Warner.

## DEFINITIONS

As used in this Agreement and for the purpose of this Agreement only, the following terms shall have the following meanings:

A.  "Claims" shall mean means any actual, potential, threatened or alleged past, present or future claims, actions, counts, cross-claims, counterclaims, third-party actions, rights, benefits, obligations, liabilities, duties, demands, requests, letters, notices, suits, lawsuits, administrative proceedings, arbitrations, mediations, causes of action, and any other assertions of liability of any kind, whether legal or equitable, and whether currently known or unknown, fixed or contingent, mature or unmature, liquidated or unliquidated, direct or consequential, foreseen or unforeseen, and whether sounding in tort, contract, equity, or any other statutory, administrative or common law cause of action of any sort, and includes but is not limited to any and all claims asserted in the Lawsuit.

B.  "Effective Date" shall mean the date the last of the Parties affixes their signature to this Agreement.

C.  "School Board" means School Board of Hillsborough County, Florida, and includes Superintendent, Addison Davis.

D.  "Warner" means Blake Warner and his Representatives.

E.  "Record Requests" shall mean the Public Record Requests that Warner alleges in the lawsuit, as well as any other public record requests made by Warner to the School Board.

EXHIBIT 1

      F.      "Lawsuit" shall mean the lawsuit styled *Blake Warner v. Addison Davis, Superintendent, School District of Hillsborough County*, Case No. 21-CA-9301 in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

      G.      "Parties" shall mean Warner and School Board, collectively.

      H.      "Party" shall mean Warner and School Board, individually.

      I.      "Released Parties" shall mean the School Board, and its Representatives.

      J.      "Representative(s)" means, with respect to an applicable Party and except as otherwise provided in this Agreement, the spouse, heirs, executors, administrators, beneficiaries, trustees, receivers, attorneys, assigns, predecessors, successors, owners, partners, members, parent companies, subsidiaries, affiliates, shareholders, members, directors, officers, employees, managers, servants, representatives, agents, agencies, professional advisors, contractors, subcontractors, designers, and insurers, and any other similar or related persons or entities, and each of its respective Representatives.

## RECITALS

WHEREAS, Warner made Record Requests to the School Board;

WHEREAS, Warner sought relief in the Lawsuit based upon Record Requests;

WHEREAS, the Court entered an Order Denying Petition for Writ of Mandamus on February 22, 2022;

WHEREAS, Warner filed a Motion for Attorney's Fees and Costs;

WHEREAS, the School Board denies its conduct was in any way wrongful and denies all liability with respect to the Record Requests and the Lawsuit;

WHEREAS, in order to avoid the expense, inconvenience, and uncertainty of litigation, the Parties have agreed to resolve and forever settle all matters in dispute among them; and

NOW, THEREFORE, in consideration of the covenants contained in this Agreement, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

## SETTLEMENT TERMS

The Parties acknowledge and agree that this Agreement represents a compromise and settlement of the Claims, as described herein. It is expressly acknowledged and agreed that: (i) the terms of this Agreement are contractual and not merely recitals; (ii) the agreements contained in this Agreement, and the consideration transferred, is to compromise disputed claims, avoid litigation, and buy peace; and (iii) no payments made or releases or other consideration given shall be construed as an admission of liability on the part of any Party, all such liability is expressly denied.

1. <u>Settlement Payment</u>. In addition to the releases contained herein and the other provisions of this Agreement, within 30 days of the Effective Date of this Agreement, School Board shall pay or cause to be paid the total sum of $1,000 (the "Settlement Payment") by check made payable to "*Richard A. Harrison, P.A.*" The Settlement Payment check will be mailed to Richard A. Harrison, Esq., Richard A. Harrison, P.A., 400 N. Ashley Drive, Suite 2600, Tampa, FL 33602.  The Released Parties shall not have any further obligations, duties, or liabilities in connection with the payment, distribution, or allocation of such settlement funds between or among Warner and any third parties, and it shall be the sole responsibility and obligation of Warner to make any such allocation, division, and/or distribution.

2. <u>Dismissal of the Lawsuit</u>. Within three business days of the Effective Date of this Agreement, Warner shall file a notice of dismissal with prejudice pursuant to the Florida Rules of Civil Procedure.  The court shall retain jurisdiction to enforce this Agreement.

3. <u>Release by Warner</u>. In consideration of the foregoing, effective as of the Effective Date, Warner and his Representatives release, settle, compromise, extinguish, relinquish, absolve, disclaim and forever discharge each other Party, School Board, and their Representatives of and from any and all rights, claims, counterclaims, charges, causes of action, demands, debts, liabilities, agreements, promises, damages, losses and claims for recovery, fixed or contingent, liquidated or unliquidated, known or unknown, arising at any time from the beginning of time to the Effective Date of this Agreement, at issue in the Lawsuit or for any public records request. This is a general release of all possible claims and causes of action of every kind and character, including all claims and transactions at issue in the Lawsuit or related to any public records request. This release is to be interpreted liberally to effectuate maximum protection for the Released Parties. The Parties specifically agree that a purpose of this Agreement is to ensure that the Released Parties shall never be liable to any person or entity for any additional sums of money, including attorneys' fees, damages or costs, as a result of any public records requests, including but not limited to the Record Requests, or as a result of the Lawsuit.

**This release shall <u>not</u> affect in any way or release any rights Mr. Warner has to enforce the terms of the Settlement Agreement and Release previously executed by Mr. Warner and the School Board, <u>nor</u> any rights concerning his child's special educational needs.**

4. <u>Successors and Assigns</u>. This Agreement shall be binding on the successors and assigns of the Parties.

5. <u>No Admission of Liability</u>. The Released Parties specifically deny any liability for the Record Requests. Nothing in this Agreement shall be construed as an admission by the

Released Parties that they owe any duties or obligations to Warner or that they violated any statute or law, or that they were negligent in any manner with respect to Warner, or that they caused injury or damage to Warner in any manner.

6. <u>Construction of Agreement</u>. This Agreement shall be deemed to have been jointly drafted by all Parties for the purposes of applying any rule of contract construction and the terms of this Agreement shall not be presumptively construed against any of the Parties or be subject to the doctrine of *contra proferentum*.

7. <u>Entire Agreement; Waiver</u>. This Agreement shall constitute the entire agreement between the Parties with respect to the subject matter hereof and supersedes all other prior negotiations and understandings, whether written or oral. This Agreement may be modified only by a written document signed by all the Parties hereto. Any amendments or changes to the terms of this Agreement are ineffective unless they are in writing and executed by all of the Parties actually executing this Agreement. There are no understandings, oral or otherwise, regarding the settlement of the Parties' disputes, except as set forth in this Agreement. No party relied on any promise, inducement, assurance or expectation of any other Party, unless it is contained in writing in this Agreement.

8. <u>Headings</u>. The section titles, captions, and headings contained within this Agreement are used only for convenience and ease of reference, and shall not be construed to define, limit, or extend the scope of this Agreement or any of its terms.

9. <u>Governing Law and Jurisdiction</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to rules or principles regarding conflicts of laws. The parties agree that any action arising out of this Settlement Agreement shall be brought in the state court located in Hillsborough County,

Florida.

10. <u>Jury Trial Waiver</u>. THE PARTIES HEREBY KNOWINGLY WAIVE THEIR RIGHT TO TRIAL BY JURY IN ANY LITIGATION ARISING FROM OR RELATING TO THIS SETTLEMENT AGREEMENT.

11. <u>Severability</u>. If any provisions of this Agreement, or the application thereof, shall for any reason or to any extent be construed by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this Agreement, and application of such provisions to other circumstances, shall remain in effect and be interpreted so as best to reasonably effect the intent of the parties hereto. Notwithstanding the foregoing, if the release set forth herein is held unenforceable or invalid by a court of competent jurisdiction, then it shall be the intent of the Parties that such invalidity or unenforceability shall be cause for rescission of this entire Agreement at the election of the Party whose interests are injured by the finding of invalidity or unenforceability.

12. <u>Confidentiality</u>. The Parties agree to maintain the terms and conditions of this Agreement, including the amount of the payment hereunder, in confidence, and agrees that they will not disclose the terms and conditions of this Agreement to any person or entity, except to a Party's attorneys, attorneys-in-fact, insurers, regulators, auditors, financial advisors, lenders, accountants, and tax return preparers as necessary in the normal course of business, or as may be required by regulation, law, or court order. The Parties agree that they will instruct any person or entity receiving information related to this Agreement that such information must be maintained in confidence. Notwithstanding the foregoing, nothing in this Agreement shall limit the Parties' duties under Florida Statute Chapter 119 or other public records law, state, or federal.

13. <u>Multiple Counterparts, Facsimiles Deemed Originals</u>. The Parties may execute

multiple originals of this Agreement. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Agreement may be executed using email, PDF, or facsimile signatures and such signatures shall be given the authority of original signatures for purposes of executing and enforcing the validity of this Agreement.

14. <u>Fees and Costs</u>. The Parties shall bear their own fees and expenses (including attorneys' fees) which were incurred in connection with the dispute, the controversies released herein and the preparation of this Agreement. In the event of any dispute arising out of or related to this Agreement, the prevailing party shall have a right to recover from the other party her or its reasonable attorneys' fees and costs, including those incurred in any appeal.

15. <u>Warranties of Parties</u>. Each Party to this Agreement represents and warrants to the others that they have fulfilled the following:

    a) <u>Read Agreement</u>. A duly authorized representative of the Party has read and understands this Agreement in its entirety, and the consequences and risks associated therewith, including but not limited to, the risk of reliance on certain laws, facts or circumstances which may be later discovered or otherwise;

    b) <u>No Reliance on Representations</u>. The Party did not rely and has not relied upon any representation or statement made, unless otherwise provided herein, by any of the other Parties or any of their officers, agents, representatives or attorneys with regard to any facts pertaining to or relating to the Record Requests or Demand and the Party hereby assumes the risk of any mistake of fact in connection with the true facts involved in the Record Requests or the Lawsuit or with regard to any facts which are now unknown to them relating thereto.

    c) <u>Discussions with Counsel</u>. The Party has discussed all aspects of this Agreement with her or its attorneys or had the opportunity to do so and fully understands all of the provisions and their legal and practical effect;

    d)     <u>Voluntary Act</u>. The Party is signing this Agreement freely and voluntarily, without coercion of any kind, and with full knowledge and understanding of its contents;

    e)     <u>No Assignment or Transfer</u>. The Party has not assigned, pledged or transferred or purported to assign or transfer to any person or entity any claim or right or any portion thereof or interest therein they purport to release by this Agreement, except as stated in this Agreement; and

    f)     <u>Authority</u>. The person executing this Agreement on behalf of such Party is fully authorized and legally competent to execute this Agreement as the legal, valid and binding act and deed of such Party, and is a duly authorized representative of such Party.

**AGREED:**

| Blake Warner | School Board of Hillsborough County, Florida. |
|---|---|
| *[signed]* | |
| Dated: 06-16-2022 | By:_____ |
| | Title:_____ |
| | Dated:_____ |