

[Quoted text hidden]

**2 attachments**



**image001.png**
7K

**image_50769409.JPG**
1987K

---

**Blake Warner** <blake@null3d.com>　　　　　　　　　　　　　　　　　　　Sat, Jun 22, 2024 at 8:58 AM
To: jason.margolin@akerman.com
Cc: benjamin.robinson@akerman.com

Mr. Margolin:

The discovery stay was lifted on Jun 7, 2024. I am standing on my original discovery requests. I have not received a response to date, the discovery responses are untimely.

best regards,
-Blake

[Quoted text hidden]

---

**jason.margolin@akerman.com** <jason.margolin@akerman.com>　　　　　　　Fri, Jul 5, 2024 at 11:27 AM
To: blake@null3d.com
Cc: benjamin.robinson@akerman.com

Mr. Warner,

I hope you had a wonderful 4th.

My apologies that with the Court's order on the dismissal being entered, and your subsequent amended pleading, we did not realize you would be pursuing the same discovery requests. Would you be agreeable to us getting our responses to you by July 18?

Thanks,

**Jason L. Margolin**

Partner

Florida Supreme Court Qualified Arbitrator

Florida Supreme Court Certified Circuit Mediator

[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>                                              Fri, Jul 5, 2024 at 11:34 AM
To: jason.margolin@akerman.com
Cc: benjamin.robinson@akerman.com

Good Morning Jason,

I agree to an extension to July 18, 2024.

Don't work too much on a holiday weekend, that's what the associates are for (j/k 😁).

Best regards,
-Blake

[Quoted text hidden]

---

**jason.margolin@akerman.com** <jason.margolin@akerman.com>                      Fri, Jul 5, 2024 at 11:58 AM
To: blake@null3d.com
Cc: benjamin.robinson@akerman.com

Thank you. We appreciate the extension.

Best,
Jason


**Jason L. Margolin**

Partner

Florida Supreme Court Qualified Arbitrator

[Quoted text hidden]

---

**jason.margolin@akerman.com** <jason.margolin@akerman.com>                      Thu, Jul 18, 2024 at 3:36 PM
To: blake@null3d.com
Cc: benjamin.robinson@akerman.com, judy.mcarthur@akerman.com

Mr. Warner,

Thank you again for the prior extension on our discovery responses. We will get the responses to your request for production and interrogatories later today. I will need a few more days to get the verification page signed because our signatory is not back until Monday. I should have that verification page then, and do not expect any changes to the responses, which again, we can send later today. We are also still working to gather the responsive documents and the email data you have requested. I'm working to get those to you as soon as we can, but it is taking longer than I expected.

Best,
Jason

**Jason L. Margolin**

Partner

Florida Supreme Court Qualified Arbitrator

[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>                                                       Thu, Jul 18, 2024 at 3:38 PM
To: jason.margolin@akerman.com
Cc: benjamin.robinson@akerman.com, judy.mcarthur@akerman.com

No worries Jason.

[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>                                                       Thu, Jul 18, 2024 at 6:36 PM
To: jason.margolin@akerman.com
Cc: benjamin.robinson@akerman.com, judy.mcarthur@akerman.com

Hello Jason,

Please give some date/times (after your answer is due) you are available to confer on a motion to compel.

I understand some of the FERPA stuff you need a court order to disclose, but I feel a lot of these objections and claims of privilege are improper.

Finally, I do not see a privilege log, do you intend to produce one?

Best regards,
-Blake

[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>                                                       Fri, Jul 26, 2024 at 4:41 PM
To: jason.margolin@akerman.com
Cc: benjamin.robinson@akerman.com, judy.mcarthur@akerman.com

Jason,

I have yet to receive the materials you had previously indicated would be provided last week.  Additionally, I have not received any response to my inquiries.

I understand that you might have had a tight time table recently with that writ of mandamus, the clerks appeal, and the discovery requests. Do you need some additional time? I also have some questions I would like you to answer informally regarding that decommissioned email server.

best regards,
-Blake

[Quoted text hidden]

---

**jason.margolin@akerman.com** <jason.margolin@akerman.com>                               Fri, Jul 26, 2024 at 4:46 PM
To: blake@null3d.com
Cc: benjamin.robinson@akerman.com, judy.mcarthur@akerman.com

Mr. Warner,

Yes, I am still waiting on the materials too. We continue to follow up on receiving the documents and do need more time.

We can discuss the decommissioned email server (preferably sometime next Wednesday or after because of the deadlines you noted with the writ next week). But most of my understanding on the email server is reflected in our objection. If you have specific questions, please let me know and I can follow up to get more information.

Also, I do anticipate we will move for judgment on the pleadings. The grounds should be the ones we previously discussed with you and briefed when we filed the motion before, which was then mooted by consolidation and not addressed in the last order. I know this will be the settlement agreement argument, which the Court would not consider on the motion to dismiss. We should also confer on that issue – although I recognize our positions likely remain the same because the Court did not yet address the issue.

[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>  	Fri, Jul 26, 2024 at 4:51 PM
To: jason.margolin@akerman.com
Cc: benjamin.robinson@akerman.com, judy.mcarthur@akerman.com

Hello Jason,

The only issue I am aware of, that was not disposed of in the motion to dismiss order, is the settlement agreement. However, moving for judgment on the pleadings on that would be inappropriate since discovery is required. Need all draft agreements, all communications between the parties, depose the attorney who handled that matter, and likely depose the now-retired ESE director who oversaw that settlement. All of that is well beyond the pleadings. If you still wish to move forward with this, we can confer later and I will bring some case law.

best regards,
-Blake

[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>  	Wed, Jul 31, 2024 at 7:39 PM
To: jason.margolin@akerman.com
Cc: benjamin.robinson@akerman.com, judy.mcarthur@akerman.com

Hello Jason,

Following up on the outstanding discovery documents. I did receive the notarized rogs, however I am still waiting for the emails and privilege log. After I get the emails, and you indicate responses are complete, we need to schedule a confer on a motion to compel. Do you have an ETA for the rest of discovery?

best regards,
-Blake

[Quoted text hidden]