

Blake Warner <blake@null3d.com>

# Summary of Conferral Call 8.7.2024
4 messages

**jason.margolin@akerman.com** <jason.margolin@akerman.com>                                    Wed, Aug 7, 2024 at 3:06 PM
To: blake@null3d.com

Mr. Warner:

Thank you for your time on our call this afternoon. Below is a summary of our conclusions following our conferral. Please reply and let me know if you agree with the summary or if there is anything to change/add.

1. <u>We discussed your draft motion to compel</u>.
    a. We agreed you would extend our deadline to get additional documents to you through **Monday, September 9, 2024**, without any waive of your arguments, including your argument that there was a prior waiver of objections/privilege.
    b. In the interim, the School Board will prepare a motion for protective order to seek a ruling on our FERPA objections. Before proceeding with this motion, I will review the case law you sent me today.
    c. You may provide some additional questions about the data loss / decommissioned server mentioned in our objections for a future conferral.
2. <u>We discussed our draft motion for judgment on the pleadings and your draft motion to strike</u>.
    a. I will look for a case regarding the consideration argument you raised, which could impact the briefing on these motions.
    b. We may proceed with filing these respective motions at any time. (Again, I will look at the consideration issue, but this does not waive the right either of us have to proceed on this issue. While we may confer further, we agree conferring on these motions is complete).
3. <u>We discussed your unserved subpoena to attorney LaKisha Kinsey-Sallis and our draft motion for protective order</u>.
    a. I am holding on our draft motion for protective order and you are holding on serving the subpoena.
    b. I will prepare a stipulation, which we anticipate will admit/authenticate emails (with drafts of the settlement agreement) exchanged between you and Ms. Kinsey-Sallis.
    c. The stipulation will not discuss "intent", but I understand you will use the emails/drafts to argue your intent in executing the settlement agreement.
    d. I will argue "intent" does not matter here, the language of the agreement controls.
    e. We anticipate this stipulation will permit you to withdraw your subpoena (not yet served) and render our motion for protective order unnecessary.
    f. Should the School Board try to introduce evidence of its intent from Ms. Kinsey-Sallis, then you would seek to serve the subpoena, and possibly take the deposition of another (Susan Sharp?).

Again, please let me know if you agree with the above or need to correct/add.

Best,

Jason

**Jason L. Margolin**

Partner

Florida Supreme Court Qualified Arbitrator

Florida Supreme Court Certified Circuit Mediator

Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602

D: 813 209 5009 | F: 813 218 5488

Admitted to Practice in Florida and District of Columbia

jason.margolin@akerman.com

vCard | Profile | Connect With Me



700+ Lawyers
25 Offices
akerman.com

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**Blake Warner** <blake@null3d.com>                                                     Thu, Aug 8, 2024 at 6:35 PM
To: jason.margolin@akerman.com

Hello Jason,

Apologies for the late response, I had to rush to the school open house after our call.

Your summary is mostly accurate, I would just clarify that if you intend to introduce *any* evidence (outside of the email chain we are stipulating to) from either Lakisha Kinsey-Sallis or Suzette Sample (now retired ESE director), that I be allowed to *seek* discovery from them without you waiving any objections/privileges.

Regarding the email server, it appears the server suffered a failure, and you were to inquire whether backups existed at the time of the failure, and if so are the backups still available. If the backups are not available, when did they become unavailable.

Could you also confirm with your client whether they have the "directory information policy" that is supposed to be given to parents, and if so please send me a copy.

I might suggest formatting the stipulate as a joint notice of stipulation (and notice of withdrawal of the subpoena, so I can mark off that calendared deposition). see Local Rule 3.05(c).

best regards,
-Blake
[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>                                                    Thu, Aug 29, 2024 at 1:57 PM
To: jason.margolin@akerman.com

Hello Jason,

I am writing to inquire on the status of the protective order, the written stipulation regarding Lakisha Kinsey Sallis (or alternatively if what we have written out here is enough and no more formal agreement is necessary), and the status of the questions regarding the email server.

Best regards,
-Blake

[Quoted text hidden]

---

**Blake Warner** <blake@null3d.com>	Tue, Sep 10, 2024 at 7:59 AM
To: jason.margolin@akerman.com

Good Morning Jason,

I am writing to inquire on the status of discovery, the due date was yesterday and I received nothing.

best regards,
-Blake

[Quoted text hidden]