UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER,

    Plaintiff,

v.                                                                   Case No. 8:23-cv-00181-SDM-JSS

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY, FLORIDA,

    Defendant

_____/

### DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA

Defendant School Board of Hillsborough County, Florida ("School Board"), pursuant to Federal Rules of Civil Procedure Rule 34, serves its Responses and Objections to Plaintiff Blake Warner ("Mr. Warner") First Requests for Production (the "Requests").

### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS AND GENERAL OBJECTIONS

1. The School Board objects to Mr. Warner's Requests to the extent the Requests relates to claims that have been dismissed and are not included in the operative pleading.

2. The School Board objects to Mr. Warner's "Definition and Instructions" accompanying the Requests to the extent they purport to impose

74257069;4

any duty or obligation on School Board that is different from, greater than, or inconsistent with those imposed by the Federal Rules of Civil Procedure.

3. Mr. Warner's Requests seek documents from 2018 to the present, and in some instances, from 1848 to the present. Due to its prior email server system being decommissioned, limited email data is available prior to April 5, 2021. Where indicated below, the School Board will search documents, including emails, from 2018 to the present, but provides notice that email data before April 5, 2021 may be limited or unavailable.

4. School Board has not yet completed its discovery and investigation of the facts pertaining to this action, a review of its own documents, or its preparation for trial. School Board bases its responses to the Requests on information reasonably available to it at this time. School Board's investigation is continuing, and it reserves the right to (a) supplement or amend its responses and objections under applicable rules to the extent necessary as additional information, if any, comes to light; and (b) produce, introduce, or rely on additional or subsequently acquired information in any proceedings or trial held hereafter.

## RESPONSES AND OBJECTIONS

1. All documents that you will use to support any affirmative defense.

**Response: The School Board objects to the Request as overbroad, unduly burdensome, and premature as the School Board has not answered the operative pleading. Should the School Board file affirmative defenses, the School Board will produce the documents it will use at trial within the time period required by the Court.**

2. All documents regarding any communications between the superintend(s) any of the superintendent's leadership staff (i.e. any Deputy Superintendents, any Chiefs, any Superintendents), Chris Farkas, and any school board member regarding student assignment boundaries, from 2018 to present.

**Response: School Board will produce responsive communications regarding student assignment boundaries, from 2018 to the present, which can be located after a reasonable search.**

**To the extent this request seeks additional documents, the School Board objects to this request, especially its use of "All documents regarding any communications" as overly broad, vague, and unduly burdensome.**

3. All documents regarding any communications between any school board employee (including board members) and WXY studios (including any WXY employee, contractor, representative, or subsidiary) regarding school assignment boundaries or the school assignment boundary change process, from 2018 to present.

**Response: As part of its role and service to the School Board, WXY received confidential personally identifiable information for minors who attended school within the district, for several years, and such information of non-parties is protected, confidential, and privileged. In addition to other authorities, this information is protected by the Family Educational Rights and Privacy Act (FERPA) codified in 20 U.S.C. § 1232g, and Florida Statutes §§ 10002.22(2)(d) ("Students and their parents shall have the right of privacy with respect to such records and reports."), 1002.221, 1002.222, 1002.225, and 1006.52. Accordingly, the School Board objects to this request to the extent it seeks such information.**

**Although WXY may have received personally identifiable information for students, that information did <u>not</u> contain race information, which is what Plaintiff seeks in this case. Accordingly, the School Board also objects to this request as overly broad and not proportional to the needs of the case because it seeks documents that are not relevant to the issues in this action.**

**School Board will produce non-confidential responsive communications with WXY studios regarding student assignment boundaries, from 2018 to the present, which can be located after a reasonable search.**

3

**To the extent this request seeks additional documents, the School Board objects to this request, especially its use of "All documents regarding any communications" as overly broad, vague, and unduly burdensome.**

4.  All documents regarding any communications between the superintendent(s), any of the superintendent's leadership staff (i.e. any Deputy Superintendents, any Chiefs, any Superintendents), Chris Farkas, and any school board member regarding student race or ethnicity, from 2018 to present.

**Response: School Board objects that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case, and that it seeks irrelevant information and is vague and ambiguous, in that it seeks "any communication… regarding race or ethnicity," without specification or limitation. The School Board also objects to this request and its use of "All documents regarding any communications" as overly broad, vague, unduly burdensome, and not proportional to the needs of the case.**

5.  All school assignment boundary map documents that were implemented between the year 1848 to present.

**Response: The School Board objects to this request for "all … documents … from 1848 to present" on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to Mr. Warner's claims.**

6.  All district board member voting map documents that were implemented between the year 1848 to present.

**Response: The School Board objects to this request for "all documents … from 1848 to present" on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to Mr. Warner's claims.**

7.  All documents regarding any communications between any school board employee (including board members) and Tindale Oliver (including any Tindale Oliver employee, contractor, representative, or subsidiary) regarding school assignment boundaries or the school assignment boundary change process, from 2018 to present.

**Response: As part of its role and service to the School Board, Tindale Oliver may have received confidential personally identifiable information for minors who attended school within the district, for several years, and such information of non-parties is protected,**

4

confidential, and privileged. In addition to other authorities, this information is protected by the Family Educational Rights and Privacy Act (FERPA) codified in 20 U.S.C. § 1232g, and Florida Statutes §§ 10002.22(2)(d) ("Students and their parents shall have the right of privacy with respect to such records and reports."), 1002.221, 1002.222, 1002.225, and 1006.52. Accordingly, the School Board objects to this request to the extent it seeks such information.

Although Tindale Oliver may have received personally identifiable information for students, that information did <u>not</u> contain race information, which is what Plaintiff seeks in this case. Accordingly, the School Board also objects to this request as overly broad and not proportional to the needs of the case because it seeks documents that are not relevant to the issues in this action.

School Board will produce non-confidential responsive communications with Tindale Oliver studios regarding student assignment boundaries, from 2018 to the present, which can be located after a reasonable search.

To the extent this request seeks additional documents, the School Board objects to this request, especially its use of "All documents regarding any communications" as overly broad, vague, unduly burdensome, and not proportional to the needs of the case.

8. All documents regarding student racial demographics from 1848 to present.

**Response**: The School Board objects to this request for "all documents … from 1848 to present" on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to Mr. Warner's claims.

9. All reports and presentations in regards to the school assignment boundaries between 2018 to present.

**Response**: All reports and presentations presented to the public or the School Board at public meetings may be found with the meeting notes that are publicly available at (https://www.hillsboroughschools.org/Page/6365). Notwithstanding the fact that these documents are already publicly available to Plaintiff, the School Board will produce the meeting minutes and reports and presentations made at these meetings.

**To the extent this Request seeks additional documents, the School Board objects to this Request for "all reports and presentations" on the grounds that it is overly broad, vague, unduly burdensome, and not proportional to the needs of the case.**

10. All documents regarding any communications between attorneys who represent the school board and any school board employee (including the school board members) in regards to any subject matter in Warner v. School Board of Hillsborough County, Florida, 8:23-cv-00181, (M.D. Fla.) or Warner v. School Board of Hillsborough County, Florida, 8:23-cv-01029, (M.D. Fla.).

**Response: School Board objects that this Request is improper, overbroad, unduly burdensome, and disproportionate to the needs of the case, and that it seeks only communications protected by the attorney-client privilege, the work product privilege, or any other applicable privilege or protection. The School Board also objects to this request and its use of "All documents regarding any communications" as overly broad, vague, unduly burdensome, and not proportional to the needs of the case.**

11. All documents regarding residential property values.

**Response: The School Board objects to this Request for "all documents" and for documents regarding "residential property values" on the grounds that it is overly broad, vague, unduly burdensome, and not proportional to the needs of the case.**

12. All documents regarding communications between any member of the public, the superintendent(s), any of the superintendent's leadership staff (i.e. any Deputy Superintendents, any Chiefs, any Superintendents), and any school board member regarding student assignment boundaries, from 2018 to present.

**Response: The meeting minutes, including public comment (i.e., communications between any member of the public and the school board), are publicly available at (https://www.hillsboroughschools.org/Page/6365). Notwithstanding the fact that these documents are already publicly available to Plaintiff, the School Board will produce the meeting minutes from**

6

74257069;4

these meetings. This includes any meetings regarding school format changes. To the extent this Request seeks additional documents, the School Board objects to this Request for "all documents" on the grounds that it is overbroad, unduly burdensome, and not relevant to Mr. Warner's claims. The School Board also objects to this request and its use of "All documents regarding any communications" as overly broad, vague, unduly burdensome, and not proportional to the needs of the case.

13. All documents regarding communications between any member of the public, the superintendent(s), any of the superintendent's leadership staff (i.e. any Deputy Superintendents, any Chiefs, any Superintendents), and any school board member regarding school format changes (converting K-5 schools K-8), from 2000 to present.

**Response**: *See* Response to Request No. 12 above. The School Board also objects to this Request to the extent it relates to claims that are no longer at issue in light of Mr. Warner's amendment to his pleading following the initial service of these Requests.

14. All documents regarding statistical analysis of any student assignment map or district voting map.

**Response**: The School Board will produce reports and presentations, including the statistical analysis therein, presented to the public or the School Board at public meetings may be found with the meeting notes that are publicly available at (https://www.hillsboroughschools.org/Page/6365). To the extent this Request seeks additional documents, the School Board objects to this Request for "all documents" on the grounds that it is overly broad, vague, unduly burdensome, and not proportional to the needs of the case.

15. All documents regarding student enrollment and Individual school student capacities, from 2018 to present.

**Response**: The School Board objects to this Request for "all documents" on the grounds that it is overly broad, vague, unduly burdensome, and not proportional to the needs of the case. The School Board also objects to the Request, which improperly demands personally

7

74257069;4

Case 8:23-cv-00181-SDM-UAM   Document 93-3   Filed 09/11/24   Page 8 of 9 PageID 1051

**identifiable information of all minors who attended school within the district, for several years, and such information of non-parties is protected, confidential, and privileged. In addition to other authorities, this information is protected by the Family Educational Rights and Privacy Act (FERPA) codified in 20 U.S.C. § 1232g, and Florida Statutes §§ 10002.22(2)(d) ("Students and their parents shall have the right of privacy with respect to such records and reports."), 1002.221, 1002.222, 1002.225, and 1006.52.**

16. All documents regarding Blake Warner or his child J.W., excluding documents related to J.W.'s educational instruction or IEP.

<u>Response</u>: **The School Board objects to this request to the extent it seeks production of confidential and privileged documents protected by the attorney-client privilege or work product doctrine or any other privilege, such as those related to the defense of the multiple lawsuits filed by Mr. Warner on behalf of himself and/or his child J.W.**

**The School Board will produce all non-privileged, responsive documents located after a reasonable search.**

Dated: July 18, 2024                    Respectfully submitted,

*/s/ Jason L. Margolin*
**Jason L. Margolin, Esq.**
Florida Bar No.: 69881
jason.margolin@akerman.com
judy.mcarthur@akerman.com
**Benjamin Robinson, Esq.**
Florida Bar No. 1045169
benjamin.robinson@akerman.com
caren.deruiter@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, FL  33602-5250
Phone:  (813) 223-7333
Fax:  (813) 223-2837
*Counsel for Defendant*

8

74257069;4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 18, 2024, a true and correct copy of the foregoing has been served via email to Blake Warner, email: blake@null3d.com.

/s/ *Jason L. Margolin*
Attorney