UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER

    Plaintiff,

v.                                     Case No. 8.23-CV-181-SDM JSS

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY FLORIDA,

    Defendant,
_____/

## DEFENDANT THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA'S MOTION TO STAY DISCOVERY

Defendant, The School Board of Hillsborough County, Florida (the "School Board"), moves the Court for entry of an order staying discovery until the Court has made a final ruling on the School Board's pending Motion for Judgment on the Pleadings (Doc. 86) for two reasons. First, the pending Motion for Judgment on the Pleadings will significantly narrow, if not eliminate, this entire case. Second, this Court previously stayed discovery in this case for similar reasons, which continue to justify a stay here.

### INTRODUCTION

Previously, while the Motion to Dismiss was pending, Plaintiff simultaneously (i) served discovery seeking information on non-party students and documents dating back to 1848 and (ii) proposed the stay. The School

77976975;1

Board agreed a stay was warranted, and successfully moved (Doc. 68) for a stay from this Court. *See* Doc. 71 (endorsed order granting stay and enlargement of time to respond to the discovery pending adjudication of the Motion to Dismiss). Among other grounds, the then-pending Motion to Dismiss (Doc. 45) asserted the claims were barred by a prior settlement agreement.

In ruling on the Motion to Dismiss, the Court dismissed most of the claims, but did not consider the settlement agreement because of the posture. The School Board answered, and moved for judgment on the pleadings, changing the procedural posture. Although the case has been drastically narrowed, and although a dispositive motion (this time a motion for judgment on the pleadings) is pending before the Court, Plaintiff still pursues the same overly broad and irrelevant discovery. Accordingly, this Court should again stay discovery pending adjudication of the pending dispositive motion.

**THE GROUNDS JUSTIFYING THE PRIOR STAY JUSTIFY A FURTHER STAY**

The School Board should not be required to endure the burden of discovery in this case, where Plaintiff's claims against the School Board remain fatally flawed. After Plaintiff served the discovery at issue, the Court granted the School Board's Motion to Dismiss, eliminating nearly all of the claims. (Doc. 72). Because of the procedural posture, the Court did not consider the School Board's argument that Plaintiff's claims are barred by the parties' prior settlement agreement. *Id.*

Accordingly, in response to the Third Amended Complaint (Doc. 79), which asserts only two claims, the School Board answered (Doc. 82) and moved for judgment on the pleadings. (Doc. 87) (the "Motion for Judgment on the Pleadings"). The Motion for Judgment on the Pleadings is fully briefed. Granting the Motion for Judgment on the Pleadings will eliminate this case and avoid any further discovery.

In this motion, the School Board asks that the Court stay discovery until thirty days after the Court has an opportunity to rule on the pending dispositive motion.

### RELEVANT PROCEDURAL BACKGROUND AND DISCOVERY

1. Plaintiff filed his Second Amended Complaint on July 10, 2023.

2. The School Board filled its motion to dismiss July 24, 2023.

3. The Court heard argument on the motion to dismiss on October 26, 2023, taking the matter under advisement.

4. One month later, on November 29, 2023, Plaintiff served his initial disclosures and informed the School Board:

> While I do not oppose staying discovery, my concern is that the court will toll this time absent a stay order. If you wish to file a motion to stay discovery, then I would be unopposed. Absent that motion being filed, I will start serving discovery requests.

*See* **Exhibit 1**, Email from Plaintiff dated November 29, 2023.

5. At that same time, Plaintiff also served his first set of document requests. *See* **Exhibit 2**, Plaintiff's Request for Production. In multiple requests, Plaintiff seeks documents from "the year 1848 to present." *See id.*, Request Nos. 5-6, and 8.

6. The next day, on November 30, 2023, Plaintiff's served his first set of Interrogatories. *See* **Exhibit 3**, Plaintiff's Interrogatories. In multiple interrogatories, Plaintiff seeks information about non-party students. *See id.*, Interrogatory Nos. 1-3.

7. Plaintiff also indicated an intent to serve non-party subpoenas and again proposed a stay. *See* **Exhibit 4**, Email from Plaintiff dated November 30, 2023 ("Just to reiterate, I am unopposed to a motion to stay discovery until the MTD is ruled upon.").

8. The School Board moved for a stay on December 11, 2023. (Doc. 68).

9. Because no order had then been entered on the initial stay motion, the School Board also moved for an extension of time on January 2, 2024. (Doc. 69).

10. The Court granted both the School Board's Unopposed Motion to Stay Discovery (Doc. 68) and the School Board's Motion for Enlargement of Time to Respond to Discovery (Doc. 69) on February 21, 2024. (Doc. 71).

11. The Court's Report and Recommendation was entered on February 29, 2024, recommending the Court dismiss Counts I, II, III, IV, V, VI, VIII, and IX. (Doc. 72). The Court only recommended denial with respect to Count VII (an equal protection claim). *Id.* The Court did <u>not</u> recommend dismissing the prior pleading based on the parties' settlement agreement as it was not part of the pleadings. *See id.*, pp. 7-8.

12. The Court adopted the Report and Recommendation on June 7, 2024 (Doc. 78).

13. Plaintiff filed his Third Amended Complaint on June 10, 2024, raising only two claims for equal protection.

14. The School Board answered, incorporating the settlement agreement into the pleadings. (Doc. 82). The School Board also filed its Motion for Judgment on the Pleadings on August 9, 2024, seeking judgment based on this same argument with the agreement now able to be considered by the Court. (Doc. 86).

15. Plaintiff requested the School Board respond to the previously served discovery.

16. Although the School Board has served responses and objections to the written discovery, the School Board maintains Plaintiff's discovery is extremely overly broad and improper, especially where most of it targets claims that have been dismissed.

## MEMORANDUM OF LAW

The Court is empowered to stay discovery pending a facial challenge to the legal sufficiency of a complaint, which presents a purely legal question that does not involve any issues of fact. *See, e.g., Horsely v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). If possible, the district court should eliminate any legally unsupported claim, which would unduly enlarge the scope of discovery, before the discovery stage begins. *See Chudasma*, 123 F.3d at 1368. Here, the claims against the School Board are legally unsupported because Plaintiff failed to state a claim upon which relief could be granted. Thus, the Court should rule on the Motion for Judgment on the Pleadings before allowing discovery to continue. *See Schreiber v. Kite King's Lake, LLC,* Case No. 2:10-cv-391-FtM-29DNF, 2010 WL 3909717, at *1 (M.D. Fla. Oct. 1, 2010) ("courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount").

In determining whether to grant a stay, courts generally examine three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *See Scoma Chiropractic v. Dental Equities, LLC*, No. 2:16-CV-41-FTM-99MRM, 2016 WL 7448718, at *3 (M.D. Fla. Dec. 28, 2016)

(citing *Freedom Scientific, Inc. v. GW Micro, Inc.*, No. 8:05–cv–1365–T–33TBM, 2009 WL 2423095, *1 (M.D. Fla. July 29, 2009)). All three factors weigh in favor of staying discovery with respect to the School Board in this case.

First, the brief stay of discovery will not unduly prejudice or tactically disadvantage the Plaintiff. While Plaintiff opposes the current stay requested, it was Plaintiff who previously proposed the stay when he served his initial discovery, likely recognizing the School Board was raising a threshold defense – the same defense it is raising now – that the settlement agreement bars Plaintiff's case. *See* Ex. 1 and 4.

As to the second and third factors, the stay will simplify the issues and reduce the burden of litigation on the parties. A brief stay will permit the Court time to resolve the pending Motion for Judgment on the Pleadings, which should completely eliminate this case, or at the very least limit the scope of discovery. Notably, each Count of Plaintiff's two-count Third Amended Complaint, relates to distinct subject matter and would require separate discovery. Even if only one of the claims were eliminated, it would drastically narrow the scope of discovery. Limiting the scope of discovery will obviously reduce the burden of litigation on the School Board, as well as on Mr. Warner, and streamline the adjudication of any remaining claims.

Any discovery directed towards the School Board will be completely unnecessary if the Court grants the School Board's Motion for Judgment on

the Pleadings. Accordingly, good cause exists for the Court to exercise its discretion to stay discovery until after the Court has had an opportunity to review and adjudicate the School Board's Motion for Judgment on the Pleadings.

### Certification of Compliance with Local Rule 3.01(g)

Pursuant to Local Rule 3.01(g), undersigned counsel for the School Board hereby certifies that he conferred with Plaintiff by telephone on September 13, 2024, and Plaintiff opposes the School Board's request for a stay.

Date:  September 13, 2024.     Respectfully submitted,

    */s/ Jason L. Margolin*
**JASON L. MARGOLIN**
Florida Bar No. 69881
**TRIAL COUNSEL**
Primary E-mail: jason.margolin@akerman.com
Secondary E-mail: judy.mcarthur@akerman.com
**BENJAMIN ROBINSON**
Florida Bar No. 1045169
Primary: benjamin.robinson@akerman.com
Secondary: Judy.mcarthur@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone:  (813) 209-5009
***Attorneys for Defendant, Hillsborough County School Board***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of September 2024, I filed the foregoing with the Court via CM/ECF, which will serve a true and correct copy of the foregoing via email service on all counsel of record.

                                         */s/ Jason L. Margolin*
                                         Attorney

77976975;1