# EXHIBIT 2

# EXHIBIT 2

# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner

v.

The School Board of
Hillsborough County Florida

Case Number 8:23-CV-181-SDM-JSS

# Plaintiff's First Request for Production of Documents

Plaintiff, Blake Warner, *pro se*, hereby requests that *Defendant*–The School Board of Hillsborough County Florida–produce for inspection or copying the documents set forth below.

# I  Definitions

1. **"Document"** is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the original, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications,

1

    memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

2. **"DOCUMENT"** also includes copies containing information in addition to that contained on the original (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery.  To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced.  Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

3. If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

## II   CLAIM OF PRIVILEGE

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1. Description sufficient to identify.
2. The date(s).
3. The subject matter(s).
4. The sender(s) or author(s).
5. The recipient(s).
6. The persons to whom copies were furnished, together with their job titles.
7. The present depository or person having custody of the document.
8. The nature and basis of privilege or immunity claimed.
9. The paragraph(s) of this request to which each such document or statement relates or corresponds.

## III  DOCUMENTS REQUESTED

1. All documents that you will use to support any affirmative defense.
2. All documents regarding any communications between the superintendent(s), any of the superintendent's leadership staff (i.e. any Deputy Superintendents, any Chiefs, any Superintendents), Chris Farkas, and any school board member regarding student assignment boundaries, from 2018 to present.
3. All documents regarding any communications between any school board employee (including board members) and WXY studios (including any WXY employee, contractor, representative, or subsidiary) regarding school assignment boundaries or the school assignment boundary change process, from 2018 to present.
4. All documents regarding any communications between the superintendent(s), any of the superintendent's leadership staff (i.e. any Deputy Superintendents, any Chiefs, any Superintendents), Chris Farkas, and any school board member regarding student race or ethnicity, from 2018 to present.

3

5. All school assignment boundary map documents that were implemented between the year 1848 to present.

6. All district board member voting map documents that were implemented between the year 1848 to present.

7. All documents regarding any communications between any school board employee (including board members) and Tindale Oliver (including any Tindale Olive employee, contractor, representative, or subsidiary) regarding school assignment boundaries or the school assignment boundary change process, from 2018 to present.

8. All documents regarding student racial demographics from 1848 to present.

9. All reports and presentations in regards to the school assignment boundaries between 2018 to present.

10. All documents regarding any communications between attorneys who represent the school board and any school board employee (including the school board members) in regards to any subject matter in Warner v. School Board of Hillsborough County, Florida, 8:23-cv-00181, (M.D. Fla.) or Warner v. School Board of Hillsborough County, Florida, 8:23-cv-01029, (M.D. Fla.).

11. All documents regarding residential property values.

12. All documents regarding communications between any member of the public, the superintendent(s), any of the superintendent's leadership staff (i.e. any Deputy Superintendents, any Chiefs, any Superintendents), and any school board member regarding student assignment boundaries, from 2018 to present.

13. All documents regarding communications between any member of the public, the superintendent(s), any of the superintendent's leadership staff (i.e. any Deputy Superintendents, any Chiefs, any Superintendents), and any school board mem-

ber regarding school format changes (converting K-5 schools to K-8), from 2000 to present.

14. All documents regarding statistical analysis of any student assignment map or district voting map.

15. All documents regarding student enrollment and individual school student capacities, from 2018 to present.

16. All documents regarding Blake Warner or his child J.W., excluding documents related to J.W.'s educational instruction or IEP.