# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner

v.

The School Board of
Hillsborough County Florida

Case Number 8:23-CV-181-SDM-UAM

# Plaintiff's Reply to DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

## Consideration

The board cites *LSQ Funding Group, L.C.* for the proposition that the consideration to Mr. Warner can flow directly to a third party (J.W.).

But J.W. is not a third party, he is a first party to the tripartite contract and is the direct beneficiary of that consideration (guaranteeing J.W.'s enrollment to specific public schools). You cannot promise the exact same immutable consideration to two dif-

1

ferent people and have two valid contracts. And that consideration is immutable: you cannot split guaranteed admission of J.W. to certain schools 20% to Mr. Warner, 80% to J.W., it is all or nothing. This is so because the consideration must be something that promisor was not already obligated to do: if the board already had a duty to accept J.W. into those schools due to it's agreement with J.W., then that same consideration is worthless to Mr. Warner since the board was already bound by it's agreement with J.W. to perform that exact act:

> *Diaz v. Rood*, 851 So.2d 843, 846 (Fla. 2d DCA 2003) (" '[A] promise, no matter how slight, can constitute sufficient consideration so long as a party agrees to do something that they are not bound to do.' " (quoting *Ashby v. Ashby*, 651 So.2d 246, 247 (Fla. 4th DCA 1995)))
>
> *Ferguson v. Carnes*, 125 So. 3d 841, 842 (Fla. Dist. Ct. App. 2013)

Even if the consideration did flow through Mr. Warner to J.W., that simply means J.W. owed Mr. Warner consideration in exchange for his release of claims instead of the board. After all, what benefit does Mr. Warner receive in exchange for the release of his civil rights claims when *all* of the consideration unambiguously goes to the other two parties?

Even if we could split the immutable consideration, Mr. Warner's split would still be zero because the board's entire argument is that Mr. Warner requested the consideration on behalf of his son. However, the board ignores the fact Mr. Warner was merely acting in his capacity as a guardian advocate for J.W. in the context of pending I.D.E.A. due process litigation of which Mr. Warner was not even a party. It was Mr. Warner's job as guardian to negotiate and enter into contract on behalf of J.W. since he lacked the legal capacity to do so himself. All negotiations for consideration performed by Mr. Warner for his child are attributable to his child (J.W.)[1].

---

[1] Landcastle Acquisition Corp. v. Renasant Bank, 57 F.4th 1203, 1233 (11th Cir. 2023) ("In the agency context, however, it is the agent who manifests the assent to the exchange with the third party, not the principal. Restatement

A Florida Appellate Court recently addressed a similar issue and held that a non-signatory attorney who was explicitly referenced in a settlement agreement was not bound by the agreement:

> The sole issue in this appeal is a narrow one: whether Hanson, a nonsignatory attorney to the settlement agreements that his clients signed, is bound by the settlement agreements because they include provisions purporting to bind Hanson specifically by name or by his role as 'counsel' or 'attorney.' We answer this question in the negative from a purely contractual standpoint and based on the record before us.
>
> *Hanson v. Nat'l Legal Staffing Support*, No. 4D2022-3194, at *3 (Fla. Dist. Ct. App. Feb. 28, 2024)

While it is true, that Mr. Warner signed the agreement, he only did so because J.W. could not sign for himself and there was no one else who could sign on his behalf[2]. Mr. Warner was an advocate who was *forced* to be a signatory.

Tripartite agreements are complex, and must be drafted with clear and specific rights and obligations of each of the parties. This agreement fell short of that goal, and as a result at best became ambiguous. And such ambiguity cannot sustain a civil rights waiver.

The Board has one valid contract, and it is not with Mr. Warner.

---

(Third) of Agency, supra , § 6.01 cmt. b ("An agent enters into a contract on behalf of the agent's principal by manifesting assent to an exchange that constitutes valid consideration."). The principal does not manifest the assent to the exchange because that is the agent's job. See id. A contract is formed upon the agent's manifestation of assent to the exchange on the principal's behalf.")

[2] J.W.'s mother does not have legal custody, and therefore could not sign on his behalf.

3

# Procedure

The board continuously misquotes Rule 12(f)[3] by claiming that Mr. Warner failed to show the defense is "redundant, immaterial, impertinent, or scandalous,", however the basis for Mr. Warner's motion is the first half of the rule which Defendant curiously omitted entirely:

> The court may strike from a pleading an *insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter.
>
> Rule 12(f) (emphasis mine)

In any event, whether Rule 12(f) is the proper procedural vehicle to get a ruling on the merits based on the pleadings is irrelevant since the court can just construe the motion as a 12(c) motion – the end result is the same.

While it is disfavored to strike defenses, striking this single defense will greatly streamline this litigation by helping to facilitate settlement and resolving Plaintiff's Motion To Strike Third Affirmative Defense (Doc. 85), DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 86), and DEFENDANT THE SCHOOL BOARD OF HILLSBOROUGH COUNTY, FLORIDA'S MOTION TO STAY DISCOVERY (Doc. 96). Plaintiff will also be prejudiced by increasing his litigation costs through unnecessary discovery and motion practice. Plaintiff is full time single parent of fairly limited resources, who is paying for all of these litigation costs out of pocket.

---

[3] "there is no basis to strike the defense under Rule 12(f) because it is not 'redundant, immaterial, impertinent, or scandalous,' as Rule 12(f) requires.". Doc. 91.

4

9-14-2024                                    /s/blake warner

Date                                         Signature

                                             Blake Warner, *pro se*

                                             2211 S Village Ave

                                             Tampa, FL 33612

                                             E-Service: BLAKE@NULL3D.COM

5