# United States District Court
### For The Middle District of Florida
### Tampa Division

Blake Warner

v.

The School Board of Hillsborough County Florida

Case Number 8:23-CV-181-SDM-UAM

## Plaintiff's Response to Defendant's Motion to Stay Discovery

The court must take a preliminary peek at the pending 12(c) motion to see if "it appears to be clearly meritorious and truly case dispositive.". *see Joens v. Nationstar Mortg.*, 8:23-cv-2717-MSS-NHA, at *3 (M.D. Fla. Feb. 29, 2024) and *Lafleur v. State Univ. Sys. of Fla.*, Case No: 8:20-cv-1665-T-36AAS, at *3 (M.D. Fla. Dec. 7, 2020), both quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

The board argues, without citation, that the stay is warranted because their 12(c) motion could "drastically narrow the scope of discovery". But the standard for a

1

discovery stay is not whether the issues would be narrowed, but rather whether the *entire case* would be disposed. *see Id* ("truly case dispositive"). And this is impossible because as Defendant admits, "In Count I, Warner appears to attack the school assignment boundary changes made in May and June, 2023." (Doc. 86), which occurred more than a year *after* the March 2022 date of release (Doc. 81-1).

While Mr. Warner maintains that the 12(c) motion is not "clearly meritorious" (and is in fact frivolous), he will not regurgitate the same arguments and instead defer to the court's "peek at the merits".

Additionally, granting the stay will present additional case management issues by delaying the adjudication of a case that has already been delayed over a year through discovery extensions and stays. Mr. Warner is doing his part to advance this case to get it off of the docket, while the board seeks further delays by asking the court to save them from the consequences of their intentional failure to adequately respond to discovery, by filing a bad faith motion to stay in response to a motion to compel[1]. *see Joens v. Nationstar Mortg.*, 8:23-cv-2717-MSS-NHA, at *2 (M.D. Fla. Feb. 29, 2024) ("However, motions to stay discovery pending a ruling on a dispositive motion are generally disfavored 'because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'")

Finally, the board has not shown unusual circumstances to justify the stay. The board complains about the time and costs associated with complying with discovery requests, but that alone is not enough to warrant a stay. *see Id* at *4 ("The general proposition that discovery in a putative class action can be time-consuming and expensive does not constitute sufficiently unusual circumstances here.").

---

[1] Defendant engaged in dilatory discovery tactics for months, and only raised the issue of the stay once they had been served with a motion to compel.

| | |
|---|---|
| 9-25-2024 | /s/blake warner |
| Date | Signature |
| | Blake Warner, *pro se* |
| | 2211 S Village Ave |
| | Tampa, FL 33612 |
| | E-Service: BLAKE@NULL3D.COM |

3