UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER,

    Plaintiff,

v.                                                Case No. 8:24-cv-181-SDM-LSG

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY,
FLORIDA,

    Defendant.
_____/

## ORDER

The defendant, the School Board of Hillsborough County, moves to stay discovery pending the Court's resolution of the School Board's motion for judgment on the pleadings under Rule 12(c), Federal Rules of Civil Procedure. Doc. 96. The School Board contends that its motion, Doc. 86, "will significantly narrow, if not eliminate" the plaintiff Blake Warner's remaining claims and, therefore, a stay will limit the burden of unnecessary discovery practice on the parties. Doc. 96. Warner opposes the motion and argues that a stay will unnecessarily delay the case's adjudication because the School Board's 12(c) motion is frivolous. Doc. 99. Because a preliminary review of the School Board's 12(c) motion suggests potentially meritorious and case-dispositive issues, the stay is **GRANTED**, with instructions.

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Although disfavored, a stay is warranted to avoid undue burden or expense on the parties. FED. R. CIV. P. 26(c); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558–59 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery until the district court rules on a pending dispositive motion"); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). A stay may be appropriate if a party presents a facial challenge to the legal sufficiency of a complaint that involves no factual issue. *Horsely v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). Though no general rule requires staying discovery pending the resolution of a dispositive motion, "the court must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery." *Berry v. Canaday*, No. 2:09-cv-765-FTM-29, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011); *see also Diaz v. Martin*, No. 20-cv-23889-BLOOM, 2021 WL 2255126, at *2 (S.D. Fla. Jun. 3, 2021) (stating that no specific requirement exists to stay discovery for resolution of dispositive motions). Thus, the Court must "'take a preliminary peek' at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53.

> A motion for judgment on the pleadings
>
> is a facial challenge to the legal sufficiency to the complaint, which presents a purely legal question. The standard for deciding motions for judgment on the pleadings is the same for motions to dismiss: "whether

> the count stated a claim for relief." As a result, neither the parties nor the court require discovery before ruling on a motion for judgment on the pleadings.

*Smith v. Univ. Cmty. Hosp., Inc.*, No. 8:18-cv-270-T-AAS, 2018 WL 4907910, at *1 (M.D. Fla. 2018) (citations omitted). A "preliminary peak" at the pending 12(c) motion suggests that the School Board's request is a legal question requiring no discovery. *See id*. The School Board contends that the claims in Warner's third amended complaint are barred by a settlement agreement in which Warner released the School Board from claims or causes of action relating to his son's education. Doc. 86, p. 3–5, 6–8. The School Board also argues that the claims are barred by a voluntary change in residency on Warner's part, which rendered his claims moot. Doc. 86, p. 5–6. Neither the Court nor the parties require additional discovery to resolve these issues.

In considering a motion to stay, the Court must determine "(1) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; (2) whether a stay will simplify the issues and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Freedom Sci., Inc. v. Enhanced Vision Sys., Inc.*, No. 8:11–CIV–1194–T–17–AEP, 2012 WL 9064727, at *1 (M.D. Fla. Jan. 31, 2012) (quoting *Baxa Corp. v. Forhealth Techs., Inc.*, No. 6:06-cv-0353-Orl-19JGG, 2006 WL 4756455, *1 (M.D. Fla. May 5, 2006)). Here, "a stay will not unduly prejudice or disadvantage [the p]laintiff; will likely simplify the issues and streamline or obviate the need for a trial; and will reduce or eliminate the burden of

3

litigation on the parties and on this Court." *Freedom Sci., Inc.,* 2012 WL 9064727, at *1. Thus, a stay is warranted.

A court may consider a document attached to an answer on a Rule 12(c) motion without converting the motion to one for summary judgment if "the documents are central to a claim and authenticity is undisputed." *Smith*, 2018 WL 4907910, at *1 (citing *Horsely v. Feldt*, 304 F.3d 1125, 1134–35 (11th Cir. 2002)). If the document is neither undisputed nor central to a claim, considering the document requires the Court to treat a Rule 12(c) motion "as one for summary judgment and disposed of as provided in Rule 56," and all parties shall receive a reasonable opportunity to present all material pertinent to such a motion. FED. R. CIV. P. 12(d); *Horsely v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). The School Board's 12(c) motion challenges Warner's third amended complaint with a settlement agreement that is neither central to Warner's claim nor undisputed. To consider that agreement, the Court must treat the 12(c) motion as one for summary judgment under Rule 56. *See* FED. R. CIV. P. 12(d). Therefore, the parties must receive the opportunity to provide all material pertinent to the motion. *See id*.

Accordingly, the School Board's motion to stay discovery, Doc. 96, is **GRANTED**. Discovery in this case is stayed pending resolution of the School Board's motion for judgment on the pleadings, Doc. 86. In accord with Rule 12(d), the parties must provide the Court all material pertinent to the motion for judgment on the pleadings, Doc. 86, no later than December 2, 2024.

**ORDERED** in Tampa, Florida on November 18, 2024.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge