# United States District Court
## For The Middle District of Florida
### Tampa Division

Blake Warner

v.

The School Board of Hillsborough County Florida

Case Number 8:24-cv-181-SDM-LSG

## Plaintiff's Rule 56(d) Declaration

1. My name is Blake Warner. I am over the age of 18 years and not laboring under any disabilities. I have personal knowledge of the facts and matters below.

2. On June 7, 2024, a previously entered discovery stay had been lifted. Affiant soon after resumed engaging in discovery.

3. On August 9, 2024, Defendant filed as 12(c) motion seeking judgment on the affirmative defense of release by settlement agreement.

4. On September 11, 2024, Affiant filed a motion to compel discovery after Defendant failed to adequately respond to Affiant's discovery requests, seeking to compel the production of documents related to the affirmative defense (among other things). Defendant never produced the documents sought.

1

5. On November 18, 2024, before Affiant could obtain a ruling on the motion to compel, the court stayed all discovery and ordered Affiant to produce documents that he had not yet had a full opportunity to obtain for summary judgment.

6. Affiant specifically sought documents related to Defendant's affirmative defense that the court is poised to rule on in the 12(d) converted summary judgment, and documents that Affiant believes Defendant possesses regarding internal discussions about the settlement agreement that are germane to whether that agreement was "knowingly and voluntary" made and regarding what types of claims the parties intended to release (whether there was a meeting of the minds).

7. Affiant intended to submit additional discovery requests regarding the affirmative defense once he had received adequate responses to the first request for production.

8. Affiant intended to depose the former ESE Director Suzette Sample (who signed the agreement on behalf of the school board) after he had obtained the required discovery documents to obtain evidence regarding whether the agreement was "knowingly and voluntary" made and regarding what types of claims the parties intended to release (whether there was a meeting of the minds).

9. Affiant does not know the identities of all individuals who have knowledge or evidence regarding the settlement agreement, and requires discovery to uncover their identities and seek discovery from them.

10. Affiant has not had the opportunity to obtain discovery regarding any evidence the school board may present in this converted 12(d) summary judgment motion.

11. Affiant is unable to obtain the previously mentioned evidence required to resist summary judgment as a result of the court's order contemporaneously staying discovery before it could be completed and requiring Affiant to submit all evidence for summary judgment within fifteen (15) days.

Pursuant to 28 U.S. Code § 1746 and under penalties of perjury, I declare the foregoing is true and correct.

11-19-2024

Date

/s/blake warner

Signature

Blake Warner, *pro se*

2211 S Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM

3