UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER,

    Plaintiff,

v.                                     Case No. 8:23-cv-00181-SDM-JSS

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY
FLORIDA,

    Defendant.
_____/

## JOINT STIPULATION OF FACTS AND EXHIBITS

Plaintiff Blake Warner ("Warner") and Defendant The School Board of Hillsborough County, Florida (the "School Board"), execute this joint statement of agreed-upon facts and authenticated documents, in response to the Court's Order (Doc. 103), and in lieu of Warner's Subpoena and request for the deposition of the School Board's counsel, LaKisha Kinsey-Sallis.

The parties agree the following facts contained in this joint statement are not in dispute.

The parties agree the attached exhibits are authentic.

1.    Warner and the School Board resolved claims, pending before the Division of Administrative Hearings as Case Numbers 21-0025237 and 21-002910 (the "DOAH Lawsuit"), with the execution of a Settlement Agreement

1

and Release executed in March 2022. A true and correct copy of the Settlement Agreement and Release, with agreed-upon redactions, was filed at **Doc. No. 82-1**.

2. Before Warner and the School Board executed the Settlement Agreement and Release in March 2022, Warner and the School Board exchanged multiple emails with different drafts of the proposed agreement. This includes, but is not limited to:

   a. **Exhibit 1**: The email chain ending December 10, 2021 at 2:56 p.m. including LaKisha Kinsey-Sallis and Warner, attaching a draft settlement agreement.

   b. **Exhibit 2**: The email chain ending January 28, 2022 at 12:04 p.m. including LaKisha Kinsey-Sallis and Warner with draft settlement agreement.

   c. **Exhibit 3**: The email chain ending March 15, 2022 at 4:29 p.m. including LaKisha Kinsey-Sallis and Warner, with settlement agreement signed by Warner.

   d. **Exhibit 4**: The email chain ending March 21, 2022 at 10:43 a.m. including LaKisha Kinsey-Sallis and Warner, with settlement agreement signed by both parties.

3. The parties enter into this joint statement of agreed-upon facts and authenticated documents in response to the Court's Order, and separately, to the extent the pending motions do not resolve this case, then also to avoid the time and cost associated with Warner's Subpoena and request for the deposition of the School Board's counsel, LaKisha Kinsey-Sallis. The parties agree that <u>if</u> the School Board seeks to introduce testimony from LaKisha

Kinsey-Sallis (by affidavit, declaration, or other testimony), then Warner would reserve all rights to pursue his subpoena. This would not waive any privilege or other objection the School Board may have with respect to the subpoena.

4. By executing this stipulation, Warner and the School Board admit only: (a) the facts contained herein are not in dispute, and (b) the exhibits attached hereto are authentic. The parties do not concede these facts and exhibits are admissible or relevant to the pending motions before the Court or for any other purpose.

Executed by:

*/s/ Blake Warner*
**Blake Warner, Plaintiff Pro Se**
2211 S. Village Ave.
Tampa, Florida 33612
E-Service: blake@null3d.com

*/s/ Jason L. Margolin*
**Jason L. Margolin, Esq.**
Florida Bar No. 69881
jason.margolin@akerman.com
judy.mcarthur@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
(813) 223-7333 / Fax: (813) 223-2837
***Counsel for Defendant***

78978957;2