# EXHIBIT 2

| | |
|---|---|
| **From:** | Blake Warner <blake@null3d.com> |
| **Sent:** | Friday, January 28, 2022 12:04 PM |
| **To:** | Kinsey-Sallis, LaKisha |
| **Cc:** | Boucher, Aurora |
| **Subject:** | Re: J.W. v. HCSB, DOAH Case Nos. 21-002537 and 21-002910 - Draft Settlement Agreement |
| **Attachments:** | school_board_agreement.txt |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**CAUTION:** This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Attorney Kinsey-Sallis,

Please find my attached draft proposal. There is a status deadline due today as well, I trust you will file that?

best regards,
-Blake

On Mon, Dec 13, 2021 at 7:38 PM Blake Warner <blake@null3d.com> wrote:
Hello Attorney Kinsey-Sallis,

Let me be perfectly frank, based on your correspondence, I am not agreeing to any additional clauses or terms that were not agreed upon by Suzette Sample and myself. So you can either delete all of that garbage from the draft, or we can confer on setting a new hearing date.

best regards,
-Blake

On Mon, Dec 13, 2021 at 7:31 PM Kinsey-Sallis, LaKisha <lkinsey-sallis@fisherphillips.com> wrote:

Mr. Warner:

As I've stated to you in the past, I do not engage in unnecessary back and forth via email. You may send over a redline version as requested or we can declare an impasse. As I understand it, you approached Ms. Sample regarding settlement.

I regret that you feel insulted; that's certainly not ever my intention. However, I hope you can appreciate that I've been in practice doing this for many, many years. I decline the invitation to be educated by a non-attorney.

I hope we can get back on track and focus on civilized, respectful communications that are focused on the most important person in this discussion, your son. To that end, I look forward to receiving your revised proposed agreement.

Thanks in advance for your cooperation. Have a good night.

**LaKisha M. Kinsey-Sallis**
**Partner**



Fisher & Phillips LLP
101 East Kennedy Blvd. | Suite 2350 | Tampa, FL 33602
lkinsey-sallis@fisherphillips.com | O: (813) 769-7516

vCard | Bio | Website   *On the Front Lines of Workplace Law℠*

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

**From:** Blake Warner <blake@null3d.com>
**Sent:** Monday, December 13, 2021 7:13 PM
**To:** Kinsey-Sallis, LaKisha <lkinsey-sallis@fisherphillips.com>
**Cc:** Boucher, Aurora <aboucher@fisherphillips.com>; Suzette Sample <suzette.sample@hcps.net>
**Subject:** Re: J.W. v. HCSB, DOAH Case Nos. 21-002537 and 21-002910 - Draft Settlement Agreement

**CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

This is far from my first settlement Attorney Kinsey-Sallis, there is no such thing as standard parts of a settlement agreement. There are common elements that people agree to, but none of those are present here.

If we are going to go that route, as far as redline goes, we can redline practically the entire draft you sent me. As in delete everything except for "dismiss the complaint with prejudice", " tutoring", and the "choice program", because everything else you added was not agreed upon.

Personally, I find it insulting to my intelligence that you tried to throw in a bunch of provisions into the agreement, then balked at $611 in attorney fees. You are about to spend a lot more than $611 of your clients money arguing about those fees.

Please send over a new draft outlining what I addressed above, and then we can schedule a call.

best regards,
-Blake

On Mon, Dec 13, 2021 at 7:06 PM Kinsey-Sallis, LaKisha <lkinsey-sallis@fisherphillips.com> wrote:

> Hi Mr. Warner:
>
> As a preliminary matter, I will share with you that many of the provisions are standard terms in a settlement agreement. That said, the settlement agreement was provided to you in a Word format; if you have proposed suggestions that you would like the School Board to consider, I suggest you add those in redline format and send it back to me. We can set up a time to talk over all of your concerns after that.
>
> Regarding the additional substantive terms that you are requesting that were not part of any deal like the coverage of your legal expenses, that was not a consideration discussed and will not be considered as part of this settlement.



**LaKisha M. Kinsey-Sallis**
**Partner**
Fisher & Phillips LLP
101 East Kennedy Blvd. | Suite 2350 | Tampa, FL 33602
lkinsey-sallis@fisherphillips.com | O: (813) 769-7516

vCard | Bio | Website   *On the Front Lines of Workplace Law℠*

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

**From:** Blake Warner <blake@null3d.com>
**Sent:** Saturday, December 11, 2021 5:59 PM
**To:** Kinsey-Sallis, LaKisha <lkinsey-sallis@fisherphillips.com>
**Cc:** Boucher, Aurora <aboucher@fisherphillips.com>; Suzette Sample <suzette.sample@hcps.net>
**Subject:** Re: J.W. v. HCSB, DOAH Case Nos. 21-002537 and 21-002910 - Draft Settlement Agreement

**CAUTION: This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Hello Attorney Kinsey-Sallis,

We also need to add legal costs to the settlement agreement. My total costs were a modest $611.00. Please find the attached two receipts.

I also need some more clarification on:

"The Parties jointly agree that, to the extent that this Agreement covers matters individualized and personal to J.W., the matters discussed herein shall be kept confidential."

It was my understanding that the confidentiality agreement was to cover the terms of the agreement itself, not the underlying matters of the case? Perhaps I am misinterpreting the meaning of "herein"?

best regards,
-Blake

On Fri, Dec 10, 2021 at 4:07 PM Blake Warner <blake@null3d.com> wrote:

> Hello Attorney Kinsey-Sallis,
>
> A waiver of all claims is a non-starter. While not part of the initial agreement, I am willing to waive FAPE claims prior to the execution date despite having valid claims available (I am not interested in pursuing them) with the exception of IDEA/504 retaliation claims. I am not currently aware of any facts that would support such a retaliation claim, however I am not comfortable waiving those claims when I have been provided no discovery or public records.
>
> The agreement not to sue is too broad. The language needs to be clarified so that any claims arising out of the school board closing schools in the future or implementing mask mandates in the future are not foreclosed.
>
> Severability needs to be removed or modified because if the CHOICE provision of the agreement is not enforced, then there is practically no consideration.
>
> In addition to the current public records litigation, there are currently two additional outstanding public records requests [REDACTED] however I am also not comfortable waiving any such claims in completely unrelated special education litigation.

3

Could you please provide me with a copy of the current "rules, policies, and procedures governing the CHOICE program". I was unable to find them on your website.

best regards,
-Blake

On Fri, Dec 10, 2021 at 2:56 PM Kinsey-Sallis, LaKisha <lkinsey-sallis@fisherphillips.com> wrote:

Hi Mr. Warner:

To follow up on our conversation last Friday, please find attached a draft settlement agreement for your review and consideration. Let me know if you have any questions. If none, please let me know that too so I can finalize the agreement for your signature.

[redacted]

and does not cover the public records case.

Thank you. I look forward to hearing from you.



**LaKisha M. Kinsey-Sallis**
**Partner**
Fisher & Phillips LLP
101 East Kennedy Blvd. | Suite 2350 | Tampa, FL 33602
lkinsey-sallis@fisherphillips.com | O: (813) 769-7516

vCard | Bio | Website   *On the Front Lines of Workplace Law℠*

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter "Agreement") is entered into on this
___ day of February, 2022 (hereinafter "Effective Date"), by and between Blake Warner
(hereinafter "Parent"), individually, and on behalf of his minor child, Redacted Warner
(hereinafter "J.W."), and the School Board of Hillsborough County, Florida (hereinafter "School
Board"). The Parent and the School Board shall be collectively referred to as "Parties"
hereinafter.

1. Purpose: The purpose of this Agreement is to conclusively resolve and settle any
and all claims that were brought against the School Board by Redacted Warner. This
Agreement shall also specifically cover any and all
purported claims raised in the matter of J.W. v. Hillsborough County School District, pending
before the Division of Administrative Hearings under Case Numbers 21-002537 and 21-002910
(hereinafter "Lawsuit").

2. Opportunity to Negotiate, Consider and Consult with Attorneys of Their
Choice: The terms of this Agreement are the product of negotiations between the Parties hereto,
and the Parties stipulate that the consideration given to support the obligations under this
Agreement is the full consideration agreed to, and that neither has received any other promises,
inducements, or concessions in support of the duties imposed by this Agreement.
In executing this Agreement, the Parent has not relied on any representation,
compromise, conduct or action made by any person on behalf of the School Board or the School
Board's attorneys except what is otherwise contained in this Agreement. The Parent
acknowledges that he had the opportunity to obtain the advice of legal counsel of his choice prior
to executing this Agreement and agrees that he had an opportunity to read and consider the
Agreement in its entirety. The Parties confirm that they had the opportunity to have the
Agreement explained to them by an attorney and that they are relying on their own judgment
and/or on the advice of their respective attorneys, and confirm their competence to understand
and accept the terms and conditions of the Agreement.

3. No Admission of Liability: The Parties stipulate and agree that entry into this
Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an

admission of any liability, and that The School Board expressly denies any such liability. This
Agreement represents a compromise of disputed claims raised in the Lawsuit through the execution of this Agreement.

4. Consideration: As consideration of the promises made by the Parent under this Agreement, The School Board agrees to the following:
(a)  and
(b) to guarantee J.W. a school assignment through the District Choice Options program (hereinafter "CHOICE") for middle school to Coleman Middle School (hereinafter "Coleman") and for high school to Plant High School (hereinafter "Plant").  The School Board acknowledges that the tutoring services described in Section 4 above
shall be in addition to any such special education services, if any, J.W.'s Individual Educational
Plan ("IEP") Team shall determine he requires in order to receive a free, appropriate public
education (hereinafter "FAPE").
In exchange for the compromise set forth in Section 4(a)-(b) above, the Parent agrees that
he will:
(a) execute and abide by the terms of this Agreement;
(b) timely and within the application window complete the CHOICE application and all required school registration and other CHOICE forms;
(c) within three days of signing this Agreement, dismiss with prejudice his claims pending in the Lawsuit and file the appropriate notice with the Division of the Administrative Hearings to effectuate the dismissal; and

The Parent agrees that notwithstanding the School Board's commitment to provide J.W. the CHOICE assignments identified above, all rules, policies, and procedures governing the
CHOICE program shall still apply to J.W. Furthermore, the Parent acknowledges that the
commitment to provide the CHOICE assignments referenced above does not guarantee transportation to either school site. Moreover, the Parent acknowledges and agrees that nothing
in this Agreement shall impair the ability of J.W.'s IEP Team to recommend a school assignment

other than Coleman or Plant if necessary to ensure that J.W. receives a FAPE and it shall not be a
violation of this Agreement for J.W.'s IEP to make such a recommendation.

5. Release of the School Board and District: For and in consideration of the

required acts and promises set forth in this Agreement, J.W. hereby knowingly and voluntarily releases and discharges the School Board and District from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, or in any way connected with J.W.'s education, services, and educational program in the District through the date of the execution of this Agreement that are in regards . This shall include, but not be limited to, all claims for services, supports, therapies, evaluations, tutoring, training, compensatory education or services, reimbursements, or claims for expenses, costs, fees, attorneys' fees, and all losses of any kind whatsoever, which the Parent has or might have by virtue of any fact(s), act(s) or event(s) occurring prior to the Effective Date of this Agreement. The Parent understands that this release shall also cover any claims, if any, that may belong independently to J.W. related to his educational services and program. The claims described in this paragraph shall be collectively referred to as "Released Claims" herein. The Parties jointly agree that the release in this paragraph shall not act to impair the enforceability of this Agreement or a waiver of the Parties' respective rights to take action to enforce this Agreement. The Parties further agree that this release shall not cover the Excluded Claim referenced in paragraph 1 above or any new claim that may arise by reason of an act or omission occurring after the Effective Date of this Agreement. To that end, the School Board and District acknowledge that no provision in this Agreement may be construed as relieving them of any obligation they may have under federal or state law to provide J.W. a FAPE for any time after the execution of this Agreement.

6. Agreement Not to Sue: The Parent agrees not to maintain, argue, institute, or file any of the Released Claims in any court, administrative or agency process or other legal forum whatsoever, nor shall any other court actions, agency action/process or other legal proceedings of any type be filed that are connected in any way to or by virtue of or related to any other facts, acts, or events occurring in whole or in part on or before the Effective Date of this Agreement.

7. Confidentiality: The Parties jointly agree that, to the extent that this Agreement covers matters individualized and personal to J.W., the terms of this agreement

shall be kept confidential.

However, nothing this Agreement shall prevent each side from disclosing such information set forth in or that is part of this Agreement with such persons and in such forum as may be reasonably necessary to effectuate the Agreement and to implement the same. The Parties further agree to keep confidential, and to not disclose, to any person and in any form (except as required by law, to comply with a lawfully issued subpoena, or to obtain legal or tax advice concerning any aspect of this Agreement) the terms or nature of the Parties' Agreement or settlement of the issues in dispute between them, the claims and defenses raised by the School Board to such disputes, or this Agreement. However, the Parties jointly agree that nothing in this provision is intended to conflict or violate in any way any federal and state public disclosure and/or sunshine laws or other provisions that for whatever reason may require this Agreement or the matters covered in it to be subject to public disclosure.

8. No Changes to Agreement: No modifications or amendments to any of the terms, conditions, or provisions of this Agreement may be made except by a written agreement executed by all Parties hereto.

10. Effect of Waiver: The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of any party, nor shall any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

11. Governing Law & Forum Selection: The laws of the State of Florida shall govern the validity, construction, and enforcement of this Agreement. The Parties agree that this Agreement shall be enforceable in either state or federal courts located in Hillsborough County, Florida.

12. Multiple Originals: This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic and fax signature copies shall be deemed originals although the School Board reserves the right to demand an original, ink signed Agreement from the

Parent.

13. Revocation Period: The Parties agree that this Agreement was the result of resolution discussions between them and to that end, agree and acknowledge that, pursuant to 34
C.F.R. § 300.510(e), either party may void this Agreement within three (3) business days of
signing it but that it becomes final and irrevocable after that time.