# EXHIBIT 3

| | |
|---|---|
| **From:** | Blake Warner <blake@null3d.com> |
| **Sent:** | Tuesday, March 15, 2022 4:29 PM |
| **To:** | Kinsey-Sallis, LaKisha |
| **Cc:** | Boucher, Aurora; Suzette Sample |
| **Subject:** | Re: Follow Up |
| **Attachments:** | J.W. - FINAL SETTLEMENT AGREEMENT 3.15.22.pdf |

**CAUTION:** This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Attorney Kinsey-Sallis,

Please find the attached signed agreement.

best regards,
-Blake

On Tue, Mar 15, 2022 at 2:56 PM Kinsey-Sallis, LaKisha <lkinsey-sallis@fisherphillips.com> wrote:

Hi Mr. Warner:

Thank you for your time today and for your patience. Please find attached a final draft of the settlement agreement (Word document) that incorporates the substantive changes we discussed. I also changed the word "section" to "paragraph" throughout, removed "to the following" from the first sentence of paragraph 4 and changed "2" to "two" in that same paragraph, and changed "each" to "either" in paragraph 7.

Please review the document in its entirety and let me know if its agreeable. If it is, please sign and send back the .pdf version. If you have any questions or wish to discuss further, feel free to give me a call at my desk.

Thanks again.

Best regards,



### LaKisha M. Kinsey-Sallis
Partner

Fisher & Phillips LLP
101 East Kennedy Blvd. | Suite 2350 | Tampa, FL 33602
lkinsey-sallis@fisherphillips.com | O: (813) 769-7516

vCard | Bio | Website   *On the Front Lines of Workplace Law℠*

*This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

**From:** Blake Warner <blake@null3d.com>
**Sent:** Tuesday, March 15, 2022 1:46 PM

1

**To:** Kinsey-Sallis, LaKisha <lkinsey-sallis@fisherphillips.com>
**Subject:** Re: Follow Up

> **CAUTION:** This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.

I am free all day today, just call me whenever. 212-542-0155

On Tue, Mar 15, 2022 at 1:42 PM Kinsey-Sallis, LaKisha <lkinsey-sallis@fisherphillips.com> wrote:

> Hi Mr. Warner:
>
> I have a few questions about your changes so I can finalize the agreement for your signature. When are you available to discuss? I am generally available for the rest of the afternoon until about 4:30pm.
>
> Thanks.
>
> **LaKisha M. Kinsey-Sallis**
> **Partner**
> Fisher & Phillips LLP
> 101 East Kennedy Blvd. | Suite 2350 | Tampa, FL 33602
> lkinsey-sallis@fisherphillips.com | O: (813) 769-7516
>
> vCard | Bio | Website    *On the Front Lines of Workplace Law℠*
>
> *This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error, then immediately delete this message.*

**From:** Blake Warner <blake@null3d.com>
**Sent:** Monday, March 14, 2022 11:43 AM
**To:** Kinsey-Sallis, LaKisha <lkinsey-sallis@fisherphillips.com>
**Subject:** Follow Up

> **CAUTION:** This email originated from outside of the Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hello Attorney Kinsey-Sallis,

I am following up with you, as I have not heard back since our last correspondence regarding the feedback from the proposed settlement.

best regards,
-Blake

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter "Agreement") is entered into on this 15th day of March, 2021 (hereinafter "Effective Date"), by and between Blake Warner (hereinafter "Parent"), individually, and on behalf of his minor child, [Redacted] Warner (hereinafter "J.W."), and the School Board of Hillsborough County, Florida (hereinafter "School Board").  The Parent and the School Board shall be collectively referred to as "Parties" hereinafter.

**1.     Purpose:**  The purpose of this Agreement is to conclusively resolve and settle any and all claims pertaining specifically to the education of J.W.  This Agreement shall also specifically cover any and all purported claim raised in the matter of *J.W. v. Hillsborough County School District*, pending before the Division of Administrative Hearings under Case Numbers 21-002537 and 21-002910 (hereinafter "Lawsuit").

**2.     Opportunity to Negotiate, Consider and Consult with Attorneys of Their Choice:**  The terms of this Agreement are the product of negotiations between the Parties hereto, and the Parties stipulate that the consideration given to support the obligations under this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed by this Agreement.

In executing this Agreement, the Parent has not relied on any representation, compromise, conduct or action made by any person on behalf of the School Board or the School Board's attorneys except what is otherwise contained in this Agreement.  The Parent acknowledges that he had the opportunity to obtain the advice of legal counsel of his choice prior to executing this Agreement and agrees that he had an opportunity to read and consider the Agreement in its entirety.  The Parties confirm that they had the opportunity to have the Agreement explained to them by an attorney and that they are relying on their own judgment and/or on the advice of their respective attorneys, and confirm their competence to understand and accept the terms and conditions of the Agreement.

**3.     No Admission of Liability:**  The Parties stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability, and that The School Board expressly denies any such liability.  This Agreement represents a compromise of disputed claims raised in the Lawsuit related to J.W.'s educational services and program within the Hillsborough County School District (hereinafter "District").

**4.     Consideration:**  As consideration of the promises made by the Parent under this Agreement, The School Board agrees:

(a)  and

  (b)  to guarantee J.W. a school assignment through the District Choice Options program (hereinafter "CHOICE") for middle school to Coleman Middle School (hereinafter "Coleman") and for high school to Plant High School (hereinafter "Plant") provided that the Parent completes the CHOICE application as set forth below.

███████████████████████████████████████████████████████████ J.W.'s Individual Educational Plan ("IEP") Team shall determine he requires in order to receive a free, appropriate public education (hereinafter "FAPE").

In exchange for the compromise set forth in paragraph 4(a)-(b) above, the Parent agrees that he will:

  (a)  execute and abide by the terms of this Agreement;

  (b)  timely and within the application window complete the CHOICE application and all required school registration and other CHOICE forms in accordance with all CHOICE rules, policies, and procedures prior to J.W. enrolling at Coleman and again prior to J.W. enrolling at Plant;

  (c)  within three days of signing this Agreement, dismiss with prejudice his claims pending in the Lawsuit and file the appropriate notice with the Division of the Administrative Hearings to effectuate the dismissal; and

  (d)  release claims the Parent purports to have against the School Board and District as set forth in paragraph 5 below.

The Parent agrees that notwithstanding the School Board's commitment to provide J.W. the CHOICE assignments identified above, all rules, policies, and procedures governing the CHOICE program shall still apply to J.W. Furthermore, the Parent acknowledges that the commitment to provide the CHOICE assignments referenced above does not guarantee transportation to either school site. Moreover, the Parent acknowledges and agrees that nothing in this Agreement shall impair the ability of J.W.'s IEP Team to recommend a school assignment other than Coleman or Plant if necessary to ensure that J.W. receives a FAPE and it shall not be a violation of this Agreement for J.W.'s IEP Team to make such a recommendation.

  **5.**  **Release of the School Board and District:** For and in consideration of the required acts and promises set forth in this Agreement, the Parent hereby knowingly and voluntarily releases and discharges the School Board and District from any and all claims, demands, causes of action, complaints or charges, known or unknown specifically related J.W.'s education, services, and educational program in the District through the date of the execution of this Agreement. This shall include, but not be limited to, all claims for services, supports, therapies, evaluations, tutoring, training, compensatory education or services, reimbursements, or claims for expenses, costs, fees, attorneys' fees, and all losses of any kind whatsoever related specifically to J.W.'s education, which the Parent has or might have by virtue of any fact(s), act(s) or event(s) occurring prior to the Effective Date of this Agreement. The Parent understands that

this release shall also cover any claims, if any, that may belong independently to J.W. related to his educational services and program.  The claims described in this paragraph shall be collectively referred to as "Released Claims" herein.  The Parties jointly agree that the release in this paragraph shall not act to impair the enforceability of this Agreement or a waiver of the Parties' respective rights to take action to enforce this Agreement.  The Parties further agree that this release shall not cover any claim that is not regarding J.W.'s education or any new claim that may arise by reason of an act or omission occurring after the Effective Date of this Agreement.  To that end, the School Board and District acknowledge that no provision in this Agreement may be construed as relieving them of any obligation they may have under federal or state law to provide J.W. a FAPE for any time after the execution of this Agreement.

6. **Agreement Not to Sue:**  The Parent agrees not to maintain, argue, institute, or file any of the Released Claims in any court, administrative or agency process or other legal forum whatsoever, nor shall any other court actions, agency action/process or other legal proceedings of any type be filed that are connected in any way to or by virtue of or related to any other facts, acts, or events occurring in whole or in part on or before the Effective Date of this Agreement.

7. **Confidentiality:**  The Parties jointly agree that, to the extent that this Agreement covers matters individualized and personal to J.W., the matters discussed herein shall be kept confidential.  However, nothing this Agreement shall prevent either side from disclosing such information set forth in or that is part of this Agreement with such persons and in such forum as may be reasonably necessary to effectuate the Agreement and to implement the same.  However, the Parties jointly agree that nothing in this provision is intended to conflict or violate in any way any federal and state public disclosure and/or sunshine laws or other provisions that for whatever reason may require this Agreement or the matters covered in it to be subject to public disclosure.

8. **No Changes to Agreement:**  No modifications or amendments to any of the terms, conditions, or provisions of this Agreement may be made except by a written agreement executed by all Parties hereto.

9. **Severability:**  If any provision(s) (not including paragraph 4 above) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law.  In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof.  In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

10. **Effect of Waiver:**  The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of any party, nor shall any waiver operate or be construed as a rescission of this Agreement.  No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

   **11.** **Governing Law & Forum Selection:**  The laws of the State of Florida shall govern the validity, construction, and enforcement of this Agreement.  The Parties agree that this Agreement shall be enforceable in either state or federal courts located in Hillsborough County, Florida.

   **12.** **Multiple Originals:**  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.  Electronic and fax signature copies shall be deemed originals although the School Board reserves the right to demand an original, ink signed Agreement from the Parent.

   **13.** **Revocation Period**:  The Parties agree that this Agreement was the result of resolution discussions between them and to that end, agree and acknowledge that, pursuant to 34 C.F.R. § 300.510(e), either party may void this Agreement within three (3) business days of signing it but that it becomes final and irrevocable after that time.

   **SIGNED AND AGREED TO BY:**

DATE: March __15__, 2021  Signature: _____*BW*_____
               Blake Warner, Parent, individually and on behalf
               of J.W., minor child

DATE: March _____, 2021  Signature: _____

            Title: _____
               School District Representative on behalf of The
               School Board of Hillsborough County, Florida