# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner

v.

The School Board of
Hillsborough County Florida

Case Number  8:24-cv-181-SDM-LSG

# Verified Motion to Stay Summary Judgment

Plaintiff moves under Rule 56(d) to postpone summary judgment until he has had an opportunity to conduct discovery required to oppose summary judgment, and for an opportunity to be heard by adopting a different briefing schedule that is consistent with Rule 56 and Plaintiff's due process rights.  The current briefing schedule does not give either party an opportunity to cite evidence in the record, dispute cited evidence, to show that there are material facts in dispute, or present *any* argument in the context of summary judgment in a response or reply.

This is especially egregious to deny Mr.  Warner the opportunity for discovery to oppose the settlement agreement when it is the school board's burden to prove that the agreement is valid and enforceable.

1

## Rule 56(d)

Mr. Warner requires discovery to obtain extrinsic evidence not in his possession as to what the parties understood the types of claims the parties intended to release in the written agreement that the board has produced. Specifically, Mr. Warner seeks internal school board communications regarding the settlement agreement, and a deposition of a then-school board executive who brokered and signed the agreement on behalf of the board which will show that the parties only intended to release special education claims related specifically to J.W., and *not* the claims at issue in this lawsuit.

The two arguments that invoke Rule 56(d) are a) whether the waiver of civil rights was knowingly and voluntary, and b) whether there was a "meeting of the minds" to form an enforceable contract.

As a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery[1].

Under these circumstances, it is an abuse of discretion to deny Mr. Warner (as the non-moving party) an opportunity to conduct discovery before ruling on summary judgment. *see Todashev v. United States*, No. 19-10245, at *15 (11th Cir. June 19, 2020) ("We hold that the district court abused its discretion by denying the Plaintiff any opportunity to conduct discovery in this case before being made to respond to McFarlane's motion for summary judgment.").

## Meeting of the Minds

A contract is not enforceable unless " 'there has actually been a meeting of the minds of the parties upon definite terms and conditions which include the essential elements of a valid contract.' " Leopold v. Kimball Hill Homes Fla., Inc., 842 So.2d 133, 136 (Fla. 2d DCA 2003) (quoting Mehler v. Huston, 57 So. 2d 836, 837 (Fla. 1952)). O'Steen v. Wells Fargo Bank, N.A., Case No: 6:17-cv-849-Orl-

---

[1] *see* Alabama Farm Bureau Mut. Casualty Co. v. American Fidelity Life Ins. Co.,606 F.2d 602 (5th Cir. 1979), cert. denied, 449 U.S. 820, 101 S.Ct. 77, 66 L.Ed.2d 22 (1980).; Reflectone, Inc. v. Farrand Optical Co., Inc., 862 F.2d 841, 843 (11th Cir. 1989)

31KRS, at *6 (M.D. Fla. Sep. 25, 2017).

Whether there was a meeting of the minds both requires discovery, and is an issue for the finder of fact unsuitable for summary judgment:

> "In discovery, the parties may explore multiple avenues for proving whether there was a meeting of the minds here, including the previous course of dealing between the parties, the representatives' subjective intention in sending those WhatsApp messages, and/or industry custom and practice. See *Strout v. Sch. Bd. of Broward Cty.*, No. 15-61257-CIV, 2016 WL 4804075, at *8 (S.D. Fla. Feb. 1, 2016) (explaining that the issue of contract formation 'is typically a question for the factfinder'); see also *Softball Country Club-Atlanta v. Decatur Fed. Sav. & Loan Ass'n*, 121 F.3d 649, 652–53 (11th Cir. 1997) (upholding jury verdicts and noting conflicting evidence on 'key issues' underlying contract formation and whether there was a meeting of the minds)." quoting *Fertilizantes Tocantins S.A. v. Tgo Agric. (USA) Inc.*, 599 F. Supp. 3d 1193, 1205 (M.D. Fla. 2022)

### 1. Knowingly and Voluntary

Waiver of civil rights claims are closely scrutinized. *Morey v. McDonald*, CASE NO.: 8:16-cv-3232-T-23AEP, at *6 (M.D. Fla. June 29, 2017) ("The waiver of a Title VII claim is closely scrutinized, and in determining whether a waiver is "knowingly" and "voluntarily" signed, the "totality of the circumstances" are examined. *Puentes v. United Parcel Service, Inc.*, 86 F.3d 196, 198 (11th Cir. 1996).").

Additionally, waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences. *see Strickland. Brady v. United States*, 397 U.S. 742, 748 (1970); *United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009).

As stated previously, the school board has extrinsic evidence regarding the awareness and relevant circumstances regarding the release. Specifically what was said to him, and what they understood the release to encompass. This evidence exists in internal school board documents and in the minds of school board employees that can only be obtained through depositions and document requests.

3

>This evidence is critical to establishing whether the release was "knowingly and voluntary" and whether there was a "meeting of the minds", and Mr. Warner cannot oppose summary judgment without it.

# I  DUE PROCESS

Mr. Warner has not been given notice and an opportunity to be heard on argument regarding summary judgment, as his response to the board's 12(c) motion was framed in the context of a Rule 12 motion (not Rule 56) and based primarily on the pleadings. Specifically, Mr. Warner has been denied a plethora of procedural rights guaranteed by Rule 56 including the right to an opportunity to present undisputed facts, cite to evidence, respond to a summary judgment motion, dispute any proffered facts, and the 21-day time frame to respond.

While the court did give Mr. Warner two weeks to submit all evidence (without the benefit of discovery), the court did not give Mr. Warner *any* opportunity to oppose summary judgment as required by Rule 56(f). At the time of the court's order converting the 12(c) motion to summary judgment, briefing was already complete and no opportunity has been given to present all argument relevant to summary judgment that Mr. Warner is entitled to. *see Marine Coatings of Alabama*, Inc. v. U.S., 792 F.2d 1565, 1568 (11th Cir. 1986) ("The cases from this circuit are clear that before a motion to dismiss may be converted to one for summary judgment the court must first communicate its intention to the parties to so treat the motion and then allow the parties ten days to submit any relevant evidence and argument in support or opposition to the merits. *see Milburn v. United States*, 734 F.2d 762, 766 (11th Cir. 1984)."); *Jones v. Auto. Ins. Co. of Hartford, Conn.*, 917 F.2d 1528, 1532 (11th Cir. 1990).

Failure to give an opportunity to present summary judgment argument deprives Mr. Warner of constitutionally required notice. *see Toland v. Phx. Ins. Co.*, No. 20-10999, at *13 (11th Cir. Mar. 30, 2021) ("We noted that Artistic had sufficient notice that the district court might rule on the supplemental claims for purposes of Rule 56

because the court had ordered the parties to submit motions related to a new claim, the merits of the claim were fully briefed, and evidence was accepted and considered simultaneously with a motion to amend the complaint. Id.")

To the extent that the court is forgoing the mechanical application of Rule 56 briefing for the perceived benefit of the pro se Plaintiff to avoid technical complexities and pitfalls of summary judgment, this is unnecessary as Mr. Warner knows how to properly respond to summary judgment.

## Conclusion

Mr. Warner respectfully requests that the court enter an order staying the ruling on defendants converted summary judgment motion until after Mr. Warner has had a full opportunity to conduct discovery, and to enter an appropriate summary judgment briefing schedule order.

## Local Rule 3.01(g) Certification

I certify that I have conferred with the opposing party, and they have indicated that they are opposed to staying summary judgment until after discovery, but are unopposed to the request for additional briefing on summary judgment.

## Declaration

Pursuant to 28 U.S. Code § 1746 and under penalties of perjury, I declare the foregoing is true and correct.

12-2-2024

Date

/s/blake warner

Signature

Blake Warner, *pro se*

2211 S Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM