# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner

v.

The School Board of
Hillsborough County Florida

Case Number 8:24-cv-181-SDM-LSG

# Declaration of Blake Warner

1. My name is Blake Warner. I am over the age of 18 years and not laboring under any disabilities. I have personal knowledge of the facts and matters below.

2. High school is the highest level of education Affiant has achieved.

3. On August 2021, Affiant filed an I.D.E.A. Due Process complaint on behalf of his minor child J.W. in the Florida Division of Administration Hearings ("DOAH").

4. On or about November 2021, Affiant had a phone call with Hillsborough County Public School's Assistant Director, Compliance and Staffing Suzette Sample. During this phone call, Director Sample and Affiant reached an agreement to settle *only* the pending Due Process complaint on behalf of J.W., in exchange for specific concessions for J.W. such as guaranteed admission of J.W. to certain schools.

1

5. On or about December 3, 2021, Affiant had a phone call with attorney LaKisha Kinsey-Sallis who represented the school board in the due process complaint pending before DOAH. During that phone call, Affiant and LaKisha Kinsey-Sallis reiterated what that understood the agreement made between Suzette Sample and Affiant to be the release of the pending I.D.E.A. claims in exchange for concessions given to J.W.

6. On or about December 10, 2021, LaKisha Kinsey-Sallis sent Affiant an email that included a broad release, that Affiant refused to agree to because that was not what Suzette Sample and Affiant had agreed to.

7. On or about March 15, 2022, LaKisha Kinsey-Sallis called Affiant to discuss the changes to the proposed agreement, and they agreed to release special education related claims related specifically to J.W. on or before the date of the settlement execution.  And that LaKisha Kinsey-Sallis would submit a new draft for Affiant's approval.  LaKisha Kinsey-Sallis assured Affiant that the release language only covered special education claims related specifically to J.W., and that Affiant was only included because he possessed certain I.D.E.A. related rights as a parent that needed to be released to fully end the litigation.

8. As a result, Affiant believed that the only claims being released were special education claims specifically regarding J.W. through the date of execution of the agreement.

Pursuant to 28 U.S. Code § 1746 and under penalties of perjury, I declare the foregoing is true and correct.

12-2-2024

Date

Signature

Blake Warner, *pro se*

2211 S Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM

3