UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER,

    Plaintiff,

v.                                                                    Case No. 8:23-cv-00181-SDM-JSS

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY
FLORIDA,

    Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant, the School Board of Hillsborough County, Florida (the "School Board") responds in opposition to Plaintiff Blake Warner ("Warner")'s Objections (the "Objections") (Doc. 117) to the Magistrate Judge's Report and Recommendation (the "R&R") (Doc. 112), and states:

**INTRODUCTION AND BACKGROUND**

The R&R correctly explains Warner's March 15, 2022 Settlement Agreement prevents Warner from pursuing the two claims in his Third Amended Complaint because "he released or otherwise promised not to assert such claims." R&R, p.1. The R&R contains a detailed analysis under the summary judgment standard, considers the record evidence and the absence

of any dispute of material fact, and follows exhaustive briefing by the parties and multiple iterations of Warner's claims.

In his Objections, Warner attempts to salvage his claims by raising a host of issues. None undermine the reasoning and conclusions in the R&R.

**STRUCTURE OF WARNER'S OBJECTION AND THIS RESPONSE**

As a preliminary note, the formatting of Warner's Objection appears to violate Local Rule 1.08(a) (at least as to spacing) and this Court's order permitting Warner up to twenty-five pages (not the forty he requested) for his Objections. Doc. 116. For efficiency, and to comply with Local Rule 3.01(b) (permitting a ten-page response), the School Board will follow the order of the R&R and group Warner's similar arguments together.

**THE COURT SHOULD GRANT SUMMARY JUDGMENT**

In recommending an order granting summary judgment in favor of the School Board, the well-reasoned R&R speaks for itself.

**A.    The R&R Correctly Recommends a Decision under Rule 56.**

The R&R correctly converts the issues presented from a Rule 12(c) motion to one under Rule 56, as it permits the Court to resolve the dispute based on all the issues presented. *See* R&R, pp. 6-10. Although the School Board contended the Settlement Agreement attached to its Answer was sufficiently central to the claims, such that it could have been considered under the Rule 12(c) standard, Warner contended "the proper vehicle to address this

is a motion for summary judgment." *See* Doc. 87, p.3; *see also*, F.R.C.P. 12(d) (permitting consideration on summary judgment standard when "matters outside the pleadings are presented to and not excluded by the court"); F.R.C.P. 1 (requiring the Court to employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding.")

The R&R correctly denied Warner's subsequent request to stay consideration of the issue on summary judgment, because the Court afforded Warner the opportunity – which Warner used – to file additional information. Now, Warner contends he did not have an adequate opportunity to present his case. *See* Objections, pp. 22-25. But the record reflects adequate opportunity.

Beyond the current iteration of the pleadings (Doc. 79 and Doc. 82) and the complete briefing of the School Board's motion for judgment on the pleadings (Doc. 86, and Doc. 87), the Court also had: (i) Warner's motion to strike the School Board's third amended defense (Doc. 85), the School Board's response (Doc. 91), and Warner's reply (Doc. 97), (ii) Warner's motion to compel discovery (Doc. 93), the School Board's response (Doc. 98), (iii) the School Board's motion to stay discovery (Doc. 96), Warner's response (Doc. 99), (iv) Warner's motion to stay summary judgment (Doc. 106), the School Board's response (Doc. 109), (v) Warner's Declaration (Doc. 104), (vi) the parties' Joint

3

Stipulation of Facts and Exhibits (Doc. 105)[1], (vii) an additional affidavit and documents by Warner (Doc. 107), and (viii) Warner's notice of supplemental authority (Doc. 110). In short, Warner had ample opportunity – and seized the opportunity – to file the additional materials and make all applicable arguments. Warner has <u>not</u> demonstrated a basis for any other discovery.

Warner's arguments under the party presentation rule also fail for two reasons. First, all the issues addressed in the R&R can all be found in the pleadings and briefing cited above. Second, Courts can raise matters *sua sponte*. *See, e.g.*, *Day v. McDonough*, 547 U.S. 198, 201–02 (2006) (noting federal court had authority on its own initiative to dismiss a habeas petition as untimely, where the state did not catch the timing error in the petition and the court instead caught it on its own). While courts are <u>not</u> <u>required</u> to consider arguments the parties fail to raise, the Court may still do so.

**B.     The Settlement Agreement Bars Warner's Claims.**

The R&R correctly determines the Settlement Agreement is enforceable, unambiguous, and bars Warner's Third Amended Complaint. *See* R&R, pp. 10-26. The Settlement Agreement contains a clear release of any and all claims related to J.W's education, services, and education program in the District

---

[1] The parties' Joint Stipulation was filed in response to both the Court's Order (Doc. 103) granting a stay of discovery, but permitting the parties leave to file additional documents, and also, to resolve Warner's request to subpoena (Doc. 83) an attorney for the School Board to authenticate the documents Warner sought to file. (Doc. 105) (noting it was "in lieu of Warner's Subpoena and request for the deposition …").

4

80022632;5

through the date of execution [March 15, 2022]." *See* Doc. 82-1, ¶ 5. The Settlement Agreement also contains a separate, clear agreement by Warner not to sue the School Board on the basis of anything "connected in any way to or by virtue of or related to any other facts, acts, or events occurring in whole or in part on or before the Effective Date of this Agreement." *See id.*, ¶ 6. The School Board explained both provisions barred Warner's two claims because both claims were related to education programs and there were no allegations of actions by the School Board, affecting Warner, after the date of the release. *See* Doc. 91, p.6. Warner's Objections provide no basis to challenge the ruling.

### i. The release is unambiguous.

Warner challenges the interpretation of the Settlement Agreement and argues it is ambiguous. *See* Objections at Sections I.1-2, 4-5. Warner also seeks to introduce further extrinsic evidence. *Id.* at Sections I.6-8, II.1-2, 4.

First, Warner argues "the School Board's adoption of new school assignment boundaries in 2023" involves an act occurring after the date of the Settlement Agreement. *See* Objections at pp. 2-3. Warner ignores the fact the home to which he voluntarily moved after the Settlement Agreement's execution did <u>not</u> experience any affects from the 2023 map update. Doc. 86, at 6; *see also* Doc. 112, at 14–1 (addressing this exact argument).

Second, Warner argues the Settlement Agreement has a purported ambiguity. But where a contract (including a settlement agreement) has plain

5

language, the analysis starts and ends there; Florida courts do not fish for ambiguities where none exist, nor do they allow parties to manufacture them. *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1290 (11th Cir. 2004); *Steffen v. Grey, Harris & Robinson, P.A.*, 283 F. Supp. 2d 1272, 1284 (M.D. Fla. 2003); *see also* Doc. 109, at 3–4 (explaining the rules in Florida, including the rule under which a latent ambiguity can only exist where a contract <u>fails</u> to address a specific point).

Warner begins in Sections I.2.A and I.2.B by arguing the Court improperly relied on allegations in his own complaint, suggesting they were irrelevant and accidental. This argument is meritless—the Court properly relied on Warner's own Third Amended Complaint. *See, e.g.*, *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (noting a plaintiff cannot attempt to amend a complaint "through argument in a brief opposing summary judgment"); *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 718–19 (11th Cir. 2011) (noting judicial admissions in a complaint have "the highest possible probative value").

In Section I.2.C, Warner argues "future school assignments" cannot fall under the Settlement Agreement, but he misconstrues the fact the challenged maps *existed at the time of the Settlement Agreement*. Doc. 112, at 14–15, 16. Warner cannot bring any action "connected in any way to or by virtue of or related to any other facts, acts, or events occurring in whole or in part before

6

[March 15, 2022]." *Id.* at 18. This same reasoning dooms Warner's similar change on the map claim in Section 2.D.

In Sections I.2.E-F, Warner argues the R&R would prevent any challenge to the maps ever. This argument grossly misconstrues the R&R and fails for the same reasons discussed above.

### ii.  The Settlement Agreement is enforceable.

In his Objections, Warner argues the Settlement Agreement is not enforceable due to civil rights claims, lack of knowledge/voluntariness, presumptions against waiver, coercion/duress, a lack of consideration, IDEA Exhaustion and public policy. *See* Objections at Sections I.3, 9-11, 12, 15-16.

First, there is no prospective waiver of any claims. Warner released claims that existed (whether he knew about them or not) as of March 15, 2022.

Second, there was no evidence the release was not knowing and voluntary. Notably, in paragraph 2, the Settlement Agreement explicitly states, "[i]n executing this [Settlement] Agreement, the Parent [Warner] has not relied on any representation, compromise, conduct or action made by any person on behalf of the School Board of the School Board's attorneys except what is otherwise contained in this [Settlement] Agreement."

Third, there was no evidence of coercion or deception. There is no genuine dispute of material fact that Warner had months to consider the Settlement Agreement, along with the opportunity to seek the advice of counsel

7

if he supposedly did not understand it (along with three days following execution during which he could void it). And the R&R explicitly applies the "additional factors" Warner wishes it to address, finding Warner's execution of the Settlement Agreement under those factors was knowing and voluntary.

Warner signed the Settlement Agreement after months of deliberation and ability to consider its terms. Doc. 112, at 21–22. And as noted above, Warner acknowledged he did not rely on any representations by the School Board or its attorneys when executing the document. Doc. 108.

Fourth, the R&R correctly interprets the Settlement Agreement using the applicable rules of contract interpretation. Warner fails to explain how any "presumption against waivers" would change the interpretation of the plain language of the contract.

Fifth, there was consideration. The settlement of a claim of any type can be valid consideration—"consideration 'need not be money or anything having monetary value, but may consist of either a benefit to the promisor or a detriment to the promisee.'" *Fla. Power Corp. v. Pub. Serv. Comm'n*, 487 So. 2d 1061, 1063 (Fla. 1986) (quoting *Dorman v. Publix-Saenger-Sparks Theaters*, 184 So. 886, 889 (Fla. 1938)); *accord Real Estate World Fla. Commercial, Inc. v. Piemat, Inc.*, 920 So. 2d 704, 706 (Fla. 4th DCA 2006). Here, Warner plainly received direct consideration—he signed both in his own capacity and in the capacity of his child's father, and in any event, he certainly had an interest as

8

a parent in seeing his child receive the school assignment for which they bargained in 2022. Doc. 112, at 18; *cf.* Fla. Stat. § 1014.02 (noting generally the interest parents have in raising their children). Warner received a desired school assignment for his child, and *both* parties got to resolve a potentially time-consuming and expensive dispute and avoid any arguments the other party might have raised. *See* Doc. 112, at 19–20 (rebutting Warner's consideration argument).

Sixth, Warner misinterprets Individuals with Disabilities Education Act (IDEA)'s exhaustion requirement by arguing the School Board had to pursue an administrative remedy before it could respond to Warner's Third Amended Complaint. Warner also suggests it was not possible to challenge school assignments in his prior action against the School Board involving the IDEA. This is incorrect. *See* 20 U.S.C. § 1415(i) (providing individuals the ability to bring lawsuits under IDEA). Also, this argument is irrelevant; the point is that there was a dispute, the parties entered into the Settlement Agreement; and the Settlement Agreement's plain terms released <u>all</u> claims existing as of March 15, 2022. Doc. 112, at 18.

Seventh, public policy favors the enforcement of contracts, including settlement agreements. In making his public policy argument, Warner mostly reasserts his attack on the waiver. Warner also suggests any settlement agreement parties enter into in the context of a dispute over a child's education

9

is presumptively unenforceable. Nothing about this argument is persuasive, nor do any of the cases Warner cites suggest the Settlement Agreement here would be unenforceable.

### C. Warner Lacks Standing to Sue.

First, contrary to Warner's assertions, standing is a jurisdictional matter, and Courts frequently raise jurisdictional matters *sua sponte*. *See, e.g.*, *McNeil v. Bridgecrest Acceptance Corp.*, No. 6:23-cv-01796, 2024 WL 889095, at *1 (M.D. Fla. Jan. 24, 2024) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999) (noting that as courts of "limited jurisdiction," federal courts <u>must</u> inquire into subject matter jurisdiction *sua sponte*). And standing was raised by the School Board. (Doc. 82, p.37).

Second, Warner's efforts to attack the R&R about standing ignore the lengthy and well-reasoned opinion of the Court explaining why Warner needed to show a direct impact to himself. Doc. 112, at 17. The Court applied that reasoning specifically in the context of his voting/gerrymandering claim, so his efforts to distinguish *Gill* are unpersuasive.

Accordingly, the Court should adopt the R&R and reject Warner's Objections.

10

Respectfully submitted,

*/s/ Jason L. Margolin*

**JASON L. MARGOLIN**
Florida Bar No. 69881
jason.margolin@akerman.com
judy.mcarthur@akerman.com
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
(813) 223-7333 / Fax: (813) 223-2837
*Counsel for Defendant*

11