UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE ANDREW WARNER,

    Plaintiff,

v.                                      CASE NO. 8:23-cv-181-SDM-LSG

SCHOOL BOARD OF
HILLSBOROUGH
COUNTY, FLORIDA,

    Defendant.
_____/

**ORDER**

Appearing *pro se* and alleging that the School Board of Hillsborough County, Florida, used "racial gerrymandering" to draw the boundaries for each school district and each school-board-seat voting district, Andrew Warner sues (Doc. 79) the school board.  The complaint asserts under 42 U.S.C. § 1983 two claims against the school board for violation of the Fourteenth Amendment's Equal Protection Clause.  The school board moves (Doc. 86) for judgment on the pleadings, and Warner responds (Doc. 87) in opposition.  In a thorough report (Doc. 112), Magistrate Judge Lindsay Griffin recommends converting the school board's motion (Doc. 86) into a motion for summary judgment and recommends granting summary judgment for the school board.  Warner objects (Doc. 117) to converting the school board's motion into a motion for summary judgment and objects to granting summary judgment for the school board.  Also, Warner moves (Doc. 106) to stay summary judgment.

A careful, *de novo* review of the report reveals no error. The school board argues that a 2022 settlement agreement between the school board and Warner bars each of Warner's claims. The report finds (Doc. 112 at 7) that because "the settlement agreement is not central to the third amended complaint" and "because the agreement is not a necessary part of Warner's stating a claim," consideration of the settlement agreement requires conversion of the school board's motion into a motion for summary judgment. Warner objects to the conversion of the motion and argues (Doc. 117 at 23–26) that Warner did not have sufficient time and opportunity to respond to a motion for summary judgment.

On November 18, 2024, the magistrate judge announced (Doc. 103 at 4–5) the conversion of the school board's motion to a motion for summary judgment and directed the parties, "[i]n accord with Rule 12(d)," Federal Rules of Civil Procedure, to "provide the Court all material pertinent to the motion" within fourteen days after the order. During the fourteen days, Warner submitted a declaration (Doc. 104), submitted documents (Doc. 107) supporting the motion to stay summary judgment, and the parties submitted a notice (Doc. 105) of stipulated facts.

If a motion is converted under Rule 12(d) to a motion for summary judgment, a court must "give the parties 10 days in which to supplement the record." *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002). The order (Doc. 103) announcing the conversion of the motion gives each party fourteen days to supplement the record. Further, an order (Doc. 114) enlarges from fourteen to twenty-eight days the time within which Warner might object to the report and recommendation,

- 2 -

and an order (Doc. 116) enlarges from ten pages to twenty-five pages the page limit for Warner's objection. The ability to object to the report affords Warner "an opportunity to present full briefing and argument in response to the converted motion." A *de novo* review reveals that conversion to summary judgment of the school board's motion for judgment on the pleadings was proper. Also, Warner had a reasonable opportunity to supplement the record and to submit argument in opposition to the school board's motion for summary judgment.

Warner argues that the report violates the "party presentation rule" because the report considers (1) whether the settlement agreement's "agreement-not-to-sue" provision (Doc. 111 ¶ 6) applies to Warner's claim or (2) whether Warner has standing to assert Warner's claim in Count II — issues the school board's motion fails to argue. Rule 56(f), Federal Rules of Civil Procedure, states that "[a]fter giving notice and a reasonable time to respond, the court may . . . grant the motion [for summary judgment] on grounds not raised by a party . . . ." Because the report merely recommends granting summary judgment, the report, and the twenty-eight days afforded to Warner within which to object, satisfies Rule 56(f)'s required notice and reasonable time. *Singleton v. Glock, Inc.*, 2024 WL 5275045, at *7 (N.D. Ga. Dec. 18, 2024). The report did not err by considering the "agreement not to sue" or considering whether Warner lacks standing.

Similarly, Warner contends that by failing to specifically plead (Doc. 82) the "agreement not to sue" (Doc. 111 ¶ 6) as an affirmative defense, the school board waived the "agreement not to sue" as a defense. Warner's argument is unpersuasive.

The answer's third affirmative defense (Doc. 82 at 33–35) states that Warner's "claims are barred by release, discharge, and waiver. [Warner] previously executed a Settlement Agreement with the School Board." The motion (Doc. 86) attaches the entire settlement agreement, and the school board argues that "Warner's lawsuit is barred by the parties' prior settlement agreement." A review reveals no error because the school board preserved each defense based on the terms of the settlement agreement.

Warner contends that because the settlement agreement is ambiguous, additional discovery is required. Specifically, Warner argues (Doc. 117 at 9) that the settlement agreement's "language is ambiguous because it does not clearly define what constitutes a claim 'specifically related to J.W.'s education.'" The report finds (Doc. 112 at 11–18) that "the language of the settlement agreement is clear and unambiguous." Judge Griffin concludes:

> [T]he language, context, and circumstances of the [settlement] agreement demonstrate the parties' intent to resolve all disputes over J.W.'s school assignment through J.W.'s graduation from high school. Although Warner moved to north Tampa after the settlement and J.W. received a new school assignment, this is not a "new claim." Rather, this is a continuation of his previous dispute with the School Board. Warner's school assignment claim relates specifically to the dispute that Warner resolved and falls squarely within the claims that he agreed to release in March 2022.

(Doc. 112 at 16)  A *de novo* review of the report reveals no error in Judge Griffin's determination that the settlement agreement is unambiguous and that Warner's claims are covered by the language of the release in the agreement. No further discovery is required.

Warner argues that even if the settlement agreement's release is unambiguous, Warner's waiver of his Section 1983 claims was neither "knowing" nor "voluntary." Warner asserts (Doc. 117 at 6) that "civil rights claims cannot be prospectively waived." However, a party may contract to relinquish a prospective Section 1983 claim. *Town of Newton v. Rumery*, 480 U.S. 386, 392 (1987). The report finds the following:

> [T]he release here occurred after several months of negotiation between Warner and an attorney for the School Board. . . . Warner then signed the [settlement] agreement, which acknowledged that he had an opportunity to read and to consider the agreement, as well as to consult with an attorney. The [settlement] agreement, and particularly the release provision, is clear and unambiguous . . . . Thus, Warner's argument that he did not "knowingly, voluntarily, and intelligently" release [Warner's] civil rights claims fails.

(Doc. 112 at 22) A *de novo* review reveals no error in Judge Griffin's determination that Warner knowingly and voluntarily waived Warner's Section 1983 claims.

Warner contends (Doc. 117 at 16) that the settlement agreement is unenforceable because Warner received insufficient consideration in the agreement. Judge Griffin finds (Doc. 112 at 20) that "Warner signed the agreement in both his personal capacity and on behalf of J.W., and Warner promised to release the School Board in exchange for the benefits promised to J.W. . . . This is valid consideration and binds Warner, both individually and as the parent of J.W." No error appears in the report's determination that Warner received valid consideration in the settlement agreement and that the settlement agreement is enforceable.

A review of the remaining portions of the report reveals no error and reveals that no genuine issue of material fact exists.  For these reasons and others stated by the magistrate judge, the report and recommendation (Doc. 112) is **ADOPTED**.  The motion (Doc. 106) to stay summary judgment is **DENIED**.  The school board's (converted) motion for summary judgment (Doc. 86) is **GRANTED**.  The motions (Docs. 85, 93) are **DENIED AS MOOT**.  The clerk must enter judgment for the school board and against Warner.  The clerk must close the case.

ORDERED in Tampa, Florida, on March 24, 2025.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE