UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE WARNER,

    Plaintiff,

v.    Case No. 8:23-cv-00181-SDM-JSS

THE SCHOOL BOARD OF
HILLSBOROUGH COUNTY
FLORIDA,

    Defendant.

_____/

## DEFENDANT'S MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES AND COSTS

Defendant, the School Board of Hillsborough County, Florida (the "School Board") by and through undersigned counsel, requests the Court enter an Order granting the School Board's entitlement to reasonable attorney's fees and costs, pursuant to Local Rule 7.01, Section 42 U.S.C. § 1988(b), and Section 42 U.S.C. § 3613(c)(2), and states:

### INTRODUCTION AND BACKGROUND

Plaintiff initiated this action against the School Board, seeking relief under various theories including under 42 U.S.C. § 1983 and the Fair Housing Act, 42 U.S.C. § 3601. Since Plaintiff filed his initial Complaint, over two years ago, on January 26, 2023, Plaintiff's theories for relief evolved, bifurcated into

80677348;2

a second case, and were then consolidated back into this action. No matter the form of Plaintiff's pleading, the School Board has consistently maintained all claims: (i) were barred by the settlement agreement entered into by the parties on March 15, 2022 (the "Settlement Agreement") to resolve prior litigation; and (ii) failed to state claims.

After addressing Plaintiff's claim-splitting and consolidation issues (Doc. 37), the Court dismissed the majority of Plaintiff's claims with prejudice at the motion to dismiss stage. *See* Doc. 78 (the Order), *see also* Doc. 72 (the Report and Recommendation). Ultimately, the Court agreed Plaintiff's remaining claims were barred by the Settlement Agreement as detailed in the Court's Report and Recommendation, as well as the Order granting the School Board's converted motion for summary judgment. *See* Doc. 112; Doc. 120. On March 25, 2025, the Court entered judgment for the School Board and against the Plaintiff while noting that "any motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court for the Middle District of Florida." *See* Doc. 121.

Plaintiff's claims permit an award of attorney's fees and costs to the prevailing party. Independently, the rules permit an award of costs to the prevailing party. Following the Order dismissing all of Plaintiff's claims and

entering judgment in favor of the School Board, there can be no dispute the School Board is the prevailing party here.

## LOCAL RULE 7.01

Local Rule 7.01 establishes the manner in which a party must request the Court enter an order for attorney's fees and costs. Specifically, Rule 7.01(a) states "a party claiming a post-judgment attorney's fee and related non-taxable expenses must obtain an order determining entitlement before providing a supplemental motion on amount." Therefore, "within fourteen days after entry of judgment, the party claiming fees and expenses must request a determination of entitlement in a motion." *See* Local Rule 7.01(b). The party moving for entitlement to attorney's fees and costs must ensure that the motion "(1) specifies the judgment and the statute, rule, or other ground entitling the movant to the award, (2) states the amount sought or provides a fair estimate of the amount sought, and (3) includes a memorandum of law." *See* Local Rule 7.01(b).

Accordingly, the School Board brings this Motion in compliance with Local Rule 7.01 by filing it within 14 days of the Court's entry of judgment on March 25, 2025. *See* Doc. 121.

## MULTIPLE STATUTES ENTITLE MOVANT TO THE AWARD

The School Board is entitled to an award of its reasonable attorney's fees as part of the costs, for prevailing in this action involving civil rights claims.

3

*See* 42 U.S.C. § 1988(b) (permitting the prevailing party to recover its reasonable attorney's fees in an action to enforce certain statutes, including, but not limited to, § 1983 claims). The School Board is also entitled to an award of its reasonable attorney's fees as part of the costs, for prevailing in this action involving claims under the Fair Housing Act and Civil Rights Act. *See* 42 U.S.C. § 3613(c)(2) (permitting the prevailing party, other than the United States, an award of its reasonable attorney's fee and costs in a civil action alleging discriminatory housing practices).

Independently, Federal Rules of Civil Procedure Rule 54 permits an award of costs to the prevailing party. *See* Fed. R. Civ. P. 54(d)(1)("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.").

The School Board requested an award of its attorney's fees and costs pursuant to these statutes in its Answer. *See* Doc. 82, p.38 (citing to 42 U.S.C. § 1988(b) and 42 U.S.C. § 3613(c)(2)). Notably, Plaintiff recognized attorney's fees and costs were available to the prevailing party in this action, and Plaintiff had requested fees and costs in each iteration of his complaint. *See* Doc. 1, p.19; Doc. 38, pp. 51-52; Doc. 79, pp. 40-41.

## THE SCHOOL BOARD SEEKS AN ORDER AWARDING ENTITLEMENT TO ITS REASONABLE ATTORNEY'S FEES AND COSTS

In defense of Plaintiff's claims in this litigation, the School Board retained Akerman LLP and is obligated to pay attorney's fees and costs. To date, the School Board has incurred at least **$183,661.50** in attorney's fees and **$574.40** in costs. These amounts include attorney's fees and costs for the above-captioned case, defense of Case No. 8:23-cv-01029 (subsequently consolidated into this case) (*see* Doc. 37), and the successful defense of Plaintiff's prior appeal to the United States Court of Appeals for the Eleventh Circuit (*see* Doc. 77). While the School Board anticipates additional fees and costs for unbilled time, and more fees and costs in opposition to Plaintiff's pending petition to the United States Supreme Court and Plaintiff's potential appeal of the judgment, the amounts above are a "fair estimate of the amount sought" for the work to date. *See* Local Rule 7.01(b)(2).

## MEMORANDUM OF LAW

The School Board is entitled to attorney's fees under Section 42 U.S.C. § 1988(b) and Section 42 U.S.C. § 3613(c)(2). The School Board's entitlement to fees under these two provisions arises from the specific claims asserted by Plaintiff.

First, Plaintiff's most recent pleading, his Third Amended Verified Complaint, asserted only two claims, both under 42 U.S.C § 1983. *See* Doc. 79,

5

pp. 38-39. Section 42 U.S.C. § 1988 authorizes attorney's fees and costs to the prevailing party for Section 1983 claims.

Second, Plaintiff initially attempted to assert claims under the 42 U.S.C. § 3601 *et seq.* (the "Fair Housing Act") and 42 U.S.C. § 2000d[1], in addition to his Section 1983 claims. *See* Doc. 1, pp. 1 and 18; Doc. 38, pp. 43-46. The Fair Housing Act contains a fee-shifting provision allowing for the recovery of attorney's fees and costs. *See* 42 U.S.C. § 3613(c)(2). "Section 3613(c)(2) of the FHA allows a district court, in its discretion, to award the prevailing party a reasonable attorney's fee and costs." *Mercier v. Turnberry Isle S. Condo. Ass'n, Inc.*, No. 21-CV-23311, 2022 WL 17156716 at *2 (S.D. Fla. Nov. 4, 2022), *report and recommendation adopted*, No. 21-23311-CIV, 2022 WL 17155998 (S.D. Fla. Nov. 22, 2022).

When analyzing a motion for attorney's fees and costs, the Middle District of Florida adopts the same standard for claims under Section 42 U.S.C. § 1988(b) and claims under the Fair Housing Act. *See River Cross Land Co., LLC v. Seminole Cnty.*, No. 6:18-CV-1646-ACC-LHP, 2022 WL 20622334 at *5 (M.D. Fla. Mar. 29, 2022) ("All federal Circuits who directly considered the

---

[1] Section 42 U.S.C. 1988(b) provides the same entitlement to attorney's fees with respect to actions under 42 U.S.C. § 2000d as it does for § 1983. *See Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305, 1310 (M.D. Fla. 2002) ("Section 1988(b) permits a court to award attorney's fees to the 'prevailing party' for actions brought 'to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964 [42 U.S.C. § 2000d *et seq.*] ....'") (bracketed language added in *Jerelds*) (internal citation omitted).

6

issue have applied the *Christiansburg* standard to § 3613(c)(2) of the FHA in analyzing an award to prevailing defendants, *i.e.*, granting fees only if the plaintiff's case was 'frivolous, unreasonable, **or** groundless, **or** ... the plaintiff continued to litigate after it clearly became so.'") (emphasis added) (internal citation omitted); *see also Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978) ("In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though **not** brought in subjective bad faith.") (emphasis added); *Ruszala v. Walt Disney World Co.*, 132 F. Supp. 2d 1347, 1350 (M.D. Fla. 2000) (emphasis added).

In *River Cross*, the Court added it has awarded "attorney's fees to prevailing defendants where no evidence supported the plaintiff's position or when the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at a significant point in the proceedings after which the plaintiff continues to litigate." *Id.* at *6.

"Typical 'frivolity' cases include those where summary judgment is decided in favor of the defendant ... where the plaintiffs do not introduce any evidence in support of their claims." *Sapp v. Marcum*, No. 6:21-CV-1515-PGB-DCI, 2023 WL 11803204, at *2 (M.D. Fla. Sept. 26, 2023), *report and recommendation adopted*, No. 6:21-CV-1515-PGB-DCI, 2023 WL 11803206

7

(M.D. Fla. Nov. 7, 2023) (noting defendants were the prevailing party under the statute because the Court granted summary judgment in favor of the defendants). Additionally, Florida federal law provides that "where a plaintiff continues to litigate even after the claim was clearly groundless, frivolous, or unreasonable, an award of fees may be proper." *Id*.

Because the Court has adopted a similar standard as 42 U.S.C. § 1988 for the analysis of attorney's fees and costs under 42 U.S.C. § 3613(c)(2), the argument for the School Board's entitlement to attorney's fees and costs is substantially the same. The School Board clearly meets the definition of a prevailing party under 42 U.S.C. § 1988 because, most recently, the Court granted summary judgment in favor of the School Board, while also entering judgment in favor of the School Board and against Plaintiff on all claims. *See* Doc. 121. Also, the Court previously granted the School Board's motion to dismiss most of the prior pleading with prejudice, recognizing Plaintiff failed to state a cause of action. *See* Doc. 78, p.3 (dismissing Counts I, II, V, VI, VIII, and IX of the Second Amended Verified Complaint with prejudice).

Even if not brough in "subjective bad faith," this action included claims that were "frivolous," "unreasonable," or "without foundation" because the Settlement Agreement previously entered into by the parties which barred all of these claims. Plaintiff knowingly signed the Settlement Agreement, which included language barring Plaintiff from ever bringing claims of this nature

8

80677348;2

against the School Board. *See River Cross Land Co., LLC*, , 2022 WL 20622334, at *6 (recognizing fees to prevailing defendants may be awarded when defects plague the case from inception). Thus, here, the claims were moot and fatally defective from the outset of the litigation, yet Plaintiff continued to litigate even after the School Board raised the Settlement Agreement as a defense to this entire action. *See* Doc. 41, pp. 13-14 (explaining Plaintiff's prior settlement agreement was fatal to his claims and request for injunctive relief).

The "frivolous," "unreasonable," or "without foundation" nature of Plaintiff's claims is also demonstrated by the dismissal with prejudice of most of Plaintiff's claims at the pleading states. Notably, with respect to the prior pleading (the Second Amended Verified Complaint), the Court concluded "Plaintiff has failed to state a claim on Counts I, II, III, IV, V, VI, VIII, and XI." *See* Doc. 72, p.12 (recognizing Plaintiff agreed to dismiss Count V in response to the School Board's motion to dismiss); Doc. 78, p.3 (dismissing Counts I, II, V, VI, VIII, and IX with prejudice, and dismissing Counts III and IV without prejudice). Moreover, with respect to the Fair Housing Act claims, the Court recognized there was no basis to suggest the School Board could be a proper target of these types of claims. *See id.*, p. 15 ("Give the absence of authority to affect the availability of housing, Defendant's actions do not fall within the scope of § 3604(a) of the Fair Housing Act.").

9

This is not a case where Plaintiff brought evidence in opposition to the School Board's converted motion for summary judgment as to his alleged claims, but instead, Plaintiff's claims were dismissed at the pleading stage through a motion to dismiss or a motion for judgment on the pleadings, converted into a motion for summary judgment. Rather than present evidence in support of his claims (or even state claims for the vast majority of his causes of action), Plaintiff focused on arguing that the School Board interpreted the Settlement Agreement wrongly or that it should not be enforceable.

Despite the School Board raising the Settlement Agreement as a complete defense to this action, Warner continued to litigate the case and tried to circumvent and attack the Settlement Agreement with every theory he could imagine, which demonstrates he continued to litigate even after it was clear the action was groundless. *See River Cross Land Co., LLC*, 2022 WL 20622334 at *5. Therefore, the School Board is entitled to an award of attorney's fees and costs incurred in this matter under 42 U.S.C. § 1988 and 42 U.S.C. § 3613(c)(2) because: the School Board is the prevailing party in this case, and because Plaintiff brought frivolous, unreasonable, or claims without any foundation, which were all barred by the Settlement Agreement, and Plaintiff failed to show any evidence in opposition to the School Board's converted motion for summary judgment.

Independently, the School Board is entitled to an award of costs to the prevailing party, regardless of the type of claim filed. *See* 28 U.S.C. § 1920; Fed. R. Civ. P. 54.

## CONCLUSION

Wherefore, Defendant, the School Board of Hillsborough County, Florida, respectfully requests that the Court grant the Motion for Entitlement to Attorney's Fees and Costs, and allow the School Board to file a supplemental motion regarding the amount of fees and costs pursuant to Local Rule 7.01(c).

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned has conferred with Plaintiff by email and also by phone on April 4, 2025, in a good faith effort to resolve the issues raised in this Motion, and Plaintiff confirmed that Plaintiff opposes entitlement to attorney's fees and costs.

Dated: April 7, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　*/s/ Jason L. Margolin*
　　　　　　　　　　　　　　　　　**JASON L. MARGOLIN**
　　　　　　　　　　　　　　　　　Florida Bar No. 69881
　　　　　　　　　　　　　　　　　jason.margolin@akerman.com
　　　　　　　　　　　　　　　　　judy.mcarthur@akerman.com
　　　　　　　　　　　　　　　　　**AKERMAN LLP**
　　　　　　　　　　　　　　　　　401 E. Jackson Street, Suite 1700
　　　　　　　　　　　　　　　　　Tampa, Florida 33602
　　　　　　　　　　　　　　　　　(813) 223-7333 / Fax: (813) 223-2837
　　　　　　　　　　　　　　　　　*Counsel for Defendant*

11

80677348;2