UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLAKE ANDREW WARNER,

    Plaintiff,

v.                                              CASE NO. 8:23-cv-181-SDM-LSG

SCHOOL BOARD OF
HILLSBOROUGH
COUNTY, FLORIDA,

    Defendant.
_____/

**ORDER**

    Alleging racial gerrymandering in local school district boundaries, asserting a violation of the Equal Protection Clause, and appearing *pro se*, Blake Warner sued the School Board of Hillsborough County, Florida.  After three amendments to the complaint, the school board answered (Doc. 82).  Arguing that an earlier "settlement agreement" from a collateral action barred this action, the school board moved (Doc. 86) for judgment on the pleadings.  The motion was referred to Magistrate Judge Lindsay Griffin for a report and recommendation.  After careful consideration, notice to the parties, and additional briefing, Judge Griffin recommended (Doc. 112) converting the motion into a motion for summary judgment and recommended granting judgment for the school board.  Judge Griffin found that each claim in the third amended complaint was barred either by the collateral "settlement agreement" or because Warner lacked standing to assert an equal protection claim for

gerrymandering a district within which Warner did not reside. Warner appeals (Doc. 126). The school board moves (Doc. 123) for entitlement to an attorney's fee.

Under Section 1988, "[a] court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." If a defendant "is the prevailing party on a civil rights claim . . . district courts may award [an] attorney's fee[] if the plaintiff's 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so.'" *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422–23 (2016) (quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422 (1978)). "In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981)). District courts consider four factors "when assessing frivolity: (1) 'whether the plaintiff established a prima facie case'; (2) 'whether the defendant offered to settle'; (3) 'whether the trial court dismissed the case prior to trial'; and (4) 'whether there was enough support for the claim to warrant close attention by the court.'" *McDonough v. City of Homestead, Fla.*, 2024 WL 4579663, at *2 (11th Cir. Oct. 25, 2024) (quoting *Sullivan*, 773 F.2d at 1189 and *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1302 (11th Cir. 2021)).

Although the school board is the "prevailing party," a review of this action reveals that Warner's claims were not frivolous. Warner's forty-two-page third

amended complaint (Doc. 79) is supported by data allegedly showing discriminatory school-district boundaries and by fourteen attachments. An order (Doc. 78 at 3) denies the school board's motion to dismiss Warner's equal protection claim. An earlier order (Doc. 120) order grants summary judgment on the collateral "settlement agreement," which bars this action, but the order does not determine the merits of Warner's equal protection claim for racial gerrymandering. No discovery occurred on Warner's gerrymandering claim.

Judge Griffin's twenty-seven-page report carefully considers each of Warner's arguments that the collateral "settlement agreement" does not bar this action. A review of the report reveals that Warner's claims and arguments "warranted close attention."

Warner's action against the school board was not "groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). Because Warner appeared *pro se* from the beginning of this action and asserted at least one claim that was not frivolous, awarding an attorney's fee to the school board "would be unjust." *Brown v. City of Dunwoody*, 90 F. Supp. 3d 1345, 1350 (N.D. Ga. 2015). The motion for an attorney's fee (Doc. 123) is **DENIED**.

ORDERED in Tampa, Florida, on July 1, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE